credibility and disputed issues of motive. In re Unisys Savings Plan Litigation, 74 F.3d 420 (3d Cir. 1996) (court must resolve any ambiguities and draw all inferences against the moving party); Cargill, Inc. v.. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991)(court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor); Adickes v.. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v.. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); Union Pacific Corp. v.. United States, 5 F.3d 523, 525 (Fed. Cir. 1993). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996). In this case, as to all of the evidence, in particular the evidence relating to LoRusso's failed attempts to bid or bump into the newly created risk/purchasing and other positions and the denial to Evangelista of health insurance, there must also be no controversy as to the *inferences* which may be drawn therefrom. "If reasonable minds could differ as to the import of the evidence and if there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988).

Evidence abounds from which not only an inference, but an inescapable conclusion, can be drawn that the Mayor is responsible, and hence liable, for the extraordinary series of rejections that Lorusso faced as she approached the start of the new fiscal year, rejections which bore all the

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

hallmarks of concerted black-balling that bordered on the comical. Any suggestion that DeLucca or Legg would not act consistent with the Mayor's edicts and malicious intent is not merely implausible but defies the realities of the workplace. It is also inconsistent with Legg's and DeLucca's private disclosures to Lorusso.

Given all of the above evidence especially when viewed against the backdrop of the Mayor's direct threats and incriminating statements, rational jurors may infer that plaintiffs' allegations "are more probably true than not true" - the standard instruction to jurors in their determination of the burden of proof by a preponderance of the evidence. Indeed, any innocent explanation Mayor Borer advances for the post-budget shell game played with the plaintiffs would not, in the words of many trial lawyers, "pass the giggle test".

**C.    The Defendant is Not Immune in Any Capacity in Connection With His Budget Proposals Since, as They Related to Plaintiffs, They Were Not Crafted to Effect Long Term Policy Goals But to Affect Individual Employees.**

The defendant's heavy reliance on Bogan v. Scott-Harris is unavailing for several reasons. First, Bogan involved a city budget proposal for a wholesale reduction in the work force including the freezing of all municipal employees salaries and the elimination of 135 jobs. In holding the defendants immune, the United States Supreme Court made a distinction between such acts, which "bore all the hallmarks of traditional legislation," and the treatment of a particular employee which does not have prospective implications that reach well beyond the particular occupant of the office.

37

Id. at 54. The Bogan holding did not dictate a bright line for courts but reaffirmed the factual nature of the inquiry based on the nature of the act. In the wake of the Bogan holding, courts have still denied legislative immunity in employment cases, even where the deprivation occurs during an ostensibly legislative process, if the action is targeted at particular individuals with little implication beyond that. See e.g. Canary v. Osborn, 211 F. 3d 324 (6th Cir. 2000) (Legislative immunity denied to board members who terminated employee for alleged budgetary reasons since, "stripped of all considerations of intent and motive" the board's action nevertheless suggests that it was making personalized assessments of individual employees and not engaging in an impersonal budgetary analysis of various positions); Harhay v. Town of Ellington, 323 F. 3d 206 (2nd Cir. 2003) (Board members not entitled to legislative immunity because their acts were part of process by which the employment situation regarding a particular individual was resolved); Katzenmoyer v. City of Reading, 158 F. Supp. 2d 491 (E.D. Pa. 2001)(No immunity for action which reflected a personnel decision rather than general legislative policy-making); Hanania v. Loren-Maltese, 2004 U.S. Dist. LEXIS 4154 (E.D. Ill.) (No immunity for board in removal of plaintiff as town collector, especially where she was replaced with another employee, since such was administrative and not legislative in character.); In Re: Montgomery County, 215 F. 3d 367 (3d Cir. 2000) (Municipal salary board's claim of immunity in connection with termination of employee rejected as made in misplaced reliance on Bogan since the act constituted a personnel decision that did not reach beyond the particular occupant of the position).

In <u>Brennan v. Straub</u>, 246 F. Supp. 2d 360 (S.D.N.Y. 2003), legislative immunity was denied to city officials who collaborated to abolish plaintiff's position by proposing "legislation" to the city council which was approved. Defendants merely refashioned the position, gave it a new title and awarded it to a political crony. The court opined that the case differed from the "heartland of legislative immunity cases" and defendants' conduct was deemed administrative in character. <u>See also</u> <u>Cellco Partnership v. Hess</u>, 1999 U.S. Dis. LEXIS 3745 (E.D. Pa.) (Council members not immune under <u>Bogan</u> where the acts complained of were administrative and committed <u>after</u> the date an ordinance was passed); <u>Massaro v. Allingtown Fire District</u>, 2002 U.S. Dist. LEXIS 27342 (D. Conn.) (Board commissioners not entitled to immunity if their action singles out specifiable individuals and affects them differently from others as such is administrative and not legislative conduct). As she has been throughout the recitation of evidence, Carol Silverstein is the silver bullet in plaintiffs' opposition to summary judgment. The Mayor did not really seek to eliminate the Risk Manager position. With a specific aim of harming Lorusso, he merely manipulated titles and duties and replaced Lorusso with a favored political supporter. Likewise, his proposal to reduce appropriations for the Registrars' Office targeted Evangelista and no one else for individualized treatment and injury.

## IV.   **CONCLUSION**

Based on the above authority, the record does not support a grant of absolute immunity to Mayor Borer with respect to his budget submission to the city council as the evidence clearly supports

if not compels a finding that he sought not to enact policies which reached beyond the plaintiffs but to affect them *qua* individuals.

In addition, the Mayor's alleged acts which post-date the May 2, 2002 city council vote on the budget cannot by any stretch of reason be characterized as legislative. This case presents a tale of a local Mayor who attempted boldly to shake down city employees for campaign support and donations and extirpate those who stood firm in the face of his venal approach to re-election. He did it in callous disregard for their rights and the harm he inflicted on them directly, or, as in the case of Margaret Schenkle, on their children. He should not be granted immunity and his motion should accordingly be denied.

>                THE PLAINTIFFS,
>                SANDRA LORUSSO and
>                DEBORAH EVANGELISTA
>
>
>                BY: _____
>                KAREN LEE TORRE
>                Fed. Bar No. ct01707
>                Law Offices of Karen Lee Torre
>                51 Elm Street, Suite 307
>                New Haven, Connecticut 06510
>                Tel. (203) 865-5541
>                Fax: (203) 865-4844
>
>                Their Attorney

40