UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SANDRA LORUSSO and | * | CIVIL ACTION NO. |
| DEBORAH EVANGELISTA | * | 3:00 CV00504 (MRK) |
| PLAINTIFFS | * | |
| | * | |
| VS. | * | |
| H. RICHARD BORER, JR. | * | SEPTEMBER 21, 2004 |
| | * | |
| | * | |
| | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
RE MATERIALS SUBMITTED IN CONNECTION WITH PLAINTIFFS' OBJECTION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

## I.   BACKGROUND.

This action was brought by Plaintiffs, Sandra Lorusso (hereinafter, "Lorusso") and Deborah Evangelista (hereinafter, "Evangelista")(hereinafter, Lorusso and Evangelista, collectively, the "Plaintiffs"), against defendant, H. Richard Borer, Jr. (hereinafter, the "Defendant" and/or "Mayor"), in his individual capacity. At all times relevant to the Complaint, the Defendant was and is the mayor of West Haven. Lorusso was a full-time employee of the City of West Haven until she elected to retire effective July 1, 2002, after being notified that her position was being eliminated from the Fiscal Year 2002-2003 budget. Evangelista was a full-time employee of the City of West Haven until appropriations for her position were reduced in that same budget process. Since that time, Evangelista has worked part-time for the City of West Haven.

Plaintiffs filed their one count Complaint alleging violations of their First Amendment rights

and seeking damages therefor pursuant to 42 U.S.C. §1983.  Defendant filed a Motion for Summary

Judgment as to the entire Complaint dated June 1, 2004, including the necessary Local Rule 9(c)(1)

Statement and other documentary support.  Thereafter, on July 22, 2004, Plaintiffs filed an

Opposition to Defendant's Motion for Summary Judgment, together with a document purporting to

be a Local Rule 9(c)(2) Statement, affidavits from Plaintiffs, and 35 other Exhibits.  Defendant

seeks to strike certain of Plaintiffs' submissions for non-compliance with Federal and/or Local

Rules.  In particular, these submissions: (1) are not made by a competent person with personal

knowledge; (2) contain hearsay; (3) contain legal conclusions rather than facts; (4) are irrelevant to

material issues; (5) do not support the propositions they are cited for; (5) are not referenced to

anywhere in connection with Plaintiffs' legal argument; or (6) one or more of the above.


## II.    STANDARD.

A motion to strike asks the court to remove "from any pleading any insufficient defense or

any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  A Rule 12(f)

motion to strike is not strictly proper in this instance, for the materials sought to be stricken are not

"pleadings" as set forth in Rule 7(a).  While written exhibits to pleadings are made a part thereof

pursuant to Fed.R.Civ.P. 10(c), no such vehicle for incorporating exhibits into briefs exists.

Nevertheless, it is necessary to determine what material may be considered by the Court in ruling on

Defendant's Motion for Summary Judgment, and a motion to strike has been employed to call the

Courts' attention to questions about the admissibility of proffered material in similar circumstances.

> A motion to strike is the correct vehicle to challenge materials submitted in
> connection with a summary judgment motion.  The moving party must be specific in
> regards to what it is seeking to have stricken and must set forth reasons why the
> materials should not be considered by the court.

Newport Electronics, Inc. v. Newport Corporation, 157 F.Supp.2d 202, 208 (D.Conn.2001).

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

"A party can make a motion to strike affidavits if they contain inadmissible hearsay or are not made on the basis of personal knowledge."Sellers v. MC. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988). See also, Pokorne v. Gary, 281 F.Supp.2d 416, 418 (D.Conn.2003); McMillan v. Experian, 170 F.Supp.2d 278, 281 (D.Conn.2001); Hollander v. American Syanamid Co., 999 F.Supp. 252, 255-256 (D.Conn.1986); Monroe v. Board of Education of Town of Wolcott, 65 F.R.D. 641, 647 (D.Conn.1975)(motion to strike considered proper method to challenge propriety of affidavits). "A motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements. A motion to strike can also be used to challenge documentary evidence which has not been properly authenticated." Newport, *supra* at 207. See also, Pokorne, *supra* at 418 (motion to strike can also be used to challenge documentary evidence that has not been properly authenticated). Accordingly, a motion to strike is an appropriate method to challenge materials submitted by Plaintiffs in connection with their Opposition to Defendants' Motion for Summary Judgment.

**III.    LAW.**

     *A.    Plaintiffs' Local Rule 9(c)(2) Statement Dated July 22, 2004 Does Not Comply With Local Rules 9(c)(2) And 9(c)(3), And As Such Must be Stricken And May Not Be Considered When Ruling on Defendant's Motion For Summary Judgment.*

Plaintiffs' Local Rule 9(c)(2) Statement does not comply with Local Rules 9(c)(2) and 9(c)(3) and as such, the denials contained therein do not create genuine issues of material fact. Pursuant to Local Rule 9(c)(2), when opposing a motion for summary judgment, that party is required to either admit or deny the corresponding facts alleged in the movant's Local 9(c)(1) Statement and identify the material facts they believe are still in issue. Local Rule 9(c)(3) requires that each statement of material fact by a movant or opponent <u>must</u> be followed by a citation to either

3

(1) the affidavit of a competent witness; or (2) evidence that would be admissible at trial.  While the

Plaintiffs have admitted or denied all of the paragraphs contained in Defendants' Local 9(c)(1)

Statement, Plaintiffs have failed to include any of the citations required by Local Rule 9(c)(3) or any

material facts and support thereof which they believe are in issue.  Plaintiffs' list of issues of

material fact state legal conclusions "supported by" irrelevant facts or statements which contain no

reference to admissible evidentiary support.

> Local Rule 9(c)(1) imposes on the moving party the requirement of annexing to the
> motion for summary judgment a "separate, short and concise statement of material
> facts which are not in dispute."  Local Rule 9(c)(2) places a parallel burden upon the
> resisting party to include a "separate, short and concise statement of material facts as
> to which it is contended that there exists a genuine issue of to be tried."  Local Rule
> 9(c)(1) provides that the facts set forth by the moving party in accordance with that
> Rule shall be deemed admitted unless controverted by the opposing party in
> accordance with Rule 9(c)(2).  Local Rule 9(c)(3) makes clear that these
> requirements are in addition to those of Fed.R.Civ.P. 56.

Nucifora v. Bridgeport Board of Education, 188 F.Supp.2d 197, 200 (D.Conn.2001)(granting
summary judgment for failure to file Rule 9(c)(2) Statement that complied with Rule).

> The purpose of a Rule 9(c)(2) Statement is to make affirmative statements which will aid
> and inform the court.  Quite naturally, the complete failure to comply with the requirements
> of such a rule would be grounds for summary judgment in and of itself. *See Dusaneko v.
> Maloney,* 756 F.2d 82, 84 (2d Cir.1984).

Id.

> In *Scianna v. McGuire*, 1996 WL 684400 (D.Conn. March 21, 1996)(granting summary
> judgment), Judge Nevas held that a "purported" Rule 9(c)(2) statement, consisting of a series
> of five questions only, was insufficient to comply with the court's rules concerning the
> appropriate way to oppose a motion for summary judgment. "[This is] sufficient reason
> alone to accept the defendant's list of material facts as undisputed." Id. at *2. . . . The
> submission of legal argument and conclusions of law, rather than a "separate, short and
> concise statement of material facts," and the failure to admit or deny the statements set forth
> by the moving party do not serve the purpose of Local Rule 9.  The court, accordingly, holds
> that the legal argument and conclusions of law set forth in Plaintiffs' Rule 9(c)(2) Statement,
> coupled with the Plaintiffs' failure to admit or deny the factual assertions by the Defendant,
> is a "statement" which is not in compliance with the Local Rules and is the equivalent of no
> filing at all.  Accordingly, all facts set forth in Defendant's complying Rule 9(c)(1)
> Statement will be deemed admitted by Plaintiffs for the purposes of the decision on this
> Motion.

4

<u>Mr. A. v. Weiss</u>, 121 F.Supp.2d 718, 721 (D.Conn.2000).

For the reasons stated herein, Plaintiffs' Local Rule 9(c)(2) Statement does not comply with Rules 9(c)(2) and 9(c)(3).  Plaintiffs' Local Rule 9(c)(2) Statement is deficient in that it does not set forth material facts, nor does it state, reference or append the basis for any and all of the facts or statements recited.  Plaintiffs' Local Rule 9(c)(2) Statement does not make affirmative statements which will aid and inform the court, and as such, does not serve Rule 9(c)(2)'s purpose.  Even in the limited instances where the Plaintiffs' deny one of Defendants' factual allegations, they cite no admissible evidentiary support for same.

