approval. *Ex. 3 hereto at ¶ 13*. Likewise, Silverstein's selection for the position once it was posted, was based on her qualifications and experience, a determination well within the discretion of the Finance Director. *See Legg depo. at pp. 33, 35-36; Ex. 3 hereto at ¶ 14; 1103 Contract, Ex. B to DeLucca Aff. at Art. 37*. At the time the Finance Director made this decision, he had been supervising Silverstein for more than one year. *Legg depo., Pls. Ex. 3 at pp. 4, 36*. Accordingly, the undisputed evidence establishes that the Defendant's actions with respect to Lorusso's efforts to bump into or bid on alternative employment was objectively reasonable.

### 3. The Decisions Regarding Evangelista's Position Were Legislative In Nature and Not, as the Plaintiffs Contend, Separate Employment Decisions by the Defendant.

In their Memorandum in Opposition, the Plaintiffs contend for the first time that Evangelista's loss of health care benefits was a determination made by the Defendant separate and distinct from the budgetary decision to reduce her hours to nineteen (19) hours per week. This contention is not alleged anywhere in the Complaint and the Plaintiffs' Memorandum in Opposition concedes as much. *Pls. Memo. p. 12.*. Indeed, the Complaint alleges that the loss of health care benefits was a consequence of the reduction in her hours. *Complaint ¶ 16*. Accordingly, it is not properly before the Court.

However, even if this claim is considered, it is not borne out by the undisputed evidence. As a full time member of the staff of the Registrar's office, Evangelista was entitled to health care benefits by virtue of a resolution of City Council enabling full time elected and appointed officials employed by and paid by the City to receive many of the same benefits to which members of the various bargaining units were entitled. *See Ex. 6 hereto*. This resolution further provides that "[e]lected or appointed officials who are designed [sic] as working less than twenty (20) hours per week are not eligible under this Resolution." *Id.* Accordingly, it was by action of the City Council and not the Defendant that Evangelista lost her health care benefits. Because this decision falls squarely within the

18

legislative realm, the Defendant is protected by legislative immunity.

Furthermore, Evangelista attempts to claim that the elimination of her health care benefits as a consequence of the reduction in her hours was an action specifically targeted at her and no one else. She bases this claim upon the fact that although her Republican counterpart, Joann Mapes, also had her hours reduced to nineteen (19) hours per week, Joann Mapes was able to retire (and thus retain her benefits) and then reappointed to the position of Administrative Assistant to the Republican Registrar of Voters. *See Evangelista Aff.* ¶ 4. However, Joann Mapes was able to retire with benefits by virtue of the same resolution of City Council. Furthermore, the Defendant has no control over the appointment of positions in the Registrars Office. Pursuant to City Charter, this decision rests with the respective registrars. *See Charter of the City of West Haven. attached as Ex. 4 to Def.'s 9(c) 1 Statement dated 6/1/04, at Ch. VIII.* After Mapes retired, she was reappointed to her prior position by the Republican Registrar. *Ex. 2 hereto,* ¶9.

Evangelista also claims that the fact that employees of the Economic Development Commission were provided with health care benefits while she was not is somehow proof of retaliation. *Pls. Memo., pp. 24- 25.* As is clear from the Defendant's budget message to City Council, however, economic development and economic initiatives were viewed as a priority for the City. *Mayor's Recommended Operating Budget Message, p. 4, Ex. A to Early Affidavit, attached as Ex. 3 to Def.'s 9(c)1 Statement dated 6/1/04.* Likewise, as employees of the Economic Development Commission were not employees of the City, they were not constrained by the resolution of City Council that entitled only full time elected or appointed officials to the same benefits of the bargaining units. *See Ex. 6 hereto.*

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

## CONCLUSION

Based on the foregoing, there is no question of material fact that the Defendant is entitled to summary judgment on the grounds of legislative immunity and qualified immunity. The Defendant, therefore, respectfully requests that summary judgment enter in his favor.

THE DEFENDANT,
H. RICHARD BORER, JR.

By: _____
Jennifer L. Schancupp
Federal Bar No. ct11876
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
P O Box 1684
New Haven, CT 06507

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

Counsel for the Plaintiff
Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Co-Counsel for the Defendants
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

_____
Jennifer L. Schancupp

I:\Client U_Z\West Haven\Lorusso-Evangelista\Pleadings\Reply Memorandum of Law in support of MSJ.wpd

20