United States District Court
District of Connecticut
FILED AT     NEW HAVEN

Dec 15, 2004
Kevin F. Rowe, Clerk
By: Kenneth R. Ghilardi
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

      Plaintiffs

V.

H. RICHARD BORER, JR.

      Defendant

Civil No. 3:03CV00504 (MRK)

December 15, 2004

### PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION TO STRIKE

The defendant has moved to strike virtually the entire voluminous submission of the plaintiffs in opposition to defendant's Motion for Summary Judgment, including plaintiffs' Local Rule 9(c)2 Statement, the affidavits of both plaintiffs and some 27 of the plaintiffs' exhibits. Defendant also seeks to strike selected pages or snippets of deposition transcripts of all deponents. With the exception of plaintiffs' exhibit 11, which the undersigned concedes is not treated in the opposition, the motion should be denied.[1]   Defendant's motion seeks to impose a standard of acceptance by this court of summary judgment submissions which, if also imposed on the defendant, would require the striking of affidavits and other exhibits submitted by defendant.

---

[1] Exhibit 11 purports to be a written statement read into the record at the West Haven City Council Budget proceeding by Republican Registrar of Voters JoAnn Callegari. The document includes a handwritten notation at the bottom that it was read into the record. The document itself has not been authenticated or discussed and thus plaintiffs do not oppose its being disregarded by the court.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

### The Affidavits of Plaintiffs Sandra Lorusso and Deborah Evangelista.

Defendant cites a laundry list of reasons why numerous portions of the plaintiffs' affidavits should be stricken and engages in a sentence-by-sentence (and in some cases clause-by-clause) dissection of the affidavits in an effort to strike numerous statements as not based on personal knowledge, conclusory, opinion or hearsay. Defendant's claim that the affidavits are deficient because they do not set forth that the plaintiffs are "competent to testify" is meritless. As is the case with the affidavits submitted by defense counsel, plaintiff Lorusso's affidavit is based upon her personal knowledge gained as a result of her status as Executive Secretary to Mayor Borer and later her employment as Risk Manager. Contrary to defendant's claim that Lorusso did not "set forth that she is competent to testify (Rules 601 and 602) . . .", at the very beginning of her affidavit, Lorusso specifically states that she can "attest to the following facts based on personal knowledge". See Exhibit ¶8 at Par. 2. She commences her affidavit by stating that she was employed in an administrative capacity in City government for 14 years, was the confidential Secretary to Mayor Borer, a manager, and "can also attest, based on personal knowledge, to the manner in which job titles are created, posted and filled and, most importantly, to the role that the Mayor plays in the selection of City employees." Id. Lorusso is without question competent to testify to each and every matter addressed in her affidavit, including her qualifications and experience, the Mayor's practices, the content of his budget submission and related documents, the content and posting of job notices, her efforts to gain re-employment in

another position and the relative seniority and job history of other applicants and appointees. The basis for Lorusso's knowledge of these matters is no different than the basis claimed by defense counsel for the submission of the affidavits of Personnel Director Ralph DeLuca and Finance Director Richard Legg. Both deponents, whose affidavits are submitted in support of defendant's motion, contain a variety of statements, all of which are presumably based on their personal knowledge gained as a result of their employment in City Administration. Defendant's argument that Lorusso has no basis for personal knowledge of the facts set out in her affidavit "other than she had worked as Defendant's personal secretary and also as Risk Manager", see Def.'s Memo. at p.8, obviously begs the question. What can be the basis for Ralph DeLuca's or Richard Legg's personal knowledge other than their positions as Personnel Director and Finance Director respectively? Its stratus credulity to argue that plaintiffs cannot testify, based on their many years of employment, regarding the processes and workings of the City administration but defendant's witnesses can do so based on their own employment in the City administration. Defendant's approach is but a drive-by attack on the evidence with mere citation to evidence rules. On the matter of plaintiff's personal knowledge, defendant ignores established case law applying these rules. Lorusso worked in the City administration for fourteen years. (Exh. 8 at ¶ 2). Evangelista has worked for the City for over fourteen years. (Pltfs' Exh. 2 at p. 9). Indeed, both women have worked for the City twelve years longer than Finance Director Richard Legg, whose employment dates back only to the year 2000, and whose affidavit is likewise based on personal knowledge

