UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | | |
|---|---|---|
| SANDRA LORUSSO and DEBORAH EVANGELISTA | \* \* \* | CIVIL ACTION NO. 3:03CV00504 (MRK) |
| PLAINTIFF | \* | |
| VS. | \* | |
| H. RICHARD BORER, JR. | \* | JULY        , 2005 |
| DEFENDANT | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM OF LAW RE: MOTION IN LIMINE
RE: SO-CALLED "BUDGET CONDUCT" OF THE DEFENDANT
AND HIS MOTIVES THEREFOR**

**INTRODUCTION**

Prior to trial, the Court granted partial summary judgment to the Defendant. The Court ruled that the Defendant was entitled to legislative immunity with respect to the Plaintiffs' claims of retaliation concerning the so-called "budget conduct." Specifically, the Court ruled that the Defendant was entitled to summary judgment with respect to Plaintiff Lorusso's claim that her position of employment was eliminated in the City of West Haven's 2002-2003 budget and Plaintiff Evangelista's claim that the hours of her employment were reduced in the City of West Haven's 2002-2003 budget in retaliation for the Plaintiffs' support of a political opponent of the Defendant. The issues remaining to be tried are those of the Defendant's alleged "post budget conduct", namely, Lorusso's claim that she was blocked by the Defendant from obtaining subsequent City employment and Evangelista's claim that the Defendant thwarted her efforts to reinstate her health care benefits in retaliation of the exercise of their First Amendment rights.

It is anticipated that, in support of their claims concerning the alleged "post-budget" conduct of the Defendant, the Plaintiffs intend to offer evidence concerning the Defendant's claimed motives

for the so-called "budget conduct".  For example, Plaintiff Lorusso alleges that, after she informed the Defendant that she was not supporting him in his run for office, he replied "If you don't care if I have a job, then I'm not going to care if we have a Risk Manager." (Complaint, ¶ 5)..  Plaintiff Evangelista alleges that, following a City Council meeting at which the 2002-2003 budget was considered – along with the Mayor's recommendation that the hours of her position be reduced -- she approached the Defendant and commented words to the effect of "Payback's a bitch" to which the Defendant allegedly responded "Yes, and you're living proof of it." (See Complaint, ¶ 16).  It is anticipated that the Plaintiffs intend to offer testimony concerning the Defendant's motives for his budget actions through themselves and through the witnesses Antonio Buonomo and Tracy Morrissey. (Pertinent portions of the depositions of Evangelista, Buonomo and Morrissey are attached hereto as Exhibits A-1, A-2 and A-3, respectively.)   In addition, it is anticipated that the Plaintiffs will offer the testimony of Marge Schenkle that she believes that the Defendant, as part of the 2002-2003 budget process, and in retaliation for Ms. Schenkle's support of the Defendant's political opponent, recommended the elimination of the position of City employment held by Ms. Schenckle's daughter. (The pertinent portions of Ms. Schenckle's deposition are attached hereto as Exhibit B).  Finally, it is anticipated that the Plaintiffs will offer the testimony and written statements of Joann Callegari, the Republican Registrar of Voters and Martha Bell, a member of City Council during the budget process of 2003-2003 that they believe that the Defendant's actions with respect to his budget recommendations were politically motivated.  (Ms. Callegari's statement and Ms. Bell's statement are attached hereto as Exhibit C.) Because this evidence addresses the alleged motives of the Defendant for the so-called budget conduct as opposed to the post-budget conduct, it should be excluded at trial on the grounds of relevance.

**ARGUMENT**

Pursuant to Fed. R. Evid., 401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact <u>*that is of consequence to the determination of the action*</u> more probable or less probable than it would be without the evidence." (Emphasis added). Moreover, Fed. R. Evid. 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

What is at issue at trial is the Defendant's motives or intent with respect to the alleged post-budget conduct, not his motives or intent with respect to the budget conduct. As the content of the alleged statement of the Defendant to the Plaintiff makes clear, it was directed to the elimination of the job of Risk Manager.(Complaint ¶ 5). As attested to by Evangelista (Ex. A-1, pp.37-42), the conversation between her and the Defendant was her way of relating to the Defendant her belief that the reduction in hours to her job was politically motivated and that "[h]e wasn't going to get away with it." <u>Id.</u> Accordingly, these conversations, while certainly relevant to the issue of the Defendant's "budget" conduct, are irrelevant to the issue presented for trial– that of whether or not the Defendant's alleged retaliatory actions to block Lorusso from obtaining subsequent City employment and to thwart reinstatement of Evangelista's health care benefits constitute a violation of their First Amendment rights to political association. Similarly, Ms. Schenckle's testimony concerning the Defendant's alleged budget recommendations *directed against her daughter* are irrelevant to the Defendant's post budget conduct allegedly *directed to the Plaintiffs*. Finally, Ms. Callegari's and Ms. Bell's *opinions* that the Defendant's budget recommendations were politically motivated are irrelevant to the Defendant's post-budget conduct.

Moreover, if admitted, this evidence is substantially likely to unfairly prejudice the

3

Defendant, confuse the issues to be tried and mislead the jury into believing the Defendant's legislative budget conduct is properly examined as part of the Plaintiffs' case. Thus, examining this evidence in the context of the post budget issues presented for trial is tantamount to poking holes in the absolute shield of legislative immunity. See Harhay v. Town of Ellingtown Bd. of Educ., 323 F. 3d 206, 210( 2d Cir. 2003) (legislators are entitled to absolute immunity from § 1983 liability for their legislative activities).

    In this regard, the purported testimony of Marge Schenckle bears special mention. Her testimony concerning her perception about the Defendant's motives for the budget recommendation that her daughter's job be eliminated in retaliation for her support of the Defendant's political opponent is extremely prejudicial to the Defendant as it unfairly introduces into this case the suggestion that all municipal employees were targets of political retaliation via *legislative* activity. In other words, had Ms. Schenkle or Ms. Schenkle's daughter brought a claim of retaliation against the Defendant for the elimination of the daughter's job, the Defendant would have been entitled to legislative immunity for these claims. Introducing the potential claim of retaliation for legislative activity of the Defendant by an unrelated potential plaintiff will confuse and mislead the jury in this case into considering the Defendant's budget conduct (and his purported motives for that conduct) when determining the liability of the Defendant.

                                  THE DEFENDANTS,
                                  CITY OF WEST HAVEN AND
                                  H. RICHARD BORER, JR.

                          By:_____
                                Thomas E. Katon
                                Federal Bar No. ct01565
                                Susman, Duffy & Segaloff, P.C.
                                55 Whitney Avenue
                                P O Box 1684
                                New Haven, CT 06507

## **CERTIFICATION**

       This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

<u>Counsel for the Plaintiff</u>
Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510
<u>Co-Counsel for the Defendants</u>
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

                                                                                                                  _____
                                                                                                                   Thomas E. Katon

I:\Client W\West Haven\Lorusso-Evangelista\trial preparation\memo of law re motion in limine re budget motives.wpd