UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*******************************
SANDRA LORUSSO and DEBORAH      *    CIVIL ACTION NO.
EVANGELISTA                     *     3:03CV00504 (MRK)
                                *
              PLAINTIFF         *
VS.                             *
H. RICHARD BORER, JR.           *    JULY      , 2005
              DEFENDANT         *
*******************************
```

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION IN LIMINE

Defendant hereby objects to the admission of Plaintiff Lorusso's alleged conversation with Ralph DeLucca, the Director of Personnel and Labor Relations for the City of West Haven, as set forth in paragraph 13 of the affidavit of Plaintiff Sandra Lorusso, dated July 20, 2004, (hereinafter the "Lorusso Affidavit") on the grounds that the statements alleged therein constitute inadmissible double hearsay or triple hearsay, do not constitute an admission by a party opponent and contain impermissible references to liability insurance.[1] Consequently, Defendant moves the Court for an order excluding any of Plaintiffs' proposed evidence as to the alleged statements as inadmissible. Defendant submits the following memorandum of law in support of his Motion in Limine.

---

[1] Paragraph 13 of Lorusso's Affidavit states the following: "Prior to my notice of retirement, I had a conversation with Ralph DeLucca during which he expressed sympathy for my dilemma. He further informed me that Mayor Borer was cautioned against his course of conduct against me and my sister, was told it was illegal and that I and my sister would probably sue the city. According to Mr. DeLucca, the Mayor shrugged off the prospect of litigation by stating, "So what, we're insured for that". Mr. DeLucca also stated that the Mayor was then told that insurance would not be available if I and/or my sister could prove malice and thus gain a punitive damages award. With this, according to DeLucca, the Mayor responded, "Well, let the taxpayers pay for it". Based on my conversation with Mr. DeLucca, it was clear that Ralph DeLucca was well aware that the Mayor was intent on purging me from city service entirely. I do not believe, therefore, that Mr. DeLucca would have deliberately orchestrated all of the above barriers to my re-employment in another position on his own initiative but did so only because Mayor Borer clearly had issued edict that I was not to be re-employed. This is consistent with my own experience working for the Mayor when he exhibited control to large extent over the hiring of various employees in the city's various departments."

## I.  NATURE OF THE CASE

Following the granting of partial summary judgment in favor of the Defendants, trial is limited to the Plaintiff's following claims of employment retaliation for their support of one of the Defendant's political opponents. Plaintiff, Sandra Lorusso, claims that, after her position was eliminated in the budget process, she was blocked at every turn by Defendant, Mayor H. Richard Borer, Jr., from seeking alternative positions within the City government and was effectively forced into retirement; Plaintiff, Deborah Evangelista, asserts that after her hours were reduced via the budget process, Mayor Borer thwarted her efforts to have her healthcare benefits continued or reinstated, although he approved such benefits for other City employees.

## II.  FACTS

As supporting evidence of their claims, it is anticipated that the Plaintiffs will seek to introduce testimony concerning Lorusso's recounting of an alleged conversation with the Director of Personnel and Labor Relations of the City of West Haven, Ralph DeLucca, Jr. (hereinafter "DeLucca"), which, in turn, consisted chiefly of a recounting of an alleged conversation either between Defendant and DeLucca or which DeLucca overheard or became otherwise aware.[2]

## III.  STANDARDS OF LAW

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence . . . . Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. . . . A

---

[2] It is not clear from the language used in the Lorusso Affidavit whether Lorusso is claiming that DeLucca told her of a conversation between Defendant and DeLucca or of a conversation that DeLucca overheard or otherwise became aware. Based on the language of the Lorusso Affidavit, it is conceivable that Lorusso is claiming that she was told by DeLucca about a conversation he learned of from an unspecified third party, which would actually constitute triple hearsay. Defendant's initial argument will assume, however, that Lorusso is claiming that the conversation at issue occurred between DeLucca and Mayor Borer or that DeLucca overheard such a conversation.

court considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. . . . The Court's ruling regarding a motion *in limine* is subject to change when the case unfolds." (Citations omitted; internal quotation marks omitted.) Commerce Funding Corp. v. Comprehensive Rehabilitation Services, Inc., 2005 WL 1026515, *3-4 (S.D.N.Y. 2005). Of course, the burden of establishing the admissibility of proposed evidence falls upon its proponent. Evans v. Port Authority of New York and New Jersey, 192 F.Supp.2d 247, 263 n.121 (S.D.N.Y. 2002).

It is well-established that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801 (c). Hearsay is not admissible into evidence unless allowed pursuant to an exception or other rule of law. See Fed. R. Evid. 802. Moreover, hearsay within hearsay, otherwise known as double hearsay, is admissible only if "each part of the combined statements conforms with an exception to the hearsay rule." Fed. R. Evid. 805.

