UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
(NEW HAVEN)

**************************************
| | | |
|---|---|---|
| SANDRA LORUSSO and DEBORAH | * | CIVIL ACTION NO. |
| EVANGELISTA | * | 3:03CV00504 (MRK) |
| PLAINTIFFS | * | |
| VS. | * | |
| H. RICHARD BORER, JR. | * | JULY        , 2005 |
| | * | |
| DEFENDANT | * | |

**************************************

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's Scheduling Order dated April 18, 2005, the Plaintiffs and the

Defendant, by undersigned counsel, hereby submit the following Joint Trial Memorandum.

**1. Trial Counsel**

Plaintiff:     Karen Lee Torre, Law Offices of Karen Lee Torre, 51 Elm St., New Haven,

CT, Suite 307, New Haven, CT 06510.  Tel: (203) 865-5541; Fax: (203) 865-

4844; e-mail: ktorre@choiceonemail.com

Defendant:     Jennifer L. Schancupp and/or Thomas E. Katon, Susman, Duffy & Segaloff,

P.C., 55 Whitney Ave., New Haven, CT 06510.  Tel: (203) 624-9830; Fax:

(203) 562-9830; e-mail: tkaton@susmanduffy.com

**2. Jurisdiction**

a.  Subject Matter Jurisdiction:

This action arises under the First Amendment of the United States Constitution, as

enforced by 42 U.S.C. § 1983.

b.  Personal Jurisdiction:

All parties are residents of the State of Connecticut.

3. **Jury/ Non-Jury**

This matter will be heard by a jury.

4. **Length of Trial**

The parties estimate that trial will take approximately 2 weeks.

5. **Further Proceedings**

The Defendants have been informed that Mr. Richard Legg, a witness on both the Plaintiffs' and the Defendant's list of trial witnesses may be unavailable to testify at trial due to the pending adoption of a daughter from China.  Mr. Legg anticipates that he may need to travel to China during the time that this matter is exposed for trial in order to complete the adoption.  Mr. Legg has been subpoenaed by the Plaintiffs (and is also on the Defendant's witness list). The Defendants have filed a Motion to Modify the Subpoena or for Continuance of Trial.  The Motion seeks permission to have Mr. Legg testify via videotaped deposition at trial. The Plaintiffs have not agreed to present his testimony for trial via videotape.

The Defendants have filed Motions in Limine (copies attached) which will require resolution prior to trial.

6. **Nature of Case**

This case arises under the First Amendment of the United States Constitution.  The Plaintiff, Sandra Lorusso, is the former Risk Manager for the City of West Haven.  The Plaintiff, Debra Evangelista, is the Administrative Assistant to the Democratic Registrar of Voters for the City of West Haven. The Defendant, H. Richard Borer, is the Mayor of the City of West Haven. Both Plaintiffs claim that the Defendant retaliated against them in their employment with the City of West Haven based on their support of a political opponent of the Defendant in the election of November, 2001.

2

The Plaintiff, Sandra Lorusso, claims that, when the position of Risk Manager for the City of West Haven was eliminated as part of the City's budget for Fiscal Year 2002-2003, the Defendant retaliated against her by interfering with her efforts to obtain subsequent employment with the City of West Haven.  The Plaintiff, Debra Evangelista, claims that, the Defendant retaliated against her by blocking her efforts to have her health care benefits reinstated after they were lost as a consequence of the fact that her hours of employment were reduced in the City's budget for Fiscal Year 2002-2003.

The Plaintiffs seek compensatory damages, punitive damages and attorney's fees.  As affirmative defenses, the Defendant asserts that the Plaintiffs have failed to state a claim upon which relief can be granted, that the Court lacks subject matter jurisdiction over the asserted claims, and that the Defendant is protected by the doctrines of governmental immunity and legislative immunity.

**7.  Trial by Magistrate Judge**

Counsel have not agreed to trial by a Magistrate Judge.

**8.  Evidence**

    **a.  Witnesses**

        **i.  Plaintiffs' Anticipated Witnesses**

1.    **Sandra Lorusso** - The plaintiff will testify regarding the history of her relationship with defendant, her role as a previous campaign manager and supporter, her job history with the City, the circumstances under which she became Risk Manager, the elimination of her job, her attempts to become re-employed in vacant positions and her communications with the defendant and his appointed subordinates regarding these efforts.  She will also testify about her damages.

