UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
(NEW HAVEN)

```
************************************
SANDRA LORUSSO and DEBORAH      *    CIVIL ACTION NO.
EVANGELISTA                     *    3:03CV00504 (MRK)
PLAINTIFFS                      *
VS.                             *
H. RICHARD BORER, JR.           *
                                *
DEFENDANT                       *
************************************
```

## PROPOSED JURY CHARGES

**Section § 1983 First Amendment Claims/ Burden of proof**

The Plaintiffs have made a claim of political retaliation for the exercise of their First Amendment rights as enforced by 42 U.S.C. § 1983. The First Amendment protects activities and expressions concerning one's political beliefs and associations. 42 U.S.C. § 1983 enables a person to sue for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the a plaintiff's rights under the U.S. Constitution. To succeed on a claim that the Defendant committed unlawful acts done "under color of law," the Plaintiffs must prove by a preponderance of the evidence, that the Defendant intentionally misused the power of his position while purporting to act in the performance of official duty.

**[Plaintiffs' objection: The jury need not find that a defendant intended to violate another's constitutional rights; only that he intended the <u>acts</u> which resulted in the constitutional violation. <u>Stengel v. Belcher</u>, 522 F.2d 438 (6th Cir. 1975)].**

A claim of political retaliation under § 1983 has four components which must be proven by a Plaintiff by a preponderance of the evidence. Namely, that (1) the Plaintiffs speech addressed a matter of public concern; (2) the Plaintiffs suffered an adverse employment action; (3) that a causal connection existed

between the protected speech and the adverse employment actions so that it can be said that Plaintiffs' expressions were a motivating factor behind the alleged adverse employment action; and (4) the Defendant's actions effectively chilled the exercise of the Plaintiff's First Amendment right. **[Plaintiffs' objection: There is no issue in this case regarding an alleged "chilling" of rights].** I charge you that the first element – that the Plaintiffs' expressions addressed a matter of public concern – has been met. Thus, it is for you to decide whether or not the remaining three elements have been proven by the Plaintiffs. If you find that any one of these remaining three elements has not been proven by the Plaintiffs by a preponderance of the evidence, then you must find for the Defendant. If, however, you find that the Plaintiffs have satisfied all four elements, then you must consider whether or not the Defendant has proven by a preponderance of the evidence that he would have taken the same adverse action even in the absence of the Plaintiff's protected expression.

**[Plaintiffs' objection: Defendant's phrasing is inconsistent with the correct statement of the elements of liability].**

West v. Atkins, 487 U.S. 42, 49-50 (1988); Elrod v. Burns, 427 U.S. 347, 356-58 (1976); Velez v. Levy, 401 F.3d 75, 84, 95, 97 (2d Cir. 2005); Konits v. Valley Stream Central High School Dist., 394 F.3d 121, 124 (2d Cir. 2005); Feingold v. New York, 366 F.3d 138, 159-60 (2d Cir. 2004); Cobb v. Pozzi, 363 F.3d 89, 102, 108 (2d Cir. 2004); Locurto v. Safir, 264 F.3d 154, 166 (2d Cir. 2001); Federal Jury Instructions, § 168.10; Federal Jury Instructions, § 168.20.

**<u>Adverse Employment Action</u>**

As to the second element, it is for you to determine whether or not each of the Plaintiffs has proven by a preponderance of the evidence that they suffered an adverse employment action at the hands of the Defendant. An adverse employment action may include discharge, refusal to hire or recall, refusal to promote or transfer, demotion, reduction in pay, the denial of compensation, and reprimand. In a situation other than the classic examples of discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand, a plaintiff must show that (1) using an objective standard; (2) the total circumstances of her working environment changed to become unreasonably inferior and adverse when compared to a typical or normal, not ideal or model, workplace.

[Plaintiffs' objection: The language is unnecessary. The question of an actionable adverse action is one for the Court, not the jury. Moreover, by it's ruling on defendant's Motion for Summary Judgment, it is clear the Court agrees there is no question that the alleged employment actions are adverse actions].

<u>Morris v. Lindau</u>, 196 F.3d 102, 110 (2d Cir. 1999); <u>Coogan v. Smyers</u>, 134 F.3d 479, 483-84 (2d Cir. 1998); <u>Phillips v. Bowen</u>, 278 F.3d 103, 109 (2d Cir.2001).

