UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*******************************
SANDRA LORUSSO and DEBORAH    *   CIVIL ACTION NO.
EVANGELISTA                   *    3:03CV00504 (MRK)
                              *
PLAINTIFF                     *
VS.                           *
H. RICHARD BORER, JR.         *   JULY       , 2005
DEFENDANT                     *
*******************************
```

## PROPOSED VERDICT FORM

**I. As to Plaintiff, Sandra Lorusso, do you find from a preponderance of the evidence:**

1. That Plaintiff suffered from an adverse employment action implemented by the Defendant while he was acting in his official capacity and under color of law?

No _____ Yes _____

[Note: if you answer "No" to the preceding question, your deliberations are over.]

2. That Sandra Lorusso's support of the Defendant's political opponent was a substantial or motivating factor for the determination that she was not eligible to bump into the position of Zoning Enforcement Officer?

No _____ Yes _____

3. That Sandra Lorusso's support of the Defendant's political opponent was a substantial or motivating factor for the determination that she was not eligible to bump into the position of Assistant to the Commissioner of Public Works?

No _____ Yes _____

4.  That Sandra Lorusso's support of the Defendant's political opponent was a substantial or motivating factor for the fact that the position of Risk Manager/ Procurement Officer was not posted until after Lorusso's retirement?

No _____ Yes _____

[Note: If you answer "No" to questions 2, 3 and 4, your deliberations are over.  If you answer "Yes" to any of questions 2,3 or 4, then you should proceed to the following questions.]

5.  That the Defendant's actions actually chilled the Plaintiff's exercise of her First Amendment rights?

No _____ Yes _____

[Note: If you answer "No" to the preceding question, your deliberations are over.]

6. That the Defendant's actions were the proximate or legal cause of any damages sustained by Plaintiff?

No _____ Yes _____

[Note:  If you answer "No" to the preceding question, your deliberations are over.]

7.  That Lorusso would have suffered the same adverse employment actions for other reasons even in the absence of her support of the Defendant's political opponent?

No _____ Yes _____

[Note: if you answer "Yes" to Question No. 7, your deliberations are over.]

8. That the Defendant had a direct and personal involvement in the determination that Lorusso could not bump into the position of Zoning Enforcement Officer ?

No _____ Yes _____

9.  That the Defendant had a direct and personal involvement in the determination that Lorusso could not bump into the job of Assistant to the Commissioner of Public Works?

No _____ Yes _____

10.  That the Defendant had a direct and personal involvement in the timing of the posting for bid of the job of Risk Manager/ Procurement Officer so that the job was not posted until after Lorusso's retirement?.

No _____ Yes _____

[Note: if you answer "No", to questions 8, 9 and 10, your deliberations are over.  If you answer "Yes" to any one of questions 8, 9 or 10, you should proceed to the following questions.]

11.  What amount of damages did Lorusso sustain as a result of the Defendant's actions concerning her efforts to obtain subsequent employment with the City of West Haven?

12. Do you find that the Defendant acted willfully as defined in the jury instructions with respect to the determination that Lorusso was ineligible to bump into or bid on the subsequent positions of employment with the City of West Haven?

No _____ Yes _____

13. Do you find that Lorusso is entitled to punitive damages as defined in these instructions?

If your answer is Yes, in what amount? $_____

**II.  As to Plaintiff, Deborah Evangelista, do you find from a preponderance of the evidence:**

1. That the Plaintiff's ineligibility for reinstatement of health care benefits was an adverse employment action implemented by the Defendant while he was acting in his official capacity and under color of law?

No _____ Yes _____

2. That Deborah Evangelista's support of the Defendant's political opponent was a substantial or motivating factor for her ineligibility for reinstatement of health care benefits?

No _____ Yes _____

3.  That the Defendant's actions actually chilled the Plaintiff's exercise of her First Amendment rights?

No _____ Yes _____

4. That the Defendant's actions were the proximate or legal cause of any damages sustained by Plaintiff?

No _____ Yes _____

[Note:  If you answer "No" to any of the preceding questions your deliberations are over.]

5.  That Evangelista would have been ineligible for the reinstatement of health care benefits for other reasons even in the absence of her support of the Defendant's political opponent?

No _____ Yes _____

[Note: if you answer "Yes" to question 5, your deliberations are over.]

6. That the Defendant had a direct and personal involvement in the determination that Evangelista was ineligible to have her health care benefits reinstated?
No _____ Yes _____

[Note: if you answer "No" to question 5, your deliberations are over.]

7. What amount of damages did Evangelista sustain as a result of the Defendant's actions concerning her efforts to reinstate her employment benefits with the City of West Haven?

8. Do you find that the Defendant acted willfully as defined in the jury instructions with respect to the decision not to reinstate Evangelista's employment benefits?
No _____ Yes _____

9. Do you find that Evangelists is entitled to punitive damages as defined in these instructions?

If your answer is Yes, in what amount?  $_____

6