UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

  Plaintiffs

V.

H.  RICHARD BORER, JR.

  Defendant

Civil No.  3:03CV00504 (MRK)

July 19, 2005

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

### I. BACKGROUND

By motion in limine dated July 13, 2005, defendant seeks to preclude from admission at trial all testimony of the statements of West Haven Director of Personnel Ralph DeLucca.  Defendant anticipates that the testimony will take the shape of that which is set forth in ¶ 13 of plaintiff Lorusso's affidavit of July 20, 2004.[1]  Although it is alleged that Mr. DeLucca is one of the individuals through whom the defendant carried out his malicious plans respecting the plaintiffs, according to Lorusso, he appeared to her as a reluctant agent in this regard since he was conveying information to her (contained in the statement) and was otherwise privately sympathetic, no doubt without

---

[1] This expected testimony is also laid out in Footnote 1 of defendant's memorandum of law dated July 13, 2005.

the knowledge of Mayor Borer. In short, DeLucca is alleged to have approached Lorusso and advised her that the Mayor was cautioned that his course of conduct against plaintiffs was illegal and would probably result in a civil action in response to which the Mayor is alleged to have shrugged off the advisement by making reference to being insured for it and using taxpayer money to pay for any punitive damages awarded not covered by insurance.

An issue raised by defendant in his motion in limine warrants clarification by plaintiffs on the sequence of events. The undersigned represents to this Court the following:

1. With respect to ¶ 13 of Lorusso's affidavit wherein she recounts the conversation with Ralph DeLucca, based on the content of the conversation, Lorusso was of the belief that DeLucca was reporting a conversation he had with the Mayor. In response to the submission of the affidavit, defense counsel submitted an affidavit from Mr. DeLucca wherein he denied having such a conversation with the Mayor.

2. Subsequent to Mr. DeLucca's denial of any such conversation with defendant, according to Evangelista, in still another aside, DeLucca disclosed to her that while his affidavit was technically true, he will admit at trial that he in fact made the disclosure to Lorusso but he was in reality conveying a disclosure by Finance Director

Richard Legg.[2] According to Evangelista, DeLucca added a statement to the effect of: "Tell your lawyer to ask the question a different way - I told the Mayor I will not lie and I'll tell you the same thing".

Thus this proposed evidence does appear to have an additional layer to it. Plaintiffs submit that it is nevertheless admissible for one or both of the following reasons. First, putting aside the extra layer and viewing the evidence as coming through the testimony not of Mr. DeLucca but of Mr. Legg, it seems clear that if Legg were to recount such a conversation with the Mayor, the evidence is admissible as an admission by the defendant because Mr. Legg would in fact be recounting statements made by the defendant himself. With the hearsay issue aside, it seems beyond argument that Borer's statement would be relevant since it is evidence which tends to show his own acknowledgment of wrongdoing.

If Mr. Legg were to deny unequivocally having recounted such statements by the Mayor, the next question becomes whether Mr. Legg's credibility can be impeached on this count by the testimony of Mr. DeLucca. While the undersigned was not involved in these asides between DeLucca and Evangelista, assuming Mr. DeLucca's statement to plaintiff is true, he will recount that Legg advised him of such statements by the

---

[2] Legg is the other individual through whom, plaintiffs assert, Borer carried out his vendetta.

3

Mayor. It seems therefore, at a minimum, that Mr. DeLucca's testimony will be admissible for the purpose of impeaching Mr. Legg's credibility.

Plaintiffs believe another basis for admission exists. Mr. DeLucca's testimony and that of the plaintiffs on this point is admissible, without regard to hearsay problems, on the issue of Mr. DeLucca's bias and reluctant role as the agent through which Mayor Borer committed his retaliatory conduct. It is not hearsay because it would not be offered for the truth of the matters asserted but offered solely to establish that Mr. DeLucca did make such statements to the plaintiff. An appropriate instruction to the jurors would obviously be necessary.

No doubt defendant will argue at trial that there existed no relationship between DeLucca, Legg and the Mayor which would support a conclusion by jurors that both men were carrying out what they knew to be the Mayor's wishes respecting the plaintiffs. If, as the evidence strongly suggests, Mr. DeLucca, who was a political appointee of the Mayor unprotected by a collective bargaining agreement, was reluctantly carrying out what he knew to be the Mayor's wishes and privately disclosing his contrary sentiments to the plaintiffs, this certainly is an appropriate consideration for the jurors in assessing any such claim by the Mayor that DeLucca acted on his own in the course of events which served to shut Lorusso out from every job she sought. Moreover, if Mr. Legg did in fact make this disclosure to DeLucca who in turn relayed the information to plaintiffs

4

(without obviously making it clear that the conversant with the Mayor was Legg and not he), that is also relevant evidence for jurors to consider.  If Mr. Legg denies it, Mr. DeLucca's testimony certainly goes to the credibility and bias of Mr. Legg.

The question of the admissibility of the evidence and statements of both men under Federal Rule of Evidence 801(d)(2)(D) (Admission of Party Opponent) was fully briefed by the undersigned in Plaintiffs' Objection to Defendant's Motion to Strike dated December 15, 2004 and plaintiff hereby incorporates by reference herein and relies upon the case authority set forth for the Court in that brief.[3]

WHEREFORE, for the foregoing reasons, the plaintiffs respectfully submit that the motion should be denied.

---

[3] This Court, in ruling on defendant's motion for summary judgment, took note of defendant's motion to strike certain averments contained in the plaintiffs' affidavits.  While in their objection to the motion, plaintiffs briefed the issue of the admissibility of this evidence under Fed.R.Evid. 801(d)(2)(D), this Court did not directly dispose of the issue, finding instead that the summary judgment motion was properly decided without reference to this and other evidence contested by defendant's motion to strike.  See Memorandum of Decision at p. 18.

        THE PLAINTIFFS,
        SANDRA LORUSSO and
        DEBORAH EVANGELISTA


BY:_____
    KAREN LEE TORRE
    Fed. Bar No. ct01707
    Law Offices of Karen Lee Torre
    51 Elm Street, Suite 307
    New Haven, Connecticut 06510
    Tel. (203) 865-5541
    Fax: (203) 865-4844

    Their Attorney

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was delivered by U.S. mail and via facsimile to 203-562-8430 on this 19th day of July, 2005 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507


_____
Karen Lee Torre