UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SANDRA LORUSSO and | : |  |
| DEBORAH EVANGELISTA | | |
|  | : | Civil No.  3:03CV00504 (MRK) |
| Plaintiffs | : | |
|  | : | |
| V. | : | |
|  | : | July 19, 2005 |
| H.  RICHARD BORER, JR. | : | |
|  | : | |
| Defendant | : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
RE: DEFENDANT'S BUDGET CONDUCT AND HIS MOTIVES THEREFOR**

**I.     BACKGROUND**

By motion in limine, defendant seeks to have this Court preclude from admission at trial testimony regarding several statements made by the defendant which constitute direct evidence of the defendant's state of mind and motivation, an issue which not only predominates in this action but on which the outcome of this action will turn. Specifically, defendant seeks to preclude the following evidence:

1.     Mayor Borer's statement to Sandra Lorusso upon being informed that Lorusso would not support his bid for office, to wit: "If you don't care if I have a job, then I'm not going to care if we have a Risk Manager".

2.     The defendant's statement to Deborah Evangelista at the conclusion of the City Council's budget proceedings in connection with which the Council approved the defendant's recommendation to reduce Evangelista's work hours.  Borer and

Evangelista had a face-to-face confrontation of sorts and, in the context of Evangelista's expressed upset at what she perceived as Borer's act of political retribution and her expressed intent to hold him accountable for his conduct during which Evangelista used the expression "payback's a bitch", Borer responded "Yes, Debbie and you're living proof of it".[1]

3.      The Mayor's statements to City employee Marge Schenkle whose daughter was also employed by the City in its Office of Corporation Counsel.  Based on her deposition testimony, Ms. Schenkle is expected to testify at trial that the Mayor, after seeing a campaign sign in support of his political opponent displayed on her lawn, made repeated attempts to contact her, going so far as to contact her supervisor at her work site who in turn told Schenkle to contact the Mayor.  Schenkle telephoned the Mayor.  According to Schenkle, the Mayor told her that he was aware she had a "Picard" sign on her lawn and that he expected her to support him and not Picard, to which Schenkle responded that her support for Picard was firm.  The Mayor persisted and when Schenkle would not relent he reminded Schenkle that she had a daughter who had a job in the Corporation Counsel's office.  Schenkle interpreted the Mayor's

---

[1] This statement by the Mayor was witnessed by Antonio Buonomo, former West Haven City Councilman and one Tracy Morrissey, both of whom are expected to testify in corroboration of Evangelista's account.

comments as a threat against her daughter's employment.  In the wake of this conversation, and against the wishes and pleas of lawyers who work in the Corporation Counsel's office, the Mayor successfully proposed the elimination of Schenkle's daughter's job.

4.      Finally, defendant seeks to preclude the testimony and written statements of Registrar of Voters Joanne Callegari and Councilwoman Martha Bell regarding their beliefs, expressed publically during the budget proceeding, that the Mayor's recommendations were retaliatory and politically motivated.  Defendant seeks to preclude this evidence as irrelevant.

For the reasons that follow, plaintiffs submit that the motion is without merit and should accordingly be denied.

## II.    <u>ARGUMENT</u>

Defendant attempts to characterize as irrelevant direct evidence of the Mayor's retaliatory animus toward plaintiffs and others who would not support his campaign. The evidence is not only highly relevant but critical as the evidence bears directly on defendant's state of mind and motivation, issues which not only predominate in this action but on which the outcome of this case will turn.  Unlike other cases arising under 42 U.S.C. §1983,[2] the instant case involves constitutional claims for which intent is an

---

[2]

See, e.g., <u>Rosa v. Town of East Hartford</u>, 3:00CV1367 (AHN) 205 WL 752206 (D.Conn. March

3

essential element.  See, e.g., Locurto v. Safir, 264 F.3d 154 (2nd Cir. 2001); Sheppard v. Beerman, 94 F.3d 823 (2nd Cir. 1996).  The instant case is unique for the existence of direct evidence of Borer's state of mind.  The Second Circuit Court of Appeals has before observed that such evidence is rare.  See Gallo v. Prudential Residential Serv., 22 F.3d 1219, 1224 (2nd Cir. 1994)(noting that "writings and other smoking gun evidence rarely exists in employment cases to directly establish pretext or an ulterior or improper motive ... ".  Indeed, it is because of the frequent absence of evidence in such cases that the Second Circuit has cautioned district courts to be chary in handing out summary judgment.  Id.

