UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

    Plaintiffs

V.

H. RICHARD BORER, JR.

    Defendant

Civil No. 3:03CV00504 (MRK)

July 19, 2005

## PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER FILED BY NON PARTY WITNESS RICHARD LEGG

The plaintiffs hereby oppose the effort by non-party witness Richard Legg to be excused from testifying at the trial of this action, presently scheduled to commence on August 8, 2005. Mr. Legg is the Finance Director for the City of West Haven. He is a critical witness for the plaintiffs. Although he is a hostile witness whose interests are, in the undersigned's opinion, allied with those of the defendant, based upon Mr. Legg's deposition testimony the undersigned believes that Mr. Legg's testimony at trial is necessary and key to plaintiff's meeting their burden of proof.

It is apparent that Mr. Legg has been aware for some time regarding the scheduled trial in this action.

Mr. Legg, through Mayor Borer's counsel, seeks to avoid compliance with a subpoena on the ground that he is in the process of adopting a child. Mr. Legg, however, does not claim, nor is there any competent evidence, that he presently has

travel plans, non-refundable or other tickets for travel or other definite plans in connection with the adoption. See Affidavit of Deborah Evangelista, appended as Exhibit 1. He apparently is merely awaiting word as to the date or dates on which the child may be available.[1]

The parties, in the Joint Trial Memorandum, indicate that this trial may last up to two weeks. There is no evidence that Mr. Legg, either prior to becoming aware of the trial dates or prior to his receipt of a subpoena served on him on July 7, 2005, had pre-existing plans to be out of state or out of the country. Moreover, for the reasons set forth in the affidavit of counsel, attached as Exhibit 2, a videotaped deposition for use at trial would be not only burdensome and problematic but could work to the prejudice of the plaintiffs in the course of trial.

Moreover, it seems premature, based on the existing record, to excuse Mr. Legg from testifying at trial and the plaintiffs respectfully suggest that Mr. Legg be invited to update the Court should he in fact receive a communication that he personally must make a trip to China during the entire trial period and submit evidence of such

---

[1] The "Motion to Modify Subpoena and/or For Continuance of the Trial" dated July 13, 2005 filed by Borer's counsel does not include an affidavit from Mr. Legg. Rather, the details of Mr. Legg's alleged conflict were supplied by counsel for Mayor Borer. Since Borer's counsel objects to the undersigned speaking directly to Mr. Legg regarding the matter, see Exhibit 2, the undersigned counsel is not in a position to provide more information from Mr. Legg.

unavoidable conflict through competent evidence.

Wherefore, for all of the above reasons and those contained in the appended affidavits, the motion should be denied.

        THE PLAINTIFFS,
        SANDRA LORUSSO and
        DEBORAH EVANGELISTA


BY:_____
  KAREN LEE TORRE
  Fed. Bar No. ct01707
  Law Offices of Karen Lee Torre
  51 Elm Street, Suite 307
  New Haven, Connecticut 06510
  Tel. (203) 865-5541
  Fax: (203) 865-4844

  Their Attorney

**CERTIFICATION**

I hereby certify that a copy of the foregoing was delivered by U.S. mail and via facsimile on this 19th day of July, 2005 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507

_____
Karen Lee Torre

3