Specifically, Paragraph 5 of Plaintiffs' Local Rule 9(C)2 Statement, admits the Defendant's corresponding statement of fact, then qualifies this admission and cites to Paragraph 11 of Pl. Exhibit 9 for support.  Pl. Exhibit 9 is Evangelista's self-serving Affidavit which fails to set forth that she is competent to testify and/or how she has personal knowledge of any of the "facts" stated therein (Rules 601 and 602).  Paragraph 11 of Pl. Exhibit 9 contains hearsay as to the City Council and no basis for personal knowledge of same (Rules 801 and 602).  Whether characterized as a reduction in appropriations or resulting reduction in hours, Defendants have not created a genuine issue of material fact.

Paragraph 10 states that it is admitted in part, and then qualifies this admission with information which does not indicate which part of Paragraph 10 they deny.  Paragraphs 13 and 14 state that they are admitted in part but do not cite any evidentiary support for their response.  Paragraph 16 is similar to Paragraph 5, in that Plaintiffs qualify their admission, but do not create a genuine issue of material fact with respect to this qualification.

At Paragraph 27, Plaintiffs admit that they do not assert a claim of wrongdoing by the City Council.  The Plaintiffs deny, however, that there is no evidence of any wrongdoing by the City

5

Council.  In support of same, Plaintiffs submit Pl. Exhibits 11 and 3.  Pl. Exhibit 11 is an unauthenticated document which purports to be authored by a non-party and is hearsay (Rules 901 and 801).  Pl. Exhibit 3 is the deposition of Richard Legg, Finance Director for the City of West Haven (hereinafter, "Legg").  Page 66 of Pl. Exhibit 3 does not stand for the proposition it is cited for (Rule 901).  Further, it contains hearsay and there contains no basis for his personal knowledge as to what effect the Mayor may have on City Council members (Rules 801 and 602).

Paragraph 28 is denied, however, Plaintiffs have failed to point to any paragraph of their Complaint in which they allege that either the Mayor or the City Council deviated from the budget process as established by the Charter.  Plaintiffs rely primarily on Pl. Exhibit 37 which is an unauthenticated document (Rule 901) which does not support Plaintiffs' claim of "irregularity,"[1] and the Affidavits of the Plaintiffs, Pl. Exhibits 8 and 9, which as shown below contain inadmissible information.

Plaintiffs' Material Facts in Dispute Paragraphs 1 through 5 set forth conclusory opinions as to legal determinations and contain *no* citations to any documentary support.  Paragraph 6 raises an issue of credibility.  In support thereof, Plaintiffs cite to Pl. Exhibit 8 at Paragraph 13, Lorusso's Affidavit and Pl. Exhibits 35 and 37.  Pl. Exhibits 35 and 37 are unauthenticated documents (Rule

---

[1] Plaintiffs' Exhibit 37 is a photocopy of one page from the Mayor's Recommended Operating Budget for FY 2002-2003 showing proposed appropriations to the Purchasing Department.  At Pages 19 and 20 of Pl. Memo, and in Pl. Exhibit 8 at Paragraphs 14 and 15, Plaintiffs falsely claim that this document was omitted from the Defendant's moving papers.  In fact, this document was included as Exhibit C to Def. Exhibit 3 (Early Affidavit) to Def. Local Rule 9(c)(1) Statement.  Also included in the Defendant's moving papers is a copy of the same page of the budget (i.e., showing appropriations to the Purchasing Department) from the City's Approved Operating Budget for FY 2002-2003. Exhibit D to Def. Exhibit 3 to Def. Local Rule 9(c)(1) Statement.  The page from the City's Approved Operating Budget is identical to the page from the Mayor's Recommended Operating Budget with the exception that the page from the City's Approved Operating Budget reflects the City Council's actions on the Mayor's recommendation and the increased salary reflects merging the two positions - "Asst. Purchasing Agent/Risk Manager."

SUSMAN, DUFFY & SEGALOFF, P.C.  •  ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

901). Furthermore, Pl. Exhibit 35 contains two documents: (1) a purported memorandum from Alan Olenick which is hearsay (Rule 801); and (2) a purported agreement between the EDC and the City of West Haven, which by its own terms was a one year contract with an option to renew executed on July 1, 2000. Pl. Exhibit 35.   As the Plaintiffs' Complaint stems from the 2002-2003 budget year, Pl. Exhibit 35 is not relevant (Rule 401).   As for Pl. Exhibit 8, the first sentence of Paragraph 13 contains hearsay as to DeLucca (Rule 801).   The second, third, fourth, fifth and sixth sentences of Paragraph 13 contain hearsay and/or hearsay within hearsay (Rules 801 and 805).   No foundation was laid to support an exception to hearsay (Rule 803). The seventh and eighth sentences of Paragraph 13 are lay person opinion testimony as to legal conclusions (Rule 701).   Additionally, the seventh sentence is irrelevant – her beliefs as to DeLucca's motivations are speculations which are not based upon personal knowledge (Rules 602 and 401).   Lorusso's basis for the seventh sentence, as set forth in the eighth sentence, is predicated on her prior work experience in the Mayor's office, which is not time relevant to the allegations of the Complaint and is therefore irrelevant as further discussed below in Section III.B.1 (Rule 401).

In essence, Plaintiffs' Rule 9(c)(2) Statement is the equivalent of no filing at all. Accordingly, Plaintiffs' Rule 9(c)(2) Statement must be stricken and not considered, and all of Defendant's facts alleged in his Rule 9(c)(1) Statement must be deemed admitted for the purposes of his Motion for Summary Judgment.

_____

### B.     *Portions of The Affidavits of Sandra Lorusso and Deborah Evangelista dated July 20, 2004 Do Not Comply With Fed.R.Civ.P. 56(e), And As Such Must be Stricken And May Not Be Considered When Ruling on Defendant's Motion For Summary Judgment.*

Fed.R.Civ.P. 56(e) requires affidavits related to summary judgment to (1) be made on personal knowledge; (2) contain admissible facts; and (3) show affirmatively that the affiant is

7

competent to testify on the matters therein.  As such, affidavits are subject to the rules of evidence, and "facts" which are irrelevant, hearsay, or made with no basis for personal knowledge, or are opinions or conclusions are subject to being stricken. See eg., Monroe v. Board of Education of Town of Wolcott, 65 F.R.D. 641, 641 (D.Conn.1975)(striking paragraphs of affidavits on grounds of personal knowledge, relevancy, hearsay and conclusory statements of opinion).  Whereas a witness "may be allowed to give summary testimony as to a conversation he heard or participated in under an exception to the hearsay rule and if it has been established that the witness cannot recollect the dialogue exactly," United States v. Krulewitch, 167 F.2d 943, 948 (2d Cir.1948), *rev'd on other grounds*, 336 U.S. 440 (1949), "it is clear that such liberality does not extend to affidavits on motions for summary judgment, even when the affidavit in question is made by a nonmoving party." Monroe, *supra* at 650.  Further, "conclusory statements of opinion in affidavits are entitled to no weight in the court's deliberative process." Id.  Further, "[a]n affidavit made on secondhand information and hearsay is not made on the 'personal knowledge' of the affiant for the purposes of Rule 56(e)." McMillan v. Experian, 170 F.Supp.2d 278, 281 (D.Conn.2001).  Here, there has been no showing that "admissible evidence will be available at trial." Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d, 919, 924 (2d Cir.1985).  While the Defendant believes each of the Plaintiffs' Affidavits should be struck in their entirety due to lack of personal knowledge and/or competency, each individually challenged paragraph of each affidavit will be discussed, in turn, below.

           **1.**     **Affidavit of Sandra Lorusso.** *Pl. Exhibit 8.*

Sandra Lorusso's affidavit is deficient because she does not set forth that she is competent to testify (Rules 601 and 602); See also, Santos v. Murdock, 243 F.3d 681, 684 (2d Cir.2001)(under Fed.R.Civ.P. 56(e), "affidavits . . . shall show affirmatively that the affiant is competent to testify").

8

She has cited no basis for personal knowledge of the "facts" cited therein other than she had worked as Defendant's personal secretary and also as Risk Manager. Lorusso testified that she began working for the City of West Haven in 1987 as the Administrative Assistant to the Registrar of Voters. Pl. Exhibit 1, p.7.  She further testified that she worked in that position until 1991 when she "went to work for the Mayor as his executive secretary." <u>Id.</u> at 7.  She also testified that she worked "there until 1996, I became the risk manager" – a position she held until 2002. <u>Id.</u> at 8.  The fact that she served as the Defendant's personal secretary more than six years prior to any of the material allegations of the complaint allegedly took place, does not put her in the position as someone who is competent to testify and has personal knowledge of how the Mayor's office operated during the 2002-2003 budget process (Rule 602).  Paragraph 2 of Pl. Exhibit 8 is therefore irrelevant and not based upon personal knowledge of a relevant time frame (Rules 601, 602, 401 and 402).