3

gained through his employment. (See Pltfs' Exh. 3 at p. 4). In State of New York v. Saint Francis Hospital, 94 F. Supp. 2d 423 (2d Cir. 2000), the Second Circuit Court of Appeals rejected the very type of wholesale attack on an affidavit defendant makes here. In that case, the party opposing summary judgment sought unsuccessfully to strike portions of supporting affidavits for lack of personal knowledge. The affiant's were statements based on his exposure to information and documents in consequence of his public employment. In so holding, and rejecting the argument that the witnesses' statements were conclusory, the Court of Appeals noted that "[a] witness' conclusions based on personal observations over time may constitute personal knowledge". The Court further held that "[t]he test" for admissibility is whether a reasonable trier of fact could believe that the witness had personal knowledge". Id. at p. 425. In rejecting an attack on the affiant's ability to introduce or identify documents, the Court of Appeals also noted the documents are themselves admissions of a party opponent and are not hearsay. Id. at 426. They may also qualify as business records. Id. Similarly, in this case, the exhibits attacked as unauthenticated not only have indeed been authenticated but otherwise carry "sufficient indicia of trust worthiness to be considered reliable". Id.

Certain other arguments of defendant are frivolous. For example, defendant argues that Lorusso, in paragraph 3 of her affidavit, "improperly attempts to authenticate plaintiff's Exhibit 13". Def.'s Memo at p. 9. Exhibit 13 is the job description for Lorusso's position of Risk Manager. Lorusso states that Exhibit 13 "is a true copy of the job description for the position of

4

Risk Manager which I held for six years". Exhibit 8 at ¶3. It is plainly absurd to suggest that Lorusso cannot authenticate her own job description, especially where the defendant is not attempting to offer another document as the true job description and his own witness has authenticated job descriptions and postings. A review of defendant's 33-page dissection of the exhibits and statements in plaintiffs' affidavits reveals a countless list of other such meritless attempts to strike evidence. Other examples abound, among them the challenge to the "final sentence of Paragraph 6" in which the Lorusso states that the job of Assistant to the Director of Public Works, a position plaintiff sought, had become "available by the retirement of one Mary Annunziata in April of 2002". Defendant's effort to strike this and other such statements, as unsupported by "personal knowledge" or on grounds of hearsay is patently meritless. See Def.'s Memo. at p. 10. To suggest that plaintiff cannot state that she applied unsuccessfully for an open position, and that such position had become available by the retirement of a co-worker is ludicrous.[2] Another equally frivolous example is the suggestion that Lorusso cannot authenticate Exhibit 17 which Lorusso states is a true copy of the job description for the position of Assistant to the Director of Public Works. See Def.'s Memo at p. 10. If the defendant believes that plaintiff fabricated the job description, the defendant is free to rebut the affidavit with evidence of such. He does not challenge the authenticity of the document but rather, as in the case of all

---

[2] Under this view, for example, the entire affidavit of Ralph DeLucca would have to be stricken for he makes a host of like statements. See Affidavit of Ralph DeLucca dated 9/21/04.

5

other challenged exhibits, advances an impractical claim that a long-term City employee who held confidential and management positions cannot testify as to the job postings and descriptions of positions for which she unsuccessfully applied.

Defendant also repeatedly complains about certain exhibits authenticated or described by plaintiffs (See, e.g., Def.'s Memo at p. 11) on the grounds that they "speak for themselves" and are "the best evidence" of their content. The manner in which plaintiffs have identified exhibits for the court is no different than the manner employed by defense counsel for the introduction of her own exhibits. Defendant's numerous efforts to strike evidence on the combined grounds of hearsay and lack of personal knowledge (see Def.'s Memo at pp. 11-16) are all frivolous as Lorusso was clearly competent to identify and describe City documents and her own correspondence with City officials. (See, e.g., Pltfs', Exhs. Nos. 17, 18, 19). Another example of the frivolity of defendant's motion as it relates to plaintiffs' exhibits is the argument that the "Amendment' contained in plaintiffs' Exh. 25 has not been properly authenticated. See Defs memo. at p. 21. The exhibit has not only been properly authenticated, see Exh. 8 at ¶ 21, but it is a letter directed to Lorusso by Personnel Director Ralph DeLuca. DeLuca's letter to Lorusso expressly states that he is enclosing for Lorusso the very "amendment" which defendant now seeks to strike from the record.