Rule 801 (d) (2) (D) of the Federal Rules of Evidence provides, however, that a statement is not hearsay, and therefore would be admissible as an admission by a party-opponent, if "[t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." The contents of an alleged statement must be considered when determining whether there is an agency or employment relationship and the scope of the agent or employee's employment, although the contents alone are not sufficient to establish either. See Fed. R. Evid. 801 (d) (2). Although admissibility of evidence under Rule 801 (d) (2) (D) is liberally granted, a sufficient foundation must be provided to support the introduction of "vicarious admissions." See Pappas v. Middle Earth Condiminium Association, 963 F.2d 534, 537 (2d Cir. 1992). Thus, a party

3

seeking to introduce such statements must establish "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it related to a matter with the scope of the agency." Id.

To act within the scope of one's agency means to act in furtherance of the employer's business or affairs and, at least in part, with the purpose of serving the employer. See A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 208-210 (1990). Where statements do not relate to one of the duties of the agent, however, they are not within the scope of the agent's employment. See Evans, supra, 192 F.Supp.2d at 263; Dais v. Lane Bryant, Inc., 2001 WL 1285329, *2 (S.D.N.Y. 2001). Moreover, a declarant's statements are not within the scope of his employment if he is not an advisor or a significant participant in the decision-making process that is the subject matter of the statement. See U.S. v. Rioux, 97 F.3d 648, 661 (2d Cir. 1996); Evans, supra, 192 F.Supp.2d at 263. Thus, "not everything that relates to one's job falls within the scope of one's . . . employment." Id. For example, agents traditionally do not act in the scope of their employment if they make damaging statements concerning their employer. See Northern Oil Co. v. Socony Mobil Oil Co., 347 F. 2d 81, 85 (2d Cir. 1965) (admission into evidence of statement of employee to defendant's sales manager ruled reversible error where plaintiff failed to produce evidence of employee's identity and his specific authority to make the statement).

## IV.     ARGUMENT

### A.     **Plaintiffs' Proposed Evidence Is Inadmissible Double Hearsay Because It Seeks To Introduce An Out Of Court Conversation Concerning Another Out Of Court Conversation**

It is axiomatic that Lorusso's statements fall squarely into the definition of hearsay because she is recounting an alleged out of court conversation she had with DeLucca that is being offered to prove the truth of the matter asserted. Moreover, Lorusso's statements suffer from double hearsay

because they recount her out of court conversation with DeLucca (the first level of hearsay) who, in turn, was recounting another out of court conversation allegedly involving the Defendant (the second level of hearsay).  See Finnegan v. Board of Educ. of the Enlarged City School Dist. of Troy, 30 F.3d 273, 274 (2d Cir. 1994) (affirming dismissal of § 1983 action, where, *inter alia*, plaintiff's affidavit recounting his wife's conversation with a reporter concerning reporter's conversation with defendant official was double hearsay and thus would not be admissible at trial); Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000) (in Title VII and failure to promote case, proposed testimony offered by plaintiff as to statements made by co-workers who told her of harassing statements made by another co-worker to prove he actually made such statements ruled inadmissible); Franzon v. Massena Memorial Hospital, 89 F.Supp.2d 270, 277 (N.D.N.Y. 2000) (in § 1983 action before court on summary judgment motion, court ruled inadmissible portion of affidavit recounting out of court conversation with one person who in turn recounted another out of court conversation).  Accordingly, any testimony concerning the alleged conversation between Lorusso and DeLucca proffered by Plaintiffs should be ruled inadmissible and excluded from trial.

### B. Plaintiffs' Proposed Evidence Is Not The Admission Of A Party Opponent Because It Is Not Within The Scope Of Employment Of The Alleged Declarant

It is anticipated that Plaintiffs will argue that the statements at issue are admissible as an admission of a party opponent made through an agent or servant concerning a matter within the scope of employment.  See Fed. R. Evid. 801 (d) (2) (D).  This contention fails, however, because the statements at issue are not within the scope of DeLucca's employment.  As such, Plaintiffs cannot provide a sufficient foundation for the introduction of the proposed evidence.

It is anticipated that the Plaintiffs will argue that because DeLucca worked as the Director of Personnel and Labor Relations for the City of West Haven, his recounting to Lorusso of an alleged conversation with or involving the Mayor is automatically admissible as an admission against a

5

party opponent. This is an overly broad interpretation of the applicable law, as Plaintiffs must first establish a sufficient foundation for the introduction of vicarious admissions. See <u>Pappas</u>, <u>supra</u>, 963 F.2d at 537. Even if it is assumed, <u>arguendo</u>, that Plaintiffs can establish the existence of an agency relationship between Defendant and DeLucca and that DeLucca's alleged statements occurred during the course of the relationship,[3] Plaintiffs cannot demonstrate that the alleged statements related to a matter with the scope of DeLucca's employment.