**Objection: The Defendant objects to testimony anticipated to be offered by the Plaintiff concerning her claimed reasons for no longer supporting the Defendant politically, The**

probative value of this testimony is outweighed by its prejudicial impact.  As set forth in a separate Motion in Limine, the Defendant further objects to anticipated evidence concerning the Defendant's alleged motives for his budget recommendations.

2.    **Deborah Evangelista** - The plaintiff will testify regarding the history of her relationship with defendant, her previous role in his bids for elective office, her appointment and work in the Registrar's Office, the reduction of her hours and elimination of her health benefits, her conversations with defendant regarding the adverse action, her efforts to regain benefits and her damages.

**Objection:  The Defendant objects to testimony anticipated to be offered by the Plaintiff concerning her claimed reasons for no longer supporting the Defendant politically, The probative value of this testimony is outweighed by its prejudicial impact. As set forth in a separate Motion in Limine, the Defendant further objects to anticipated evidence concerning the Defendant's alleged motives for his budget recommendations.**

3.    **H. Richard Borer** - the defendant will be examined regarding his previously friendly relationship with the plaintiffs, his relationship with and authority over his appointed subordinates, City practices respecting appointments to jobs, his role in the budget process, statements he made to plaintiffs and others regarding his retaliatory animus towards plaintiffs, and his knowledge of and role in the adverse actions complained of.

4.    **Richard Legg** - Mr. Legg will be examined regarding his appointment as Finance Director, his relationship with the defendant, statements he made to the plaintiffs regarding the defendant's challenged conduct, his own awareness of defendant's animus toward the plaintiffs, the circumstances surrounding the denial of re-employment to Lorusso and the continued employment and appointment of Carol Silverstein in the position of Risk/Procurement Manager.  He will also be

examined regarding the documentary evidence relevant to the Mayor's budget proposals and admissions by the Mayor of retaliatory intent.

5.    **Ralph DeLucca, Jr.** - Mr. DeLucca will be examined regarding his appointed position as Personnel Director, his reporting and other relationship with the defendant, his role in employee selection and the filling of vacancies, his conversations with plaintiffs regarding the effects of the challenged adverse actions, his personal knowledge of the defendant's retaliatory intent and political animus toward plaintiffs and the circumstances under which Lorusso was denied re-employment in the vacant position sought, the circumstances surrounding Evangelista's unsuccessful efforts to regain her health benefits and insurance and statements he made to the plaintiffs regarding his knowledge of defendant's retaliatory intent.

6.    **Antonio Bunomo** - Mr. Buonomo will testify regarding his history of involvement in West Haven politics, including his tenure as a City Councilman, his relationship with the plaintiffs, the plaintiffs' support and later withdrawal of support for defendant and defendant's expressed political animus toward plaintiffs.

**Objection:  As set forth in a separate Motion in Limine, the Defendant objects to anticipated evidence concerning the Defendant's alleged motives for his budget recommendations.**

7.    **Tracy Morrissey** - Tracy Morrissey will describe her history of involvement in West Haven politics, her relationship with the defendant and her personal knowledge of defendant's expressed political animus toward plaintiffs.

**Objection:  As set forth in a separate Motion in Limine, the Defendant objects to anticipated evidence concerning the Defendant's alleged motives for his budget recommendations.**

8.    **Margaret Schenkle** - Ms. Schenkle will testify regarding her history of employment with the City of West Haven and her relationship with the defendant.  She will also testify regarding

statements/admissions made by the defendant which events defendant's state of mind and retaliatory motive directed at employees who supported his political opponent.

**Objection:  As set forth in a separate Motion in Limine, the Defendant objects to anticipated evidence concerning the Defendant's alleged motives for his budget recommendations.**

9.     **Mary Peckingham** - Ms. Peckingham may be called to testify regarding conversations she witnessed at Morrissey campaign headquarters to the effect that plaintiffs would be targeted for political retribution.