**Causation/ Motivating Factor**

If you find that one or both of the Plaintiffs have suffered an adverse employment action at the hands of the Defendant, you must then determine whether or not they have proven by a preponderance of the evidence that there was such a causal connection or relationship between the exercise of their rights and the adverse action that the protected conduct can be said to have been a motivating factor behind the adverse action. A motivating factor is a substantial factor such that the adverse employment action would not have occurred were it not for the occurrence of the protected conduct.

In determining whether or not this causal connection exists, the law requires an examination of how big a role the alleged protected conduct may have played in the Defendant's motive or motives for carrying out the alleged adverse actions. If you determine that the Plaintiffs suffered adverse employment action at the hand of the Defendant, you must then determine whether or not it was the Defendant's specific intent to violate the Plaintiffs' First Amendment right of political association. To prevail, Plaintiffs must prove that the Defendant acted with the subjective intent to harm the Plaintiffs because of their political expression.

**[Plaintiffs' objection: as before, the statement of intent is incorrect].**

Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Velez v. Levy, 401 F.3d 75, 84, 95, 97 (2d Cir. 2005); Cobb v. Pozzi, 363 F.3d 89, 102, 108 (2d Cir. 2004); Locurto v. Safir, 264 F.3d 154, 166, 169-70 (2d Cir. 2001); Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999); Coogan v. Smyers, 134 F.3d 479, 483-84 (2d Cir. 1998); Federal Jury Instructions, § 168.20.

**Chill of Exercise of Protected Rights**

With respect to the fourth element, the Plaintiff must show that their First Amendment rights were actually chilled. To satisfy this burden, the Plaintiffs must show a specific present objective harm or a threat of specific future harm. Where a party can show no change in his or her behavior, that party has shown no chilling of his or her First Amendment right to free speech. If you find that the Plaintiffs have failed to show any change in their behavior, then you will find for the Defendant.

**[Plaintiffs' objection: the language is irrelevant].**

Curley v. Village of Suffern, 269 F. 3d 65, 73 (2d Cir. 2001).

**Business Decision**

If the Plaintiffs carry their burden of satisfying all four of the foregoing criteria, the burden then shifts to the Defendant to show that his conduct would have been the same even in the absence of the Plaintiffs' protected conduct.  If you find that the Defendant has shown by a preponderance of the evidence that the Plaintiffs would have experienced the same adverse employment actions even in the absence of the Plaintiffs' protected conduct, you must find for the Defendant.  The law requires only that Defendant refrain from taking action against either of the Plaintiffs because of their exercise of protected First Amendment rights.  So long as the employee's protected speech is not the motivating factor behind the adverse employment action, a Defendant may fail to hire or to reinstate benefits for a public employee for any reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee plaintiff to lead you to substitute your own judgment for that of the Defendant. Thus, if you determine that the adverse action would still have occurred even in the absence of the alleged protected conduct, you must find in favor of the Defendant.

Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Konits v. Valley Stream Central High School Dist., 394 F.3d 121, 124 (2d Cir. 2005); Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2004); Locurto v. Safir, 264 F.3d 154, 166 (2d Cir. 2001); Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999); Coogan v. Smyers, 134 F.3d 479, 483-84 (2d Cir. 1998);Webster v. New York, 333 F. Supp. 2d 184, 201 (S.D.N.Y. 2004); Federal Jury Instructions, § 168.20.

**Personal and Direct Involvement of the Individual Capacity Defendant**

Here, the Defendant has been sued in his individual capacity only. Lawsuits brought against officials in their personal or individual capacity seek to impose individual liability upon the official for action taken under color of law. **[Plaintiffs' objection: the language is unnecessary and inappropriately suggests to jurors that the Mayor is personally responsible for satisfying a judgment].** In order for the Plaintiffs to succeed in their § 1983 action for money damages against the Defendant in his individual capacity, they must prove by a preponderance of the evidence that the Defendant had a direct and personal involvement in the alleged constitutional violation. Liability for damages in a § 1983 action may not be based on a theory of *respondeat superior* or the vicarious liability of the Defendant for the actions of others. Instead, a showing of some personal responsibility of the Defendant is required. In other words, generally speaking, a Defendant sued in his individual capacity cannot be held liable for the wrongful acts of his subordinates. The mere fact that a Defendant occupied a high position of authority is an insufficient basis for the imposition of personal liability. The Plaintiffs must also show more than the Defendant's linkage in the official chain of command. Nevertheless, a defendant who occupies a supervisory role may be found to be personally involved in a constitutional violation, and, therefore, liable under § 1983 under certain circumstances. Here the Plaintiffs claim that the basis for the Defendant's liability is that the defendant participated directly in the alleged constitutional violation..