For whatever reasons, improvident as they now appear, Mayor Borer chose to express his  intent to retaliate in a brazen manner.  Defendant's argument that this evidence is "extremely prejudicial" is a non-sequitur.  Defendant seeks to preclude the testimony because it obviously constitutes compelling evidence which tends to prove the allegations against him.  That is not a basis for preclusion.  With that, defendant proceeds to argue that the evidence is relevant but only to his "budget conduct", which is shielded by legislative immunity, and not to his "post budget conduct".

---

31, 2005).  In Rosa, the Honorable Alan H. Nevas, in a police brutality case arising under §1983 precluded evidence of the defendant police officer's treatment of other arrestees.  Citing Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989), Judge Nevas correctly observed that unlike other constitutional torts where a defendant's specific intent is an essential element, the subjective motivation of a police officer in employing force to effect an arrest is not relevant.  Id. at *2.

4

Defendant's argument is predicated on an assumption that is counter-intuitive and untenable - which is that his ill will was extinguished by the budget vote and he thereafter was no longer possessed of malicious motives toward the plaintiffs.

It is readily apparent that defendant is attempting to bootstrap his entitlement to legislative immunity for his budget-related conduct to evade liability on the actionable claims.  But it defies logic to suggest, as defendant implicitly does, that his malicious intent to harm plaintiffs by his budget proposals, which led to the elimination of Lorusso's job and the reduction of Evangelista's hours (in connection with which he enjoys immunity) dissipated entirely and he thereafter was fine with the prospects of Lorusso being re-employed in another vacant position and Evangelista regaining her health insurance.

The evidence of defendant's various statements directed toward the plaintiffs is highly relevant and compelling evidence which tends to prove the essential element of plaintiffs' causes of action. Defendant's attempt to preclude it on the grounds asserted is without merit and the motion in this regard should accordingly be denied.

**The Defendant's Conduct Toward Marge Schenkle**

Defendant seeks preclusion of the testimony of Marge Schenkle as above-

described on the ground that the evidence is irrelevant to defendant's conduct toward plaintiffs.  As before, however, an essential element of plaintiffs' cause is the defendant's state of mind.  Without question, the conduct toward Schenkle took place during the same relevant time period and the evidence is relevant and admissible as it goes to the issue of defendant's state of mind and motivation.  The fact that these statements were made not in respect to plaintiffs but to another employee does not render the evidence irrelevant and inadmissable.  To the contrary, in employment cases, evidence of a defendant's treatment toward other employees similarly situated has been deemed relevant to a defendant's state of mind.  Indeed, most recently, the Honorable Judge Janet Bond Arterton addressed a similar issue and claim by the defendant during trial proceedings in Arlio v. Lively, No. 03CV2013 (JBA).  Arlio was also a  First Amendment case in which the plaintiff Police Sergeant alleged he was maliciously suspended by the defendant police chief on  a concocted charge of misconduct in retaliation for plaintiff's support of a particular candidate for First Selectman of Trumbull.  Defendant sought to preclude evidence that the defendant targeted other officers for discipline on concocted charges for the same reason.  Citing authority from four Circuit Courts of Appeal, including the Second Circuit[3], Judge Arterton held the evidence

---

[3] See McGuiness v. Lincoln Hall, 263 F.3d 49 (2d Cir. 2001); Ansell v. Green Acres Contracting, 347 F.3d 515 (3d Cir. 2003); Philip v. ANR Freight System, 949 F.2d 1054 (8th Cir. 1991); Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995).

admissible subject to a limiting instruction to jurors that it is solely relevant, to the issue of defendant's state of mind and motivation, in particular, that defendant harbored a bias and malice against those employees of an opposite political affiliation.  A true copy of the Court's ruling in <u>Arlio</u> is appended hereto as Exhibit A.

For the foregoing reasons, defendant's Motion in Limine should be denied.

THE PLAINTIFFS,
SANDRA LORUSSO and
DEBORAH EVANGELISTA


BY:_____
    KAREN LEE TORRE
    Fed. Bar No. ct01707
    Law Offices of Karen Lee Torre
    51 Elm Street, Suite 307
    New Haven, Connecticut 06510
    Tel. (203) 865-5541
    Fax: (203) 865-4844

    Their Attorney

7

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was delivered by U.S. mail and via facsimile to 203-562-8430 on this 19th day of July, 2005 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507

_____
Karen Lee Torre