The first sentence of Paragraph 3 of her Affidavit improperly attempts to authenticate Pl. Exhibit 13, and Pl. Exhibit 13, if properly authenticated, speaks for itself and is the best evidence of its contents (Rule 901).  The third sentence of Paragraph 3 is conclusory opinion testimony as to whether she was "qualified"  (Rule 701).  Also in sentences 3, 4 and 5 of Paragraph 3, her statements as to what the Mayor believed are opinions and do not set forth her basis of personal knowledge (Rules 602 and 701).

The first sentence of Paragraph 4 of her Affidavit improperly attempts to authenticate Pl. Exhibit 14 (Rule 901).  Additionally, her interpretation of what Exhibit 14 states, is hearsay within hearsay and Pl. Exhibit 14, if properly authenticated, would speak for itself and be the best evidence of its contents (Rules 801 and 805).  The remainder of Paragraph 4 is not based on her competent, personal knowledge, but rather on the fact that she was the Mayor's personal secretary more than six years prior to the allegations alleged in the Complaint (Rules 601 and 602).  These statements are

9

therefore irrelevant as not based on time relevant personal knowledge (Rules 401, 402 and 602).

The first part of the first sentence of Paragraph 5 of her Affidavit contains lay person opinion testimony as to a legal conclusion (Rule 701). The first sentence of Paragraph 6 contains a conclusory opinion as to efforts made (Rule 701). The second sentence includes hearsay and/or hearsay within hearsay as she is testifying as to the contents of a letter (Rules 801 and 805). The fourth, fifth and sixth sentences of Paragraph 6 contain hearsay as to what DeLucca told her (Rule 801). Additionally, her interpretation of what Pl. Exhibit 19 states in the fourth, fifth and sixth sentences, is hearsay within hearsay and Pl. Exhibit 19 speaks for itself and be the best evidence of its contents (Rules 801 and 805). The final sentence of Paragraph 6 contains hearsay and does not contain any information as to the source of affiant's personal knowledge (Rules 601, 602, and 801).[2]

The first sentence of Paragraph 7 of her Affidavit contains conclusory opinion testimony as to qualifications (Rule 701). The second sentence of Paragraph 7 improperly attempts to authenticate Exhibit 17 (Rule 901). The final sentence of Paragraph 7 is conclusory opinion testimony based upon events that happened years before any of the allegations alleged in the Complaint without a proper basis for personal knowledge and is based on hearsay (Rules 602, 701 and 803).

The first half of the first sentence of Paragraph 8 of her Affidavit contains hearsay or hearsay

---

[2] Hearsay is included as a basis for objection to this paragraph and many others throughout this memorandum. An affiant may rely on hearsay only upon some showing that admissible evidence at trial will be presented as to a fact. See Burlingtown Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d.Cir. 1985). Thus, in the absence of an affidavit or other form of admissible evidence setting forth these "facts," the only basis for knowledge would be hearsay that would not be admissible at trial, and therefore cannot be relied upon by Plaintiffs in opposing summary judgment and do not create a genuine issue of material fact. See McMillan v. Experian, 170 F.Supp.2d 278, 281-282 (D.Conn. 2001)(paragraph of affidavit struck where affiant stated that Colonial Penn denied his claim because of his credit report. If affiant's personal basis for knowledge as to why Colonial Penn denied his claim was based on what a Colonial Penn representative told him, his testimony as to that would be inadmissible hearsay because it is offered for the truth of its contents).

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

within hearsay as to DeLucca's claims, whether verbal or by Pl. Exhibit 19 (Rules 801, 805).  The second half of the first sentence of Paragraph 8 is irrelevant – her awareness of whether a job description was revised does not make the fact of whether it was or not more or less probable (Rule 401).  Pl. Exhibit 19, if properly authenticated, speaks for itself and is the best evidence of its contents.  The second sentence of Paragraph 8 contains hearsay without any basis for personal knowledge (Rules 602  and 801).  The third sentence of Paragraph 8 improperly attempts to authenticate Exhibit 30 (Rule 901).  The fourth sentence of Paragraph 8 contains hearsay and/or hearsay within hearsay and erroneously refers to Pl. Exhibit 29 instead of Pl. Exhibit 30 (Rules 801 and 805).  Pl. Exhibit 30, if properly authenticated, would speak for itself and is the best evidence of its contents.  The fifth sentence of Paragraph 8 contains conclusory opinions as to her qualifications, the sufficiency of the evidence, the Mayor's control over DeLucca and City officials actions, with no basis of personal knowledge of same (Rules 701 and 602).  The seventh sentence of Paragraph 8 also includes opinion testimony beginning with, "it is clear to me that the Mayor maneuvered" (Rule 701).  The eighth sentence contains hearsay and provides no basis for personal knowledge (Rule 602 and 801).  The ninth sentence improperly attempts to authenticate Pl. Exhibit 18 and sets forth no basis for personal knowledge (Rules 901 and 602).  The tenth sentence contains opinion and/or hearsay testimony as to what Pl. Exhibit 18 represents (Rules 701 and 803).  Pl. Exhibit 18, if properly authenticated, would be the best evidence of its contents.

The first sentence of Paragraph 9 of the Affidavit contains hearsay without a statement evincing personal knowledge of same (Rules 602 and 801).  The second sentence of Paragraph 9 improperly attempts to authenticate Pl. Exhibit 31 and sets forth no basis for personal knowledge of same (Rules 901 and 602).  Pl. Exhibit 31, if properly authenticated, is the best evidence of its contents.  Paragraph 10 contains hearsay regarding Bisaccia and affiant does not set for the basis for

SUSMAN, DUFFY & SEGALOFF, P.C.  •  ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203) 624-9830 • JURIS NUMBER 62505

her claimed personal knowledge of such facts (Rules 602 and 801).  Paragraph 10 also contains hearsay and/or hearsay within hearsay and/or irrelevant statements concerning Bisaccia's previous postition's job posting and its contents and sets forth no basis for personal knowledge of same (Rules 401, 602, 801 and 805).  The final sentence of Paragraph 10 contains hearsay as to Bisaccia and the improper lay person opinion testimony as to a legal conslusion, "I was deliberately excluded" (Rules 801 and 701).

The second sentence of Paragraph 11 of the Affidavit contains hearsay as to DeLucca (Rule 801).  The third sentence of Paragraph 11 contains hearsay as to what actions the City took and does not provide a basis for personal knowledge of same (Rules 602 and 801).  The fourth sentence of Paragraph 11 improperly attempts to authenticate Pl. Exhibit 16 and fails to set forth a basis for personal knowledge of same (Rules 901 and 602).  Pl. Exhibit 16, if properly authenticated, is the best evidence of its contents.  Sentence 5 of Paragraph 11 contains lay person opinion testimony as to a legal conclusion (Rule 701).  Sentences 7, 8, 9, 11, 12, 14, 15, 16, and 17 contain hearsay without a basis for personal knowledge (Rules 602 and 801).  Sentence 10 of Paragraph 11 is redundant, in that it restates the premise of the second sentence of Paragraph 3 (Rule 403).  Sentence 13 improperly attempts to authenticate Pl. Exhibit 36 (Rule 901).  Pl. Exhibit 36, if properly authenticated, is the best evidence of its contents.  Sentence 18 of Paragraph 11 contains opinion testimony (Rule 701).

The first, second, and sixth sentences of Paragraph 12 contain lay person opinion testimony and hearsay (Rules 701 and 801).  The third, fourth and fifth sentences contain hearsay about the contents of Pl. Exhibit 21 (Rules 801 and 901).  Pl. Exhibit 21 is the best evidence of its contents. The seventh sentence contains hearsay concerning the contents of a contract (Rules 801 and 901).  The contract speaks for itself and is the best evidence of its contents.  The eighth sentence of

12

Paragraph 12 contains opinion testimony (Rule 701).

The first sentence of Paragraph 13 contains hearsay as to DeLucca (Rule 801). The second, third, fourth, and fifth sentences of Paragraph 13 contain hearsay and/or hearsay within hearsay (Rules 801 and 805).[3] No foundation was laid to support an exception to hearsay (Rule 803). The sixth sentence contains opinion testimony and/or speculation as to DeLucca's awareness with no basis for personal knowledge (Rules 701 and 602). The seventh and eighth sentences of Paragraph 13 are lay person opinion testimony as to legal conclusions (Rule 701). Additionally, the seventh sentence is irrelevant – her beliefs as to DeLucca's motivations are speculations which are not based upon personal knowledge (Rules 602 and 401). Lorusso's basis for the seventh sentence, as set forth in the eighth sentence, is predicated on her prior work experience in the Mayor's office, which is not time relevant to the allegations of the Complaint and is therefore irrelevant (Rule 401).