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

### The Statments of Personnel Director Ralph DeLucca and Finance Director Richard Legg

The plaintiffs' account of statements and advisements made by Personnel Director Ralph DeLucca and Finance Director Richard Legg are admissible pursuant to Fed.R.Evid. 801(d)(2)(D) which excludes from the definition of hearsay the following:

> **Admission by Party-Opponent**. The statement is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

This rule clearly contemplates just this type of scenario where an individual acts and speaks through subordinates. Richard Legg's statements to Lorusso, among them the advisement that the Mayor ordered him to cut Lorusso from the budget is not excludable as hearsay given that Mr. Legg was the Mayor's Finance Director, he acted on the Mayor's orders and he, in his capacity as the City's Finance Director, disclosed the reasons to Lorusso why she would soon be unemployed. Without question, Legg made these statements within the scope of his agency and employment. The same consideration applies to the statements of Personnel Director Ralph DeLucca. Both men are appointees of the Mayor and were acting in making statements within the scope of their employment and management positions.

Once again, defendant's bald claim of inadmissibility based on hearsay is but a drive-by claim without citation or discussion of case authority. There is case law aplenty on this issue and none of it helps this defendant. Rule 801 (d)(2)(D) is liberally construed and applied. <u>Pappas v. Middle Earth Condominium Association</u>, 964 F. 2d 534, 537 (2d Cir. 1992). (District Court erred

7

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

in refusing to admit testimony concerning the statement of defendant's employee as such was admissible under Rule 801 (d) (2)(d). The statements attributed to Legg and DeLucca are unquestionably admissible as admissions under this rule. See Zaken v. Borer, 964 F. 2d 1319 (2d Cir. (1992). In Zaken, a judgment in favor of the employer in a discrimination action was reversed as the District Court erred in refusing to admit the deposition testimony of a witness who recounted statement of defendant's manager. The Court of Appeals found that the necessary relationship existed between the manager alleged to have made the statement and the defendant-owner of the company and further, the statement attributed to the manager concerned a matter within the scope of his employment. With both the agency relationship and the scope established, the Court of Appeals squarely held that the statement was clearly admissible under Rule 801 (d)(2)(D). Id. at 1323. Similarly, in Dais v. Lane Bryant, Inc., 2001 U.S. Dist. LEXIS 17 210 (S.D.N.Y. 2001), the District Court held that statements of other employees of the defendant employer were admissible as admissions of a party opponent. Interestingly, the statements were admissible, among other reasons, because the employee who made the statement actually took part in the very type of conduct complained of in the action. Id. at *8. The fact that the defendant in this action is an individual as opposed to a corporate entity is of no matter. Zaken at 1323. Both Legg and DeLucca are mayoral appointees and are directly responsible to the Mayor. Thus, there is a sufficient agency relationship between them such that the statements of both men are admissible against Borer in his individual capacity. Id. See also Danzer v. Norden Systems, Inc.,

8

LAW OFFICES OF KAREN LEE TORRE • 51 ELM STREET, SUITE 307, NEW HAVEN, CONNECTICUT 06510 • TEL: (203) 865-5541

151 F. 3d 50, 55-56 (2d Cir. 1998) (Even comments made by a non-decisionmaker constitute evidence of discrimination since jurors might rationally conclude such comments reflected the defendant's discriminatory policy); <u>Guccione v. Hustler Magazine, Inc.</u>, 632 F. Supp. 313, 320 (S.D.N.Y. 1984), revd. on other grounds, 800 F. 2d 298, 304 (2d Cir. 1986), cert. denied, 479 U.S. 1091 (1987) (Statements made by defendant's chief executive were admissible as admissions of a party-opponent.)