Two cases assist in the determination that DeLucca's statements cannot constitute vicarious admissions. In <u>Evans v Port Authority of NY and NJ</u>, 192 F.Supp.2d 247 (S.D.N.Y. 2002), the Court reviewed, on Rule 801 (d) (2) (D) grounds, the admissibility of a co-worker's alleged statement to the plaintiff that a supervisor had made certain comments to the co-worker concerning the plaintiff's inability to attain a promotion. <u>Evans</u>, <u>supra</u>, 192 F.Supp.2d at 263. The court ruled that the statement was inadmissible hearsay because, *inter alia*, there was no evidence that the co-worker played a role in any relevant decision-making process or that the alleged statement was related to his duties. <u>Id.</u> at 264.

Similarly, in the <u>Dais v. Lane Bryant, Inc.</u>, 2001 WL 1285329 (S.D.N.Y. 2001), the Court highlighted the difference between statements relating to an employee's scope of employment and

---

[3] Defendant does not concede, however, these issues. In fact, it should be noted that Defendant is being sued only in his individual capacity. As such, it does not follow that a vicarious admissions argument, premised upon DeLucca's position as Director of Personnel and Labor Relations for Defendant in his official capacity, would permit the admission of the alleged conversation under Rule 801 (d) (2) (D). Indeed, as a prerequisite to maintaining a § 1983 action against an official in their personal capacity, a plaintiff must allege a defendant's direct or personal involvement in the alleged constitutional violation. Liability in such an action may not rely on *respondeat superior* or vicarious liability doctrines. <u>Soto v. Schembri</u>, 960 F.Supp. 751, 756 n.3 (S.D.N.Y. 1997). By the same token, it does not make sense for DeLucca's alleged comments to be admitted against Defendant in his individual capacity, where DeLucca was not employed by Defendant personally, but rather was an employee of the City of West Haven. Even if the contrary is true, however, the statements at issue do not fall within the scope of DeLucca's employment.

those that were not within the scope of employment. See Dais, supra, 2001 WL 1285329 at *2. The plaintiff in Dais sought to testify that two co-workers had allegedly related to him the comments of a former supervisor, in which the supervisor has issued a formal edict setting a racially discriminatory policy. Id. The court ruled that the plaintiff could testify as to comments by one co-worker who was charged with the duty of enforcing the official policy. Id. On the other hand, the court excluded testimony concerning the comments of the other co-worker because, while the worker may have known of the alleged policy, its enforcement was not within the duties assigned to him. Id. Accordingly, the court ruled that the second co-worker's comments were not an admission of a party opponent and could not overcome the twin hurdles of double hearsay. Id.

      Here, the alleged statements are like those of the second co-worker in the Dais case and the co-worker in the Evans case because they do not reflect upon DeLucca's duties. In essence, the Lorusso Affidavit contends that Defendant was warned that his course of conduct was illegal but he rebuffed the warning and claimed insurance would cover any potential litigation resulting from his decisions. The Affidavit further asserts that the Defendant made other comments concerning taxpayers paying for any award granted pursuant to litigation. These alleged comments reflect, at best, Defendant's potential views on the powers and responsibilities of the Mayor's office and the risks, such as litigation, inherent in exercising the same. At worst, they reflect Defendant's potential personal views concerning the roles of the Mayor's office and his constituents.

      These comments do not, however, reflect an official edict, such as that found in the Dais case, from the Mayor to the Director of Personnel and Labor Relations to not re-employ Lorusso or to deny benefits to Evangelista. Moreover, if the comments are indicative of unilateral decisions by Defendant concerning Plaintiffs, as the Lorusso Affidavit plainly asserts, this would indicate that DeLucca could not have had a significant role in the alleged decision-making process of Defendant,

and it would only serve to remove the alleged comments further from DeLucca's scope of employment. In addition, there is no indication that DeLucca had the implied, express or general authority pursuant to his position to make the statements alleged by Lorusso. Accordingly, the statements cannot be characterized as relating to the scope of DeLucca's employment.

Because the statements at issue do not constitute admissions of a party opponent, therefore, they remain hearsay within hearsay. Moreover, even if the Court ruled that the alleged statements were an admission against a party opponent, thereby overcoming one hearsay hurdle, this would not overcome the second hearsay hurdle that also renders this portion of the Lorusso Affidavit inadmissible - namely, that Lorusso is recounting her alleged out of court conversation about the alleged conversation between DeLucca and the Defendant. See <u>Franzon</u>, <u>supra</u>, 89 F.Supp.2d at 277. Thus, the Court should exclude the proposed evidence.