**Objection: The Defendant objects to the anticipated evidence on the grounds that it is hearsay and further on the grounds that, as concerns the budget conduct, evidence of motive is not relevant to the alleged motive for post budget conduct.  Further, presentation of this evidence is likely to mislead and confuse the jury regarding the issues to be tried, versus the issues disposed of on summary judgment.**

10.     **Linda Corradino** - Ms. Corradino may be called to testify regarding the defendant ordering Richard Legg to take over plaintiff's office.

**Objection: The Defendant objects to this testimony on the grounds of relevance.**

11.     **Carol Silverstein** - Ms. Silverstein may be called to testify regarding her relationship with and support of the defendant, her job experience and history, and the circumstances under which she was allowed to continue working despite the elimination of her job and the circumstances of her appointment to Sandra Lorusso's old position.

12:     **Mark Bisaccia** - Mr. Bisaccia may be called to testify regarding his position with the plaintiff's union, union/City relations with respect to the posting and filling of jobs, his communications with City officials regarding vacant positions and circumstances under which he gained appointment to the position of Assistant to the Commissioner of Public Works, a job sought

by Lorusso.

### ii. Defendant's Anticipated Witnesses

**H. Richard Borer**, Mayor, City of West Haven, 355 Main Street, West Haven, CT 06516. Mr. Borer's testimony will focus on the Plaintiffs' employment relationship with the City of West Haven and his political relationsip with them, the selection of the successful candidates for the positions sought by Ms. Lorussso and his role in the denial of Ms. Evangelista's request that her health care benefits be reinstated. It is anticipated that Mr. Borer will testify and that his testimony will require approximately 4 hours.

**Ralph DeLucca**, 7 Green Hill Lane, West Haven, CT 06516. Mr. DeLucca is the former Director of Personnel and Labor Relations for the City of West Haven. Mr. DeLucca's testimony will focus on the Plaintiffs' employment relationship with the City of West Haven, the process by which Ms. Lorusso was eligible to bump on or bid on alternate City employment and the reasons for the denial of her requests for City employment following the elimination of the job of Risk Manager. Mr. DeLucca will also testify on the early incentive retirement package offered to Ms. Lorusso as a member of Local 1103. Mr. DeLucca will also testify concerning the denial of Ms. Evagelista's request that her health care benefits be reinstated. It is anticipated that Mr. DeLucca will testify and that his testimony will require approximately 5 hours.

**Richard Legg**, Director of Finance, City of West Haven, 355 Main Street, West Haven, CT 06516. Mr. Legg will testify on Ms. Lorusso's employment relationship with the City of West Haven, the finances of the early retirement incentive package available to members of Local 1103, the finances of health care benefits available to City employees, the selection process and his role in the selection of the candidate who was ultimately successful in applying for the job of Risk Manager/ Procurement Officer.. It is anticipated that Mr. Legg will testify and that his

testimony will require approximately 4 hours.

                 **Arthur Ferris**, 250 Saw Mill Road, West Haven, CT 06516.  Mr. Ferris will testify on the selection process and his role in the selection of the candidate who was ultimately successful in applying for the job of Assistant to the Commissioner of Public Works.  It is anticipated that Mr. Ferris will testify and that Mr. Ferris' testimony will require approximately 2 hours.

        **Objection - Mr. Ferris was not disclosed during discovery as a witness or potential trial witness.**

                 **Joseph Mayhew,** CWA, 345 Westchester Ave., Port Chester, NY 10573.  Mr. Mayhew is the Business Agent for Local 1103 of the CWA.  Mr. Mayhew is expected to testify regarding the role of the Union in the revision of job descriptions.  Mr. Mayhew will testify only if the need arises.  It is anticipated that Mr. Mayhew's testimony will require approximately 2 hours.

        **Objection - Mr. Mayhew was not disclosed as a witness or a potential trial witness during discovery.**

                 **Jo Ann Callegari**, Republican Registrar of Voters, City of West Haven, 355 Main Street, West Haven, CT 06516.  Ms. Callegari is expected to testify regarding the appointment of staff positions in the office of Registrar of Voters. It is anticipated that Ms. Callegari will testify only if the need arises.  Her testimony will require approximately 1 hour.