Thus, in order to find in favor of the Plaintiffs, you must first find that Plaintiffs have proven by a preponderance of the evidence that the Defendant was personally involved in an alleged constitutional violation. If you find that the Defendant was not personally involved in an alleged violation, you must find in favor of Defendant.

Hafer v. Melo, 502 U.S. 21, 25 (1991); Colon v. Coughlin, 58 F.3d 865, 873-74 (2d Cir. 1995); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Soto v. Schembri, 960 F.Supp. 751, 756 n.3 (S.D.N.Y. 1997).

**Damages**

**Compensatory Damages**

If you find in favor of either Plaintiff, it is your job to determine what, if any, sum will fairly and justly compensate her for any damages you find she sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct. Throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy. Any damages awarded also may not be based on the abstract "value" or "importance" of the constitutional right at issue. Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering. Thus, you should consider the following elements of damages as to each Plaintiff so far as they are applicable to that Plaintiff's particular claims:

1. The emotional distress the Plaintiff has experienced and is reasonably certain to experience in the future;
2. The impairment of reputation and personal humiliation, if any, suffered by the Plaintiff;
3. The reasonable value any medical care and supplies reasonably needed by and actually provided to the Plaintiff and reasonably certain to be needed and provided in the future;
4. The amount of wages or salary and the value of any fringe benefits the Plaintiff has lost.

Any award of back pay calculated under this last factor is limited to the actual damages suffered by the Plaintiff. Thus, a back pay award would consist of whatever amount of earnings and benefits the Plaintiff would have earned by her employment with the Defendant absent the Defendant's conduct from the date of the conduct through the date of your verdict, and taking into account the probable time of retirement for each Plaintiff. From this amount you must deduct the amount of earnings and benefits received by the Plaintiff during that period of time from other employment obtained in lieu of employment with the Defendant.

Memphis Comm. Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986); Carey v. Piphus, 435 U.S. 247, 254-55 (1978); Farrar v. Hobby, 506 U.S. 103, 112 (1992); Fiedler v. Indianhead Truck Line Inc., 670 F.2d 806, 808 - 809 (8th Cir. 1982); Federal Jury Instructions, § 168.60.

**Mitigation of Damages**

Each Plaintiff has a duty under the law to "mitigate" her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find that either Plaintiff by a preponderance of the evidence failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce any damages award by the amount she reasonably could have avoided by taking advantage of such opportunity.

Fiedler v. Indianhead Truck Line Inc., 670 F.2d 806, 808-809 (8th Cir. 1982); Federal Jury Instructions, § 168.60.

**Punitive Damages**

Plaintiffs also seek punitive damages. The purpose of punitive damages is to punish a Defendant for willful or malicious conduct and to deter others from similar behavior. In order to award punitive damages you must find in favor of the Plaintiff and find that the Defendant's conduct was motivated by evil motive or intent or he acted recklessly and with callous indifference to plaintiff's federally protected rights. If you do not so find, then no punitive damages award may be made.

Moreover, you are not required to make an award of punitive damages, even if you do find the required malicious, wanton or reckless intent. You should only make a punitive damages award if, in your considered judgment, you find it is appropriate to punish the Defendant or deter the Defendant and others from like conduct in the future. Thus, whether to award punitive damages and the amount of those damages are within your sound discretion.

State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416-418 (2003); Smith v. Wade, 461 U.S. 30, 56 (1983); Memphis Comm. Sch. Dist. v. Stachura, 477 U.S. 299, 306 (1986); Vasbinder v. Ambach, 926 F.2d 1333, 1342 (2d Cir.1991); Federal Jury Instructions, § 168.62.

I:\Client W\West Haven\Lorusso-Evangelista\trial preparation\proposed jury charges 07 10 05.wpd