The first sentence of Paragraph 14 contains hearsay and provides no basis for personal knowledge (Rules 602 and 803). The second sentence of Paragraph 14 improperly attempts to authenticate Pl. Exhibit 37 and sets forth no basis for personal knowledge for same (Rules 901 and 602). The second and third sentences of Paragraph 14 contain hearsay insomuch as the discuss the contents of Pl. Exhibit 37 (Rule 801). Pl. Exhibit 37, if properly authenticated, is the best evidence of its contents. The fourth, sixth, seventh and eighth sentences of Paragraph 14 contain lay person opinions as to legal issues, hearsay, and are irrelevant (Rules 401, 701, and 801).

The first sentence of Paragraph 15 of her Affidavit is of no consequence as Pl. Exhibit 37 has not been properly authenticated (Rule 901). Sentences two, three, four, five, six, seven and nine

---

[3] At Page 12 of Pl. Memo, Plaintiffs generally state that DeLucca and Legg's statements to Lorusso do *not* constitute hearsay, but rather, are admissions by a party opponent. Throughout, including this sentence, Plaintiffs make statements about what other people told them the Mayor said. While the statements made by the Mayor are admissions, statements made by Plaintiffs as to what others told her the Mayor said contain at least one level of hearsay.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

contain hearsay and/or hearsay within hearsay as to what the City Council did or said, what insurance carriers do, what the City Council asked, what Legg said and what documents provided for (Rules 801 and 805). Furthermore, the seventh sentence contains speculation "a document. . . which may have been created after the fact," with no basis for personal knowledge of same (Rules 701 and 602). A transcript of the City Council public hearing and the documents themselves are the best evidence as to what transpired at any such public hearing and what certain documents provide for. There is also no basis for personal knowledge set forth to explain what insurers do or what occurred outside of any public hearing (Rule 602). Affiant's level of awareness of any evidence to the contrary, as stated in the eighth sentence, is irrelevant and does not make the existence of any such evidence more or less probable (Rule 401).

The second sentence of Paragraph 16, begins with lay person opinion testimony as to a legal conclusion (Rule 701). Lorusso states that the elimination of Silverstein's position is not provided for in Pl. Exhibit 37. Pl. Exhibit 37, however, speaks for itself and does show proposed funding for the position eliminated. Def. Exhibit D, the Early Affidavit, shows increased funding of a newly created position of "Asst. Purchasing Agent/Risk Manager." <u>Exhibit D to Def. Exhibit 3</u>.

The second sentence of Paragraph 17 improperly attempts to authenticate Pl. Exhibit 26 and sets forth no basis for personal knowledge of same (Rules 901 and 602). The third and fourth sentences of Paragraph 17 contain her statements as to the contents of Pl. Exhibit 26 and are inadmissible hearsay and/or hearsay within hearsay (Rules 801 and 805). Pl. Exhibit 26, if properly authenticated, speaks for itself and is the best evidence of its contents. Sentences six and seven of Paragraph 17 contain hearsay, opinion testimony and do not provide a basis for personal knowledge (Rules 801, 701 and 602).

The first two sentences of Paragraph 18 of the Affidavit contain hearsay with no personal

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203) 624-9830 • JURIS NUMBER 62565

basis of knowledge for same (Rules 801 and 602).  The third sentence contains no basis for personal knowledge and the collective bargaining agreement would be the best evidence of how seniority factors into the bumping process (Rule 602).  The first part of the fourth sentence of Paragraph 18 states that she was "terminated."  This is opinion testimony as to a legal conclusion (Rule 701).  The first and second sentences of Paragraph 19 contain hearsay as to Carol Silverstein and set forth no basis for personal knowledge about same (Rules 801 and 602).  The third sentence of Paragraph 19 improperly attempts to authenticate Pl. Exhibit 27 and contains hearsay about its contents and sets forth no basis for personal knowledge of same (Rules 901, 801 and 602).  Pl. Exhibit 27, if properly authenticated, speaks for itself and is the best evidence of its contents.

All three of the sentences of Paragraph 20 contain opinion testimony and hearsay concerning City practices and procedure without a basis for personal knowledge or establishment that she is competent to testify as to same (Rules 701, 801, 602, and 601).  Written policies and procedures of the City, if properly authenticated, would be the best evidence of the City's practices and procedures.  To the extent the first and second sentence of Paragraph 21 suggest a failure on the City to act, such statements are hearsay (Rule 801).  The third sentence of Paragraph 21 contains hearsay as to the contents of the letter (Rule 801).  The letter, Pl. Exhibit 23, speaks for itself, and is the best evidence of its contents.  The fifth sentence contains hearsay as to DeLucca's reply (Rule 801).  DeLucca's letter, Pl. Exhibit 25, speaks for itself and is the best evidence of its contents.

The first sentence of Paragraph 22 contains hearsay and lay person opinion testimony without setting forth a basis for personal knowledge of same (Rules 801, 701 and 602).  The second sentence of Paragraph 22 improperly attempts to authenticate Pl. Exhibit 28 and sets forth no basis for personal knowledge of same (Rules 901 and 602).  The third sentence contains hearsay without a basis of personal knowledge for same (Rules 801 and 602).  The final sentence of Paragraph 22

15

improperly attempts to authenticate Pl. Exhibit 29 and sets forth no basis for personal knowledge of same (Rules 901 and 602).  Pl. Exhibits 28 and 29, if properly authenticated, speak for themselves and are the best evidence of their contents.

Paragraph 23 contains statements which are hearsay and are not supported by a basis for personal knowledge (Rules 801 and 602).  Paragraph 24 contains hearsay concerning DeLucca and Mayhew and sets forth no basis for personal knowledge (Rules 801 and 602).  Furthermore, Pl. Exhibits 10 and 24 have not been authenticated (Rule 901).  If authenticated, Pl. Exhibits 10 and 24 speak for themselves and are the best evidence of their contents.

For all of the foregoing reasons, the aforementioned sentences and/or paragraphs of Lorusso's Affidavit should be stricken and not considered when ruling upon the Motion for Summary Judgment.  In summary, the sentences and/or paragraphs that Defendant is **not attempting to have stricken** are: (1) Paragraph 1; (2) the second sentence of Paragraph 2; (3) the second sentence of Paragraph 3; (4) Paragraph 5, except for the first half of the first sentence; (5) the third sentence of Paragraph 6; (6) the sixth sentence of Paragraph 8; (7) the first and sixth sentences of Paragraph 11; (8) the ninth sentence of Paragraph 12; (9) the part of first sentence of Paragraph 13 that states, "Prior to my notice of retirement, I had a conversation with Ralph DeLucca;" (10) the fifth sentence of Paragraph 14; (11) the fifth sentence of Paragraph 17; (12) that portion of the fourth sentence of Paragraph 18 which states, "I had fifteen years of seniority in city service and six years of seniority in the classified service bargaining unit;" and (13) the fourth and sixth sentences of Paragraph 21.  All of the rest of the sentences and Paragraphs must be stricken as they do not comply with the rules of evidence, settled law, and Fed.R.Civ.P. 56(e).

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62565

### 2.  *Affidavit of Deborah Evangelista. Pl. Exhibit 9.*

Deborah Evangelista's affidavit is deficient because she does not set forth that she is competent to testify (Rules 601 and 602); See also, Santos v. Murdock, 243 F.3d 681, 684 (2d Cir.2001)(under Fed.R.Civ.P. 56(e), "affidavits . . . shall show affirmatively that the affiant is competent to testify").  She has cited no basis for personal knowledge of the "facts" cited therein and has not established that she is competent to testify (Rules 601 and 602).

Paragraph 2 of the Affidavit contains hearsay as to Joann Mapes without setting for a basis for personal knowledge (Rules 801 and 602).[4]  There is also no basis cited upon which affiant relies to when comparing her (and Mapes') situation with that of other City employees (Rule 602).  The second sentence of Paragraph 3 also contains hearsay as to Mapes (Rule 801).