Defendant's further request that various pages of deposition transcripts be stricken because they are not the subject of a "pinpoint cite" in the plaintiffs' opposition is unnecessary and frivolous. For example, the depositions of non-party witnesses Tracy Morrissey and Margaret Schenkle are very short. Moreover, to cut down on the bulk of paper submitted to the court, plaintiffs' counsel uses the condensed transcripts offered by the court reporters. This version provides four pages of transcript in reduced form on one page. Using the condensed version serves economy and easy reading. The meaningful evidence provided by both of these witnesses, for example, is gleaned from the context of their entire examination, brief as it was, and to white-out or redact parts of a page is not only unnecessary but shears the surrounding context from the witness' most important statements. For these reasons, it is neither imperative nor necessary for this court, in passing on defendant's motion, to engage in a line-by-line or page-by-page analysis to determine which, if any, phrases or text are not absolutely pertinent or which do not provide

9

meaningful context.[3] For these reasons, there is no practical or other reason to strike any condensed page of deposition testimony or portion thereof as plaintiffs have appropriately cited to multiple pages of the transcript where relevant testimony is to be found and there are no "line" or "pinpoint" cites to the transcript as such was not only unnecessary but would deprive the court of the context of the testimony.

Finally, defendant seeks to strike plaintiffs' Local Rule (9)(C)(2) Statement as deficient and non-compliant with the Rule. Defendant's argument is exceedingly hypertechnical. Plaintiffs' (9)(C)(2) Statement admits most of the facts set out in defendant's Rule (9)(C)(1) Statement, for the simple reason that many of the facts defendant set out cannot be disputed and are simply irrelevant. For those statements that are denied or admitted in part, plaintiffs have appropriately explained the denial with citations to exhibits. With respect to plaintiffs' counter-statement of material facts in dispute the undersigned counsel submitted the issues in the form that she has used for nearly seventeen years without objection by any member of the bar or bench, including the period following any changes to the Local Rule with respect to the parties' statements. Defense counsel's vision of the plaintiffs' counter-statement of disputed material facts is simply inconsistent with the practicalities of this employment case. A very detailed

---

[3] Indeed, the impractical nature of defendant's request is borne out by the fact that the undersigned, for purposes of opposing this very motion, has cited to a portion of the transcript of Legg's deposition testimony which was not the subject of a "pinpoint cite" in her opposition papers.

10

statement of facts, all with appropriate citations to the evidentiary record, are set forth in the first half of plaintiffs' memorandum of law. Most of these facts are simply not disputed. This case essentially turns on the disputed element of defendant's motivation and state of mind, in addition to the legal issue of defendant's claim of legislative immunity. As a practical matter, there is no one document, averment or discrete bit of evidence that can be cited next to the plaintiffs' proposition that defendant's motivation is a material fact in dispute. Rather, the entire, cumulative evidentiary record is relevant and must be considered in determining whether it suffices to warrant jury determination of that issue. Granted, counsel could have said as much in the 9(C)(2) Statement. But the plaintiffs' opposition is, it is respectfully submitted, comprehensive, well-framed, competently briefed and accompanied by a bound set of exhibits which contains an index for easy reference and review by the Court and counsel. Defense counsel's effort to have this Court disregard a well-crafted opposition on such grounds should be rejected.[4]

---

[4] Ironically, defendant's moving papers were submitted, to plaintiffs' counsel at least, in a manner destined to confuse. The exhibits were served unbound, in a pile of loose paper, with confusing exhibit tabs which made the effort to read the moving papers and correlate them to defendant's exhibits an unpleasant task. Thus, plaintiffs' counsel is puzzled, to say the least, by defense counsel's effort to have the opposition stricken on the grounds cited.

11

THE PLAINTIFFS,

SANDRA LORUSSO and
DEBORAH EVANGELISTA

BY: _____
KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

Their Attorney

**CERTIFICATION**

    I hereby certify that a copy of the foregoing was hand-delivered on this 15th day of December, 2004 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507

_____
Karen Lee Torre

12