        **C.**     **<u>Plaintiffs' Proposed Evidence Should Be Excluded Because It Is Inadmissible Triple Hearsay That Cannot Be Deemed An Admission Of A Party Opponent</u>**

The ambiguous and passive language of the Lorusso Affidavit indicates that Lorusso may be claiming she was told by DeLucca about a conversation he learned of from an unspecified third party. Thus, Lorusso's averments can be fairly read to state that she is not claiming that DeLucca himself engaged in a conversation with Defendant in which he warned Defendant about his alleged conduct. This is a fair reading of the allegations because Lorusso uses passive language to convey what DeLucca allegedly told her. For example, rather than asserting that "DeLucca told me that he warned the Mayor about his conduct," Lorusso contends that DeLucca "informed me that Mayor Borer *was cautioned* against his course of conduct." Lorusso Affidavit, ¶ 13. In addition, Lorusso asserts that DeLucca stated Defendant "*was then told* that insurance would not be available." Lorusso Affidavit, ¶ 13. Had DeLucca conveyed his active and direct involvement in a conversation with Defendant, it would be illogical and inconsistent to convey such statements with passive

8

language.  As such, Lorusso's statements reasonably indicate that DeLucca allegedly received this information from an unidentified third party.  Accordingly, Lorusso's statements would actually constitute inadmissible triple hearsay.

      Moreover, if Lorusso is recounting DeLucca's version of what an unknown third party told him, then this evidence could not constitute an admission of a party opponent because it again lacks the proper foundation to establish agency.  See Zaken v. Boerer, 964 F.2d 1319, 1323-1324 (2d Cir.), cert. denied sub nom, Boerer v. Zaken, 506 U.S. 975 (1992) (court ruled that where comment made to declarant concerning alleged discrimination was not attributed to specific individual then evidence sought to be introduced as admission of party opponent properly excluded because it failed to establish agency); Evans, supra, 192 F.Supp.2d at 264-65 (alleged statements of unidentified managers ruled inadmissible as admissions because it was impossible to tell whether statements concerned matters within the scope of managers' employment).  Similarly, here, the identity of the unknown declarant is a critical, but absent, factor to any argument that DeLucca conveyed an admission of a party opponent.  Accordingly, the evidence should be excluded.

      **D.**    **Plaintiffs' Proposed Evidence Should be Excluded on the Grounds that it Contains Impermissible References to Liability Insurance.**

Pursuant to Fed. R. Evid. 411, "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully."  Here, the proposed evidence recounts an alleged conversation of the Defendant wherein the Defendant allegedly "shrugged off the prospect of litigation by stating, 'So what, we're insured for that.'" It is clearly offered by the Plaintiffs for the purpose of establishing the Defendant's knowledge of the wrongfulness of his actions.  Accordingly, it should be excluded pursuant to Fed. R. Evid. 411.

### V.   CONCLUSION

For the above-mentioned reasons, Defendant objects to the admission into evidence of the substance of Paragraph 13 of the Lorusso Affidavit on the grounds that the same constitutes inadmissible double or triple hearsay, does not constitute an admission of a party opponent and makes reference to the existence of liability insurance.  Thus, Plaintiffs' proposed evidence is clearly inadmissible on all potential grounds.  Accordingly, Defendant moves the Court for an order excluding any of Plaintiffs' proposed evidence in this regard as inadmissible.

        THE DEFENDANTS,
        CITY OF WEST HAVEN AND
        H. RICHARD BORER, JR.


By:_____
    Jennifer L. Schancupp
    Federal Bar No. ct11876
    Susman, Duffy & Segaloff, P.C.
    55 Whitney Avenue
    P O Box 1684
    New Haven, CT 06507

### CERTIFICATION

This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid, to the following:

| Counsel for the Plaintiff | Co-Counsel for the Defendants |
|---|---|
| Karen Lee Torre | Paul J. Dorsi, Esq. |
| Law Offices of Karen Lee Torre | Assistant Corporation Counsel |
| 51 Elm Street, Suite 307 | Office of the Corporation Counsel |
| New Haven, CT 06510 | City of West Haven |
|  | 355 Main Street |
|  | West Haven, CT 06516 |

_____
Jennifer L. Schancupp

I:\Client W\West Haven\Lorusso-Evangelista\trial preparation\West Haven Lorusso Memorandum of Law in support of Motion in Limine to preclude Lorusso Affidavit.wpd