                 **Mary Marino**, Democratic Registrar of Voters, City of West Haven, 355 Main Street, West Haven, CT 06516.  Ms. Marino is expected to testify regarding the appointment of staff positions in the office of Registrar of Voters and her supervision of Ms. Evangelista.  It is anticipated that Ms. Marino will testify only if the need arises. Her testimony will require approximately 1 hour.

**Emmet McDonough** 234 West Walk,West Haven, CT 06516. Mr. McDonough is the former Democratic Registrar of Voters for the City of West Haven. His testimony is anticipated regarding the appointment of staff positions in the office of Registrar of Voters and his supervision of Ms.Evangelista. Mr. McDonough will testify only if the need arises. His testimony will require 2 hours.

**Objection - this testimony will be unnecessarily repetitive and cumulative in light of the testimony of Ms. Callegari and Ms. Marino.**

**Joan Andrews,** State of Connecticut, Elections Enforcement Commission, 22 Trinity St., Suite 101, Hartford, CT 06106. Ms. Andrews is the Chief Election Officer for the State of Connecticut. Her testimony will address the functioning of the Office of Registrar of Voters for the City of West Haven. Ms. Andrews will testify only if the need arises. Her testimony will require 2 hours.

**Objection - the testimony is irrelevant to the issues in this case related to plaintiff Evangelista.**

**b. Exhibits**

**i. Plaintiffs' Exhibits**

1.     Letter to Mayor from Union Business Agent Joseph C. Mayhew and May 1, 2002 letter of response.


2.     June 11, 2002 letter to Sandra Lorusso from Ralph Delucca, Jr.


3.     Job description for Risk Manager.

4.          City of West Haven Bumping Policy.

5.          June 21, 2002 letter to Sandra Lorusso from Ralph DeLucca, Jr.

6.          Job posting for Zoning Enforcement Officer.

7.          Job description for Assistant to the Commissioner of Public Works.

8.          Vendor payment vouchers for compensation paid to Mary Annunziata.

9.          June 10, 2002 letter from Sandra Lorusso to Ralph DeLucca.

10.         June 11, 2002 letter from Ralph DeLucca to Sandra Lorusso.

11.         June 28, 2002 letter from Sandra Lorusso to Ralph DeLucca.

12.         July 10, 2002 letter from Sandra Lorusso to Ralph DeLucca.

13.         July 30, 2002 letter from Sandra Lorusso to Ralph DeLucca.

14.     Correspondence of June 10, 2002, June 19, 2002 and June 26, 2002 between
        Ralph DeLucca and Business Agent Joseph C. Mayhew.

**Objection: The Defendant objects to the admission of th6/26/02 correspondence**

**on the grounds of relevance.  It pertains solely to bargaining between the Union and the City**

of West Haven on jobs eliminated through the 2002-2003 budget process.  Job elimination through the budget process is not a matter to be tried, it having been decided that the Defendant is entitled to legislative immunity concerning the Plaintiffs' claims in this regard.

15.     August 1, 2002 letter from Ralph DeLucca to Sandra Lorusso with appended agreement with Union Business Agent Mayhew.

16.     Job description for Risk/Procurement officer.

17.     City of West Haven payroll summary for Carol Silverstein for payroll periods ending 7/5/2002 through 7/26/2002.

18.     Job posting for Risk/Procurement Manager dated July 23, 2002.

19.     Notice of "Successful Bidder" (Carol Silverstein) for position of Risk/Procurement officer dated August 2, 2002.

20.     Job Posting for Assistant to Commissioner of Public Works dated July 16, 2002.

21.     Notice of "Successful Bidder" (Mark Bisaccia) for position of Assistant to Commissioner of Public Works dated August 5, 2002.

22.    November 27, 1991 notice of appointment of Deborah Evangelista to position of Administrative Assistant.

23.    June 13, 2002 letter from Deborah Evangelista to Ralph DeLucca.

24.    June 17, 2002 letter from Ralph DeLucca to Deborah Evangelista.

25.    Memorandum dated July 22, 2002 from Office of the Mayor to Richard Legg regarding grant of health insurance to West Haven Economic Development Corporation ("EDC") administrative assistant.