The first and second sentences of Paragraph 4 contain testimony concerning legal conclusions (Rules 701).  The third, fourth and fifth sentences of Paragraph 4 attempt to paraphrase the contents of Title 9 of the Connecticut General Statutes.  Affiant has not shown that she is competent to testify or has personal knowledge of same (Rules 601 and 602).  Furthermore, the statutes speak for themselves and are the best evidence of their contents.  The sixth, seventh, eighth, ninth and tenth sentences of Paragraph 4 contain hearsay as to Mapes, without providing a basis for an exception to hearsay, and also without providing a basis for personal knowledge (Rules 602, 801 and 803).  The twelfth, thirteenth, fourteenth and fifteenth sentences of Paragraph 4 contain her opinion testimony and/or speculation as to what the Mayor knew or believed without any basis of

---

[4] Def. Local Rule 9(c)(1) Statement at Paragraphs 16, 19 and 23 establishes that: (1) the Mayor proposed a reduction in the budget for two Administrative Assistants to the Registrar of Voters; (2) during the Budget Meeting, the City Council entertained a motion to fund the two positions for 35 hours per week instead of that proposed by the Mayor; (3) that motion did not garner the requisite vote to pass; and (4) that the Mayor's proposed budget, as amended by the City Council, was adopted by the requisite vote.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

personal knowledge of same (Rules 602, 701 and 801).

The first sentence of Paragraph 5 of the Affidavit contains lay person opinion testimony as to a legal conclusion (Rule 701). The second sentence of Paragraph 5 contains hearsay as to Meizes, without any basis for personal knowledge or any basis for an exception to hearsay (Rules 602, 801 and 803). There is no basis for personal knowledge for the third sentence of Paragraph 5 (Rule 602). The fourth sentence of Paragraph 5 contains hearsay and does not provide a basis for personal knowledge (Rules 602 and 801).

The first and second sentences of Paragraph 6 of the Affidavit contains opinion testimony and hearsay with no basis for an exception to same and with no basis for person knowledge of same (Rules 602, 701, 801 and 803). The third and fourth sentences of Paragraph 6 are improper attempts to authenticate Pl. Exhibit 35 (Rule 901). Pl. Exhibit 35, if properly authenticated, would be the best evidence of the contents thereof. The first part of Pl. Exhibit 35 is hearsay (Rule 801). Furthermore, second part of Pl. Exhibit 35 purports to be a one year contract with a renewal option which is dated July 1, 2000. Plaintiffs' Complaint surrounds the 2002-2003 budget year, and therefore Pl. Exhibit 35 is not time relevant (Rule 401). These sentences also lack any basis for personal knowledge of same (Rule 602). The fifth sentence discussing the contents of Pl. Exhibit 35 (an agreement) is hearsay and/or hearsay within hearsay and does not provide a basis for personal knowledge (Rules 602, 801 and 803). The sixth sentence is hearsay without providing any basis for personal knowledge (Rules 801 and 602).

The first sentence of the Paragraph 7 contains hearsay as to the City (Rule 801). The first half of the second sentence of Paragraph 7 contains hearsay as Pl. Exhibit 33 is the best evidence of its contents (Rule 801). Paragraph 8 contains hearsay as to what she was told (Rule 801). Pl. Exhibit 34 speaks for itself and is the best evidence of what she was told. The first sentence of

18

Paragraph 9 contains hearsay and does not set forth a personal basis of knowledge of the Mayor's authority (Rules 602 and 801). The second sentence of Paragraph 9 contains hearsay and does not set forth a personal basis of knowledge (Rules 602 and 901). Pl. Exhibit 34 speaks for itself and is the best evidence of its contents. Paragraphs 10 contains legal argument (Rule 701). Paragraphs 11 and 12 contain hearsay and lack a personal basis for knowledge thereof as to the City Council (Rules 602 and 801).

For all of the foregoing reasons, the aforementioned sentences and/or paragraphs of Evangelista's Affidavit should be stricken and not considered when ruling upon the Motion for Summary Judgment. In summary, the sentences and/or paragraphs that Defendant is **not attempting to have stricken** are: (1) Paragraph 1; (2) Paragraph 2 insomuch as it states that Evangelista was a City employee in the office of the Registrar of Voters of the City of West Haven as the Democratic Administrative Assistant to the Democratic Registrar and that she was a City employee with benefits – including health insurance, a retirement savings plan, sick time, vacation time and holiday pay; (3) that part of Paragraph 3 that states that her hours were reduced to 19 hours per week; (4) that part of the eleventh sentence of Paragraph 4 that states that she was not eligible for retirement; (5) the second half of the second sentence of Paragraph 7 and the last sentence of Paragraph 7; and (6) sentences 3 and 4 of Paragraph 9. All of the rest of the Paragraphs must be stricken as they do not comply with the rules of evidence, settled law, and Fed.R.Civ.P. 56(e).

> **C.** *Certain of Pl. Exhibits 1 through 37 to Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment Dated July 22, 2004 Do Not Comply With Fed.R.Civ.P. 56(e), And As Such Must be Stricken And May Not Be Considered When Ruling on Defendant's Motion For Summary Judgment.*

Pl. Exhibit 1 is the deposition of Lorusso which contains two volumes (Vol. I - February 27, 2004 and Vol II - May 24, 2004. Pages 7, 8, 11, 12, 13, 14, 35, 36, 38, 39, 40, 41, 42, 44, 45, 47, 48

19

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

58, 59, 65, 66, 67, 68, 69 of Vol. I are the only pages cited to in Pl. Memo and/or other documents filed in opposition to Defendant's Motion for Summary Judgment. Accordingly, the remaining pages of Pl. Exhibit 1, Vol. I, should be disregarded (Rules 401 and 403). Additionally, no pages of Vol. II have been cited and it should be disregarded in its entirety (Rules 401 and 403).

Pl. Exhibit 2 is the deposition of Evangelista taken on March 11, 2004. Pages 9, 12, 18, 30, 31, 57, 58 62, 63, 64, 65, 66, and 67 are the only pages cited to in Pl. Memo and/or other documents filed in opposition to Defendant's Motion for Summary Judgment. Accordingly, the remaining pages of Pl. Exhibit 2 should be disregarded (Rules 401 and 403).

Pl. Exhibit 3 is the deposition of Legg taken on May 25, 2004. Pages 4, 7, 21, 22, 23, 24, 28, 31, 32, 33, 34, 35, 36, 37, 45, 46, 63, 64 and 66 are the only pages cited to in Pl. Memo and/or other documents filed in opposition to Defendant's Motion for Summary Judgment. Accordingly, the remaining pages of Pl. Exhibit 3 should be disregarded (Rules 401 and 403).

Pl. Exhibit 4 is the deposition of Antonio Buonomo (hereinafter, "Buonomo") taken May 18, 2004. Plaintiffs do not pinpoint cite to any particular pages of this deposition, however, the relevant pages appear to be Pages 13 and 23. As such, the remaining pages of Pl. Exhibit 4 should be disregarded (Rules 401 and 403).

Pl. Exhibit 5 is the deposition of Tracy Morrissey (hereinafter, "Morrissey") taken May 20, 2004. Plaintiffs do not pinpoint cite to any particular pages of this deposition, however, the relevant pages appear to be Pages 11, 12 and 13. As such, the remaining pages of Pl. Exhibit 5 should be disregarded (Rules 401 and 403).

Pl. Exhibit 6 is the deposition of Margaret Schenkle (hereinafter, "Schenkle") taken May 21, 2004. Pages 6, 7, 12, 17, 18, 19, 20, 21, 22, 23,24, 25, 26 and 27 are the only pages cited to in Pl. Memo and/or other documents filed in opposition to Defendant's Motion for Summary Judgment.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

Accordingly, the remaining pages of Pl. Exhibit 6 should be disregarded (Rules 401 and 403).

Pl. Exhibit 7 is the deposition of the Mayor which contains two volumes (Vol. I - May 25, 2004 and Vol II - May 28, 2004. Pages 29, 31, 32, 33, 91, 92, 93, 94, 100, 101, 102, 134, 135, 137, 138, 139, 174, 175, 180, 181, 188, 189, 190, 191, and 192 of Vol. I are the only pages cited to in Pl. Memo and/or other documents filed in opposition to Defendant's Motion for Summary Judgment. Accordingly, the remaining pages of Pl. Exhibit 7, Vol. I, should be disregarded (Rules 401 and 403). Additionally, Pages 4, 5, 6, 7 and 8 of Vol. II are the only pages cited to in Pl. Memo and/or other documents filed in opposition to Defendant's Motion for Summary Judgment. Therefore, the remaining pages of Vol. II should be disregarded (Rules 401 and 403).

Plaintiffs' Exhibits 1 through 7 are also discussed in further detail in Section III.D below. In particular, those pages which were cited to by Plaintiffs are addressed to determine whether they contain admissible evidence.