26.    Agreement dated July 1, 2000 signed by Mayor Richard Borer granting health insurance to EDC Executive Director.

**Objection: The Defendant objects to the admission of this document on the grounds of relevance.  It is a contract between the City of West Haven and the West Haven Economic Development Corporation dated July 1, 2002 which, by its terms, was effective for one year.  It is, therefore, not relevant to the time period at issue in this trial.**

27.    Job description for Commissioner of Human Resources.

28.    Department Personnel Summary regarding Purchasing Department.

29.     Statements of Councilwoman Martha Bell and Republican Register Joann Callegaris.

**Objection:  The Defendant objects to the admission of this document on the grounds of relevance.  The Defendant has filed a Motion in Limine directed to these documents (as well as others) on this ground.  The documents pertain to the budget process whereby the City Council enacted a budget which resulted in a cut in funding to the office of the Registrar of Voters.  As was decided on the Defendant's Motion for Summary Judgment, the Defendant is entitled to legislative immunity with respect to the Plaintiffs' allegations concerning the Defendant's legislative conduct pertaining to the budget. Accordingly, the enactment of the budget and the Defendant's role is not relevant to this case. Moreover, the documents contain inadmissible speculation or opinion by the writers as to the Defendant's motives for proposing a reduction in the budget of the office of the Registrar of Voters.**

30.     West Haven City Charter.

**ii. Defendant's Exhibits**

501.     Agreement between Communications Workers of America Local 1103 and The City of West Haven for July 1, 2000 to June 30, 2004

**Partial objection - only pertinent provision(s) of the agreement should be admitted, otherwise, the extensive document will unnecessarily consume the jury's time.**

502.     Bumping Policy

503.     Job description for Zoning Officer

504.    Job description for Property Maintenance Code Inspector

**Objection.  The document was never disclosed during discovery.  It is also irrelevant.**

505.    Job description for Risk/Procurement Manager

506.    Job description for Risk Manager

507.    Job description for Assistant Purchasing Agent

508.    Letter dated June 10, 2002 from Sandra Lorusso to Ralph DeLucca

509.    Letter dated June 11, 2002 from Ralph DeLucca to Sandra Lorusso

510.    Letter dated June 18, 2002 from Ralph DeLucca to Mark Bisaccia (attached - old and new proposed job descriptions for Assistant to the Commissioner of Public Works)

**Subject to authentication by a proper witness, plaintiffs do not object.**

511.    Letter dated June 19, 2002 from Ralph DeLucca to Joseph Mayhew

**Subject to authentication by a proper witness, plaintiffs do not object.**

512.    Letter dated June 21, 2002 from Ralph DeLucca to Sandra Lorusso

513.    Letter dated June 28, 2002 from Sandra Lorusso to Ralph DeLucca

14

514.    Job Posting dated July 9, 2002 re: Assistant to Commissioner of Public
Works

**Subject to authentication by a proper witness, plaintiffs do not object.**

**(Note: plaintiffs' copy bears a different date).**

515.    Letter dated July 10, 2002 from Ralph DeLucca to Arthur Ferris

**Objection.  The document was never disclosed in discovery.  In addition, plaintiffs would insist on proper authentication.**

516.    Memorandum dated July 29, 2002 from Arthur Ferris to Ralph DeLucca


517.    Successful Bidder re: Assistant to Commissioner of Public Works


518.    Amendment dated July 22, 2002 re: Risk Procurement Manager

**Subject to authentication by a proper witness, plaintiffs do not object.**

519.    Job Posting dated July 23, 2002 re: Risk/Procurement Manager


520.    Letter dated July 24, 2002 from Carol Silverstein to Ralph DeLucca

**Objection.  The document was not disclosed during discovery.  In addition, plaintiffs would request proper authentication.**

521.    Letter dated July 29, 2002 from Ralph DeLucca to Richard Legg

**Objection.  The document was not disclosed during discovery.  In addition, plaintiffs would request proper authentication.**

522.    Letter dated July 30, 2002 from Sandra Lorusso to Ralph DeLucca

523.    Letter dated August 1, 2002 from Ralph DeLucca to Sandra Lorusso

524.    Letter dated August 2, 2002 from Richard Legg to Ralph Delucca

**Objection.  The document was not disclosed during discovery.  In addition, plaintiffs would request proper authentication.**