Pl. Exhibit 8 is the Affidavit of Lorusso, as each Paragraph of same has been discussed above in Section III.B.1. Pl. Exhibit 9 is the Affidavit of Evangelista, as each Paragraph of same has been discussed above in Section III.B.2.

Plaintiffs' Exhibits 10, 11, 13,14, 16, 17, 18, 24, 26, 27, 28, 29 30, 31, 32, 35, 36, and 37 are hearsay and have not been properly authenticated (Rules 801 and 901). The document entitled "Amendment" contained in Pl. Exhibit 25 is has not been properly authenticated (Rule 901).

Plaintiffs' Exhibits 10, 16, 17, 19, 24, 30, 31, 32, 33 and 34 are not cited to in Plaintiffs' Memorandum (Rule 901). Of these Exhibits, Pl. Exhibits 19, 33 and 34 are the only ones that have been properly authenticated through the Affidavits of Lorusso (#19) and Evangelista (##33, and 34). Accordingly, Pl. Exhibits 10, 16, 17, 24, 30, 31, and 32 must be stricken as they are not cited for any proposition and thus are a waste of time (Rules 901 and 403).

21

Plaintiffs' Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 19, 24, 25 (2nd page), 26, 27, 28, 29, 30, 31, 32, 35, 36, and 37, or portions thereof, do not comply with the Fed.R.Civ.P. 56(e) and the rules of evidence. They do not support those propositions that they are cited for; they contain hearsay or hearsay within hearsay, they have not been properly authenticated, they are a waste of time and/or they are irrelevant. Thus, each Exhibit, except Pl. Exhibits 12, 15, 20, 21, 22, 23, 33, and 34 must be stricken in whole or in part.

> **D.**     ***Certain of the Deposition Testimony Cited to or Included in Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment Dated July 22, 2004 Does Not Comply With Fed.R.Civ.P. 56(e), And As Such Must be Stricken And May Not Be Considered When Ruling on Defendant's Motion For Summary Judgment.***

Statements contained in deposition transcripts are subject to Fed.R.Civ.P. 56(e) and are also subject to the same rules of evidence. "A motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements. A motion to strike can also be used to challenge documentary evidence which has not been properly authenticated." Newport, *supra* at 207. Each objectionable citation to deposition testimony will be discussed, in turn, as it appears in Plaintiffs' Memorandum in Opposition. This testimony is objectionable because there is a lack of personal knowledge as to the testimony (Rule 602), it contains hearsay or hearsay within hearsay (Rules 801 and 805) or it mischaracterizes the testimony and/or does not support the proposition it is cited for (Rule 901). At many points in Plaintiffs' Memorandum in Opposition (hereinafter, "Pl. Memo"), it is unclear as to what portion of Pl. Memo they are providing cites for. There appear to be citations at the end of many paragraphs, citing to multiple pages of deposition testimony.

On Page 1 of Pl. Memo, Plaintiffs cite to Pl. Exhibit 2, pages 57 and 58 in footnote one. It is

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203) 624-9830 • JURIS NUMBER 62505

unclear which of the two sentences Pl. Exhibit 2 is cited to support, however, neither sentence is supported by the citation. The deposition testimony on pages 57 and 58 does not set forth a basis for personal knowledge of the first sentence of footnote one (Rule 602). The second sentence of footnote one contains opinion testimony as to a legal conclusion (Rule 701). On Page 3 of Pl. Memo, Pl. Exhibit 1 pages 11 and 12 are cited to. These pages of Pl. Exhibit 1 were not attached to the undersigned's copy of Pl. Memo. On Page 4 of Pl. Memo, Plaintiffs cite to Pages 38-41 of Pl. Exhibit 1 to support the proposition of why Lorusso left her position in 1996. A review of Pages 38-41 of Pl. Exhibit 1, however, reveals that Lorusso was testifying as to why she decided not to support the Mayor in the 2001 election, not as to why she left her position in 1996. See Pl. Exhibit 1, pg. 38, commencing with line 13. This citation to Pages 38-41 of Pl. Exhibit 1 is not time relevant and does not stand for the proposition for which it is cited and accordingly should be stricken (Rules 401 and 901).

On Page 5, the citation to Pl. Exhibit 2 at Page 9 is given as an additional citation as to provisions of the Charter of the City of West Haven. Pl. Exhibit 2 is Evangelista's deposition and does not contain a basis for personal knowledge or that she is competent to testify as to same (Rules 602 and 601). On Page 5 of Pl. Memo, Plaintiffs cite to Page 12 of Pl. Exhibit 2 to establish facts about the Republican Registrar. This is hearsay and neither the brief, nor Pl. Exhibit 2 sets forth a basis for personal knowledge of same (Rules 801 and 602). On Pages 5-6 of Pl. Memo, it is unclear what the citation to Pages 30 and 31 of Pl. Exhibit 2 is cited to support, however, the testimony contains hearsay as to Mapes, and lay person opinion testimony as to a legal conclusion (Rules 801 and 701).

Paragraph 3 of Page 6 of Pl. Memo contains hearsay and/or hearsay within hearsay without any citations and no basis for any exception to hearsay (Rules 801, 803 and 805). Plaintiffs rely on

23

Pl. Exhibit 1 at Pages 44 and 45 on Page 7 of Pl. Memo to support actions that the Mayor or Legg took, however, Pl. Exhibit 1 is Lorusso's deposition and there is no basis for personal knowledge set forth (Rule 602). Her testimony is hearsay and/or hearsay within hearsay without a basis for an exception (Rules 801, 803, and 805). The last two sentences of the Paragraph 1 of Page 7 of Pl. Memo contains hearsay within hearsay, as Lorusso's testimony at Pages 47 and 48 of Pl. Exhibit 1 is cited to explain what and why Legg did and/or said what he did and no basis for an exception has been shown (Rules 801 and 803).

Pl. Exhibit 8, Paragraph 14, on Page 8 of Pl. Memo. is cited to support what the proposed budget included or did not include. Pl. Exhibit 8 is Lorusso's affidavit and sets forth no basis for personal knowledge of the "facts" stated therein (Rule 602). Page 8 of Pl. Memo also cites to Pl. Exhibit 37 for what the proposed budget included. Pl. Exhibit 37 is an unauthenticated document and as discussed *supra*, and thus does not stand for the proposition for which it is cited (Rule 901). Also on Page 8 of Pl. Memo, Plaintiffs cite to Pl. Exhibit 11 for support that the Republican Registrar of Voters criticized the Mayor's budget recommendation to the City Council. Pl. Exhibit 11 is an unauthenticated document which purports to be a speech written by a non-party to this action and not addressed to a party to this action. Pl. Exhibit 11 is hearsay and contains hearsay (Rules 801 and 805). Pl. Exhibits 4 and 5 are cited to (without pinpoint cites) on Page 9 of Pl. Memo as support for Plaintiffs' contention that the Mayor stated to one of the Plaintiffs "you're absolutely right Debbie, it is and you're living proof of it." However, in Pl. Exhibit 4, Buonomo indicates that the phrase was "Yes, and you're living proof of that." Pl. Exhibit 4, page 13. In Pl. Exhibit 5, Morrissey indicates that she "cannot remember exactly what was said, but she does remember, "You're living proof of it." Pl. Exhibit 5, page 11. As such, Pl. Exhibits 4 and 5 do not support the proposition for which they are cited and should be stricken (Rule 901).

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62565

Plaintiffs cite to Pl. Exhibit 12 to support that Lorusso "received a letter advising her that her employment would be terminated effective July 1, 2002." Pl. Memo, page 9. Pl. Exhibit 12 is *not* a letter terminating her employment with the City. Pl. Exhibit 12 speaks for itself and does not support the proposition it is cited for (Rule 901). Plaintiffs cite to Pl. Exhibit 14 as support for their explanation of Lorusso's bumping rights. While Pl. Exhibit 14 is entitled "Bumping Policy," this Pl. Exhibit has not been properly authenticated, is not addressed to or authored by a party, and does not contain any date. Pl. Exhibit 14 is unauthenticated and hearsay (Rules 901 and 801). Plaintiffs cite to Pl. Exhibit 15 to support their contention that Lorusso was told that she did not have the state certification required to bump into the position of Zoning Enforcement Officer. See Pl. Memo, page 9. Pl. Exhibit 15, however, speaks for itself and does not discuss a state certification. Accordingly, Pl. Exhibit 15 does not stand for the proposition it is cited for (Rule 901). The remainder of Page 9 of the Pl. Memo cites to Pl. Exhibit 7 at Pages 134 and 135 for the proposition that the Mayor made the decision to hire someone else, instead of Lorusso, for the position of Zoning Enforcement Officer, who did not hold a state certification. See Pl. Memo, page 9. Pl. Exhibit 7 at Pages 134 and 135 discusses the reduction in Evangelista's hours and bears no relation to the proposition it is cited for (Rule 901).