525.    Successful Bidder dated August 2,, 2002 re: Risk Procurement Manager

526.    Letter dated April 30, 2002 from Jo Ann Callegari to Ralph DeLucca

527.    Letter dated May 8, 2002 from Jo Ann Callegari to Ralph DeLuccaRegistrars Survey

**Note - this exhibit makes no reference to a "Registrars'" Survey.**

528.    City of West Haven Savings/Cost Resulting from 2002 Retirement Incentive

**Objection.  This document is irrelevant.  If determined to be relevant, plaintiffs would request proper authentication.**

529.    Amendments to Resolution

**Subject to proper authentication, no objection.**

530.    Recommended Operating Budget for 2002-2003

**Subject to proper authentication, no objection.**

531.    Approved Operating Budget for 2002-2003

**Subject to proper authentication, no objection.**

532.    Photograph of Sandra Lorusso re: campaign manager for Mayor Borer

**Objection.  The photograph is irrelevant.**

16

533.    Memorandum dated September 24, 1998 from Deborah Evangelista to Ralph DeLucca re: Harassment

**Objection.  The document is irrelevant.  It has no relation to this case.  It also was never disclosed as a potential exhibit.**

534.    Letter dated June 11, 2002 from Ralph DeLucca to Sandra Lorusso

535.    Letter dated December 7, 1998 from Richard Martini to Ralph DeLucca re: Grievance

**Objection. The document is irrelevant.**

536.    Retirement Incentive for Local 1103

**Objection.  The document was never disclosed during discovery.**

**c.  Deposition Testimony**

The Defendants anticipate that Mr. Legg may need to testify by deposition at trial.  This is the subject of a Motion to Modify Subpoena or for Continuance of Trial filed on this same date.

**The plaintiffs object on the grounds that Mr. Legg can in fact appear at trial and a deposition would be inconvenient, time-consuming, unnecessary and prejudicial to plaintiffs.**

**9.  Stipulations of Fact**

**a.  Uncontroverted Facts**

1.  The Plaintiffs, Sandra Lorusso and Deborah Evangelista are sisters and have long been active in Democratic politics for the City of West Haven.

2.  Sandra Lorusso was formerly employed by the City of West Haven, most

recently as the Risk Manager.

3.   Deborah Evangelista has been employed by the City of West Haven since 1991, as the Administrative Assistant to the Democratic Registrar of Voters.

4.   The Defendant H. Richard Borer, Jr. was first elected as Mayor of the City of West Haven in November, 1991 for a two year term and was reelected for successive two year terms from 1993 through 2003.

5.   The Plaintiffs were supporters of the Defendants run for office from 1993 through 1999.  The Plaintiffs did not support the Defendant in his run for office in 2001. They supported his opponent in the party primary.

6.   The budget adopted by the West Haven City Council for fiscal year 2002-2003 eliminated the funding for the position of Risk Manager and reduced the funding for the two positions of Administrative Assistant to the Registrar of Voters from 35 hours per week to 19 hours per week. These reductions were among others adopted by the City Council as part of the budget.

7.   Sandra Lorusso retired effective June 30, 2002.

8.   Pursuant to Union Contract, Sandra Lorusso had certain bumping rights and bidding rights when the position of Risk Manager was eliminated.

9. Prior to her retirement, Sandra Lorusso sought to bump into the position of Assistant to the Commissioner of Public Works for the City of West Haven. She was informed that she was unable to bump into this position because the job description for the position was being rewritten and she had not yet been afforded her bumping rights as of the date of her request.

10.   Also prior to her retirement, Sandra Lorusso sought to bump into the position of Zoning Enforcement Officer.  She was informed that she was not able to bump into this position because she was not qualified for the job.

11.   Subsequent to her retirement, a new position of Risk Manager/ Procurement Officer was posted for bid by City employees.  Sandra Lorusso was no longer employed by the City at the time this position was posted.

12.   When funding for the position of Administrative Assistant to the Democratic Registrar of Voters was reduced to 19 hours, Deborah Evangelista lost her health care benefits.  Health care benefits are only available to City employees who work at least 20 hours per week.