Pl. Exhibits 8 at paragraphs 7 and 8 and Pl. Exhibit 28 are cited to by Plaintiffs on Page 10 of Pl. Memo to support that Lorusso was "perfectly qualified for" and "well qualified to perform the duties of" Administrative Assistant to the Commissioner of Public Works. Pl. Memo, page 10. Paragraphs 7 and 8 of Pl. Exhibit 8, Lorusso's Affidavit, contain conclusory opinion testimony, hearsay, improper attempts to authenticate documents and contain hearsay within hearsay, and as such are not admissible evidence of the contention they are cited to support (Rules 701, 801, 901, and 805). Pl. Exhibit 28, which has also not been properly authenticated, purports to be a job

25

posting for the position of Risk/Procurement Manager, and lends no support for her contention that she was perfectly or well qualified for the position in Public Works (Rule 901).  Additionally on Page 10 of Pl. Memo, Plaintiffs cite to Lorusso's Affidavit (Pl. Exhibit 8 at paragraph 8) and Pl. Exhibit 18 to support their contention that Annunziata was paid to work for Public Works and that Legg authorized these payments.  <u>See</u> Pl. Memo, page 10.  Pl. Exhibit 8 at paragraph 8 contains hearsay without any basis for personal knowledge of same (Rules 801 and 602).  Furthermore, Pl. Exhibit 18 is not authenticated (Rule 901).  Plaintiffs rely on Pl. Exhibit 30 to support that shortly after Lorusso's retirement, the Public Works job was posted.  <u>See</u> Pl. Memo, page 10.  Pl. Exhibit 30 is an unauthenticated document (Rule 901).  Plaintiffs cite to Pl. Exhibit 8, Paragraph 8, to support their claim that Lorusso was not given any reason why she was not considered for the Public Works' position.  <u>See</u> Pl. Memo, page 10.  Pl. Exhibit 8 at Paragraph 8, does not stand for the proposition it is cited for (Rule 901).  First, it does contain a reason.  Second, it contains hearsay and/or hearsay within hearsay (Rules 801, 805).  Third, it contains improper attempts to authenticate documents.  Fourth, it contains improper lay person opinion testimony (Rule 701).  Pages 10 and 11 of Pl. Memo cite to Pl. Exhibits 21, 22, and 23 to support Plaintiffs' contention that Lorusso's communications with the City went unanswered.  While Pl. Exhibits 21, 22 and 23 are letters authored by Lorusso to DeLucca, it should be noted that Pl. Exhibits 22 and 23 were authored *after* the effective date of Lorusso's retirement.  Furthermore, Pl. Exhibits 15, 20 and 25 speak for themselves and are responses by DeLucca to Lorusso's letters.  Pl. Exhibits 15, 20 and 25 are therefore the best evidence of whether her communications were ineffective and unanswered (Rule 901).

In the second paragraph of Page 11 of Pl. Memo, Plaintiffs cite Lorusso's deposition testimony to establish that the Mayor arranged for the positions of Risk Manager and Assistant Purchasing Agent to be merged "[w]hile orchestrating Lorusso's removal from the city payroll." Pl.

SUSMAN, DUFFY & SEGALOFF, P.C.  •  ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62565

Memo, page 11. Pl. Exhibit 1, Pages 58 and 59 of Lorusso's deposition do not support the proposition that they are cited for, and in any event contain hearsay without any personal basis of knowledge for same (Rules 901, 801, and 602). Plaintiffs then cite Lorusso's Affidavit, Pl. Exhibit 8 at paragraphs 17-19, to support their contentions concerning Silverstein's employment. See Pl. Memo, page 11. Lorusso's Affidavit does not establish this "fact" as it is based on hearsay without any personal basis of knowledge for same (Rules 801 and 602). As additional support for this "fact," Plaintiffs offer Pl. Exhibit 27. Pl. Exhibit 27 contains three unauthenticated documents (Rule 901). On Page 11 of Pl. Memo, Plaintiffs cite to Pl. Exhibit 29 as evidence that Silverstein got the "newly created position" of Risk Manager/Procurement Officer. Pl. Memo, page 11. Pl. Exhibit 29 has not been properly authenticated and is hearsay (Rules 801 and 901). Plaintiffs next cite to Pl. Exhibit 3, Legg's deposition, at Pages 31-36 to support their contention that it was "predetermined" that Silverstein would be appointed to the position of Risk Manager/Procurement Officer. Pl. Memo, page 11. A review of the pages cited to does not support the contention that it was predetermined that Silverstein would be appointed (Rule 901). The testimony speaks for itself and merely states that "she was the most likely person to fill it" (page 35) and that "she was the only one who responded to the position" once it was posted (page 33). Pl. Exhibit 3.

Pl. Exhibit 1 at Pages 65-69 is cited to on Page 12 of Pl. Memo. Pages 65 and 66 do not support the proposition for which they are cited (Rule 901). Pages 67, 68 and 69 simply states Lorusso's opinion (Rule 701). On Page 12 of Pl. Memo, Plaintiffs cite to Lorusso's Affidavit, Pl. Exhibit 8 at Paragraph 13, which contains her statements as to what DeLucca told her the Mayor said. See Pl. Memo, page 12. That paragraph of Pl. Exhibit 8 contains hearsay within hearsay and does not provide a basis for exception (Rules 803 and 805).

On Page 13 of Pl. Memo, Plaintiffs cite to Legg's deposition testimony, Pl. Exhibit 3 at Page

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

21, for the proposition that the "Mayor ordered her" [Lorusso] "eliminated from the budget." Pl. Memo, page 13.  The cited deposition testimony, however, does not say that the Mayor ordered *her* eliminated from the budget, but rather that the *position* of Risk Manager be eliminated from the budget. See Pl. Exhibit 3, page 21.  Indeed, there is no question of fact that Lorusso, as a member of the union, had certain protections to her employment, such as accepting a lay-off or exercising her right to "bump" into a position.  Thus, Pl. Exhibit 3, Page 21, does not stand for the proposition it is cited for (Rule 901).  The second paragraph of Page 15 of Pl. Memo contains hearsay (Rule 801), and cites to Pages 31-36 of Pl. Exhibit 3 which provide no basis of personal knowledge as to any agreement between the Personnel Director and the Union Chief (p. 34)(Rule 602).  Finally, Pl. Exhibit 27 is hearsay and has not been authenticated (Rules 801 and 901).

On Page 16 of Pl. Memo, Plaintiffs cite to Pl. Exhibit 8 at Paragraph 23 to support their contention that the Silversteins were political supporters of the Mayor. Pl. Memo, page 16.  Pl. Exhibit 8 at Paragraph 23, however, contains Lorusso's statement of same which is hearsay and provides no basis for personal knowledge (Rules 801 and 602).  The second paragraph on Page 16 of Pl. Memo cites to Lorusso's Affidavit as support for the contention that she was "more than capable" of performing the position of Risk Manager/Procurement Officer. Pl. Memo, page 16. Lorusso's Affidavit at Paragraph 17, however, contains hearsay, hearsay within hearsay, improper attempts to authenticate Pl. Exhibits 13 and 26, and lay person opinion testimony, and provides no basis for personal knowledge (Rules 801, 805, 901, 701 and 602).

On Pages 16 to 17 of Pl. Memo, Plaintiffs state that Legg "confirmed" that Evangelista and Mapes were the only employees whose hours were reduced to below twenty hours resulting in a loss, "only to Evangelista," of health insurance and benefits. Pl. Memo, pages 17 and 18.  Pl. Exhibit 3 at Pages 63 and 64 does not support this proposition (Rule 901).  When asked of any

SUSMAN, DUFFY & SEGALOFF, P.C.  •  ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

positions other than Evangelista's which were reduced to below 20 hours resulting in a loss of health insurance, Legg responded, "[H]er counterpart in her office." Pl. Exhibit 3, page 64.

Legg's cited testimony on Page 17 of Pl. Memo as to the Mayor's "influence" over the City Council members is speculation and hearsay without any basis of personal knowledge (Rules 701, 801 and 602). At Page 18 of Pl. Memo, the Plaintiffs state, "[i]n the wake of [the Mayor's conversation with Schenkle], the Mayor proposed the elimination of Amy Warren's job." Pl. Memo, page 18. Plaintiffs further state that Schenkle drew the conclusion that her refusal to remove the Picard sign from her lawn and support the Mayor cost her daughter her job. See Pl. Memo, page 18. Plaintiffs cite to Pl. Exhibit 6, Schenkle's deposition, at Pages 17-27 for these propositions. Any conclusions Schenkle drew are speculation and/or lay person opinion testimony (Rule 701). Furthermore, Plaintiffs have not set forth any basis of personal knowledge as to why Amy Warren's position was eliminated (Rule 602). Furthermore, Pl. Memo at Page 18 contains hearsay as Schenkle is testifying as to Amy Warren's employment (Rule 801).