### b.  Contested Issues of Fact and Law

#### 1. Plaintiffs' Contentions

The Plaintiff contends that, when the position of Risk Manager for the City of West Haven was eliminated as part of the City's budget for Fiscal Year 2002-2003, the Defendant retaliated against her by interfering with her efforts to obtain subsequent employment with the City of West Haven.  The Plaintiff, Debra Evangelista, claims that the Defendant retaliated against her by blocking her efforts to have her health care benefits reinstated after they were lost as a consequence of the fact that her hours of employment were reduced in the City's budget for Fiscal Year 2002-2003. The Plaintiffs contend that the Defendant took these alleged actions with malice.

#### 2. Defendant's Contentions

The Defendant contends that the Complaint fails to state a claim upon which relief may be granted.  In particular, the Plaintiffs have not met their burden to establish a prima facie case for retaliation because there does not exist a cause in fact relationship between the Plaintiffs' exercise of their First Amendment rights and the claimed constitutional violation.  In addition, the Plaintiffs cannot show that their First Amendment rights were chilled as a result of the Defendant's action.  Furthermore, the Plaintiffs cannot show that the Defendant had direct and

personal involvement in the decisions affecting the Plaintiffs and thus cannot establish his individual liability.

Assuming that the Plaintiffs have established a prima facie case, the Defendant contends that his actions with respect to Sandra Lorusso's efforts to obtain subsequent City employment are protected by qualified immunity. As to Deborah Evangelista's efforts to have her health care benefits reinstated, the Defendant contends that the loss of health care benefits is protected by legislative immunity because the loss of benefits was a consequence of the fact that the hours of the position were cut, rather than an independent action.  Insofar as Evangelista claims that the Defendant somehow actively thwarted her efforts to have her health care benefits reinstated, the Defendant contends that his actions are protected by qualified immunity.

**10.  Proposed Voir Dire**

See attached list of proposed Voir Dire questions

**11.  Proposed Jury Instructions**

See attached proposed Jury Instructions

**12.  Proposed Verdict Form**

See attached proposed Verdict Form

**13.  Brief Description of Case and Parties**

The Plaintiff, Sandra Lorusso, is the former Risk Manager for the City of West Haven.  The Plaintiff, Debra Evangelista, is the Administrative Assistant to the Democratic Registrar of Voters for the City of West Haven. The Defendant, H. Richard Borer, is the Mayor of the City of West Haven. The Plaintiffs claim that the Defendant retaliated against them in their employment with the City of West Haven based on their support of a political opponent of the Defendant in the election of November, 2001.  The Defendant denies the Plaintiffs' claims.

### 14. Anticipated Evidentiary Problems

The Plaintiffs and the Defendant anticipate that there will be evidentiary problems concerning the admission of certain exhibits. Those objections are noted in the respective Lists of Exhibits incorporated herein..

In addition, the Defendant has filed Motions in Limine directed to the following: 1) an alleged conversation between Defendant and Ralph DeLucca as retold by the Plainitff Sandra Lorusso. Defendant objects to the admission of this testimony on the grounds that it is hearsay, is not an admission of a party; and contains an impermissible reference to the existence of liability insurance; 2) the admission of testimony of certain witnesses concerning the Defendant's alleged motives for proposing the budget cuts in the City of West Haven's 2002-2003 budget. The Defendant contends that this testimony is not relevant to the alleged post-budget conduct of the Defendant.

Plaintiffs' counsel received copies of the Defendant's Motions in Limine and Supporting Memoranda of Law at 2:00 p.m. on the date of submission of this Joint Trial Memorandum. Accordingly, upon review and consideration of same, Plaintiff will file opposing memoranda as soon as is possible.

THE PLAINTIFFS

_____
Karen Lee Torre
Federal Bar no. ct01707
LAW OFFICES OF KAREN LEE TORRE
51 ELM ST., NEW HAVEN, CT, SUITE 307
NEW HAVEN, CT 06510
Tel: (203) 865-5541
Fax: (203) 865-4844
E-mail:ktorre@choiceonemail.com

21

THE DEFENDANT


_____
Thomas E. Katon
Federal Bar no: ct01565
SUSMAN, DUFFY & SEGALOFF, P.C.
55 WHITNEY AVENUE, P.O. BOX 1684
NEW HAVEN, CT 06507
Tel: (203) 624-9830
Fax: (203) 962-8430
E-mail: tkaton@susmanduffy.com