Page 18 of Pl Memo cites to Pl. Exhibits 37 and 8 for the contention that the proposed budget did not seek to eliminate funding for the Assistant Purchasing Agent position. Pl. Exhibit 37, however, clearly reflects that the Mayor recommended that City Council eliminate funding for the position of Assistant Purchasing Agent and that a new position be funded at the rate of $56,200 per year.[5] is an unauthenticated document which, as stated before, is *not* an excerpt to the Mayor's proposed buget (Rule 901). Paragraph 14 of Pl. Exhibit 8 contains hearsay and does not provide a personal basis of knowledge for same (Rules 801 and 602). Further, on Pages 18 and 19 of Pl.

---

[5] As shown by Exhibit D to Def. Exhibit 3, City Council approved this recommendation. The approved operating budget reflects the title of this new position as "Asst. Purchasing/Risk Manager." Curiously, the Plaintiffs contend that Exhibit 37 is missing from the Defendant's moving papers, despite its inclusion as explained in footnote 1 hereof.

29

Memo, including footnote 7, Plaintiffs cite to Lorusso's Affidavit and Pl. Exhibit 14, to support

their contention that the "proposal merely moves money . . ." Pl. Memo, page 18.   Again, Pl.

Exhibit 8 at Paragraph 14 contains hearsay and does not provide a personal basis of knowledge for

same (Rules 801 and 602).   Furthermore, Pl. Exhibit 14 does not support the proposition it is cited

for (rule 901). The proposed budget, if properly authenticated, is the best evidence of its contents.

There is no support provided for footnote 8 on Page 19 of Pl. Memo.  Pages 20 and 21 of Pl. Memo

speculate that the Mayor's budget recommendations were altered after submission to City Council

and after the public hearing.  Not only is this blatant speculation but there is *no* evidence to support

this claim whatsoever.  The second paragraph of Page 20 contains hearsay as to the council

members (Rule 801).  The only basis for support cited to by Plaintiffs is Lorusso's Affidavit at

Paragraph 15, which contains hearsay (Rule 801).  A transcript of the public hearing is the best

evidence of what transpired.

On Page 21 of Pl. Memo, Plaintiffs cite to Pl. Exhibit 29 in footnote 9.  Pl. Exhibit 29 is an

unauthenticated document (Rule 901).    The reference to the Mayor's deposition at Pages 91 and 92

on Page 22 of Pl. Memo does not support the proposition it is cited for to the extent it refers to

Silverstein's appointment (Rule 901). Plaintiffs cite to the Mayor's deposition at Pages 93-94 to

suggest that Silverstein is listed as a contributor to his campaign. See Pl. Memo, page 22.  The

citation does not stand for the proposition for which it is cited (Rule 901).  The deposition testimony

refers to the years 1994, 1995 or 1996, and is not relevant to the time period contained in the

Complaint (401).  Pages 22 and 23 of Pl. Memo discuss Clark's appointment for the position of

Zoning Enforcement Officer, and in particular, Plaintiffs state that the Mayor claimed ignorance

about the "official excuse given to Lorusso, to wit: her lack of a state certification." Pl. Memo, page

22.  Plaintiffs cite to the Mayor's deposition at Pages 174-175 for support.  In fact, the Mayor

SUSMAN, DUFFY & SEGALOFF, P.C.  •  ATTORNEYS AT LAW
P.O. BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

testified that his understanding of why Lorusso was turned down for the job as Zoning Enforcement Officer, was that Clark "was more qualified, and that was decided by the department head who did the interviews." Pl. Exhibit 7, page 175.  Pl. Exhibit 15 contains the only evidence of City's response to Lorusso's request to bump into the Zoning Enforcement Officer's position.  With regard to the second paragraph on Page 23 of Pl. Memo, there is no allegation in the Complaint that Lorusso tried to bump into the position of Commissioner of Human Resources, and accordingly, this paragraph is not relevant (Rule 401).  Even if it is relevant, the citation to the Mayor's deposition at Pages 180 and 181 does not support the proposition for which it is cited.  The Mayor's testimony was if a job description says "or equivalent background or knowledge," then depending upon his knowledge of an individual's skills, he can exercise authority "to appoint someone or permit someone's appointment into a position." Pl. Exhibit 7, pages 180-81.  On Page 24 of Pl. Memo, Plaintiffs state that the Mayor "knew" that although Mapes' hours were reduced, she was eligible to retire and did so, preserving her health insurance. Pl. Memo, page 24.  Plaintiffs cite to Pl. Exhibit 7 at Pages 7-8.  It should be noted that the question asked did not include a time frame for the Mayor's knowledge and as such, the testimony is not time relevant (Rule 401).  This testimony does not support that the Mayor "knew" that Mapes was able to retire and keep her benefits *at the time the budget was proposed*, nor does it tend to make such a determination more or less likely (Rules 901 and 401).

On Pages 24 and 25 of Pl. Memo, Plaintiffs discuss Evangelista and then state that the Mayor could not identify any other employees whose hours were reduced to under twenty hours per week.  The testimony of the Mayor, cited to at Page 135 of Pl. Exhibit 7, however, states that both Evangelista and the Republican Registrar had their hours reduced, and thus does not stand for the proposition it is cited for (Rule 901).  Also on Page 25 of Pl. Memo, Plaintiffs state that the "Mayor

31

and his counsel confirmed that the resulting cost to taxpayers is in the range of $7,100.00 to $8,100.00 for the period 2001-2003." Pl. Memo, page 25.  The deposition testimony cited on Pages 137 and 138 of Pl. Exhibit 7 does not support this proposition (Rule 901).  The Mayor was asked if the figure of $81,240.56 was correct. Pl. Exhibit 7, page 138.  A discussion was held off the record, then Attorney Schancupp, for the Mayor, put on the record that supplemental discovery would be provided which would indicate that the $81,000 was incorrect, and that the figure was believed to be more in the $70,000 to $71,000 range. Pl. Exhibit 7, page 138. The second paragraph of Page 25 of Pl. Memo contains references to Pl. Exhibits 35 and 9.  Pl. Exhibit 35 has not been authenticated (Rule 901).  Further, Pl. Exhibit 9 at Paragraphs 5 and 6 contain hearsay and hearsay within hearsay (Rules 801, 805).  Furthermore, there is no basis of personal knowledge provided (Rule 602).

The last paragraph on Page 25 and continuing onto Page 26, contains hearsay as to the City Council and its alleged actions (Rule 801).  The citation to Pl. Exhibit 9 at Paragraph 12 contains hearsay and does not provide a basis for personal knowledge of same (Rules 801, 602). Additionally on Page 26 of Pl. Memo, citing to Evangelista's Affidavit and deposition testimony, there is no basis for Evangelista's personal knowledge of whether the Mayor was aware of any hypertension condition set forth in the Affidavit and her statements about same are speculation (Rules 602 and 701).  Plaintiffs' statement on Page 26 of Pl. Memo as to what DeLucca said are hearsay with no basis for personal knowledge (Rules 602 and 801).

## IV.     CONCLUSION.

For all of the reasons stated herein, Plaintiffs' Local Rule 9(c)(2) Statement is deficient and must be stricken.  Additionally, most of the Paragraphs of Plaintiffs' affidavits, most of Plaintiffs' Exhibits, and most of Plaintiffs' citations to deposition testimony must be stricken as they contain

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

hearsay, hearsay within hearsay, conclusory statements of opinion, speculation, provide no personal basis for the alleged facts, and/or are not relevant and do not support what they are cited for. Accordingly, any and all such materials, or portions of materials, submitted in support of Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment must be stricken and not considered when deciding the Motion for Summary Judgment.

By: _____
      Jennifer L. Schancupp (ct11876)
      Susman, Duffy & Segaloff, P.C.
      55 Whitney Avenue
      P.O. Box 1684
      New Haven, CT 06507
      (203) 624-9830

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on this date to the following:

Counsel for the Plaintiffs
Karen Lee Torre, Esq.
51 Elm Street, Ste. 307
New Haven, CT 06510

Co-Counsel for the Defendant
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

_____
Jennifer L. Schancupp

I:\Client U_Z\West Haven\Lorusso-Evangelista\Pleadings\Memo re Motion to Strike re OBJ To MSJ 091404.wpd

34