UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SANDRA LORUSSO and DEBORAH EVANGELISTA | : | |
| | : | Civil No. 3:03CV00504 (MRK) |
| Plaintiffs | : | |
| V. | : | |
| H. RICHARD BORER, JR. | : | July 13, 2005 |
| Defendant | : | |

## AFFIDAVIT OF DEBORAH EVANGELISTA

STATE OF CONNECTICUT     )
                         ) ss: New Haven July 13, 2005
COUNTY OF NEW HAVEN      )

I, Deborah Evangelista, having been duly sworn, do depose and state:

1. I am a plaintiff in this action. I am over the age of 18 years and understand the meaning and obligation of the oath. I submit this affidavit in opposition to the Motion for Protective Order filed by Richard Legg through counsel for the defendant.

2. On July 11, 2005, I was advised that Attorney Jennifer Schancupp, counsel for the defendant in this case, gave notice to my attorney of her intent to file, on behalf of Mr. Legg, a motion seeking an order of this Court excusing Mr. Legg from testifying at the trial of this action which is scheduled to commence August 8, 2005.

3. My attorney issued a subpoena requiring Mr. Legg's appearance at trial. The subpoena was served on Mr. Legg by a Marshal on July 7, 2005. I was advised that Attorney Schancupp represented to my counsel that Mr. Legg's appearance as a witness at trial would conflict with obligations he has respecting the adoption of another child. Mr. Legg had spoken to me directly regarding his intention to adopt a child. This discussion took place well after the scheduling of the trial in this case. During these discussions, Mr. Legg never mentioned that any obligation related to the adoption conflicted with the trial schedule.

4. In light of the above, I made efforts to determine Mr. Legg's travel plans. I work inside West Haven City Hall where Mr. Legg's office is located. In the afternoon of July 11, 2005, I personally appeared in Mr. Legg's office. Mr. Legg was not present. I did speak with one member of Mr. Legg's support staff who works for and directly reports to him.

5. In particular, I spoke to Ms. Kathy Calabritto who is Finance Clerk. I also spoke on the telephone to Ms. Yvette Cintron, who is Mr. Legg's personal secretary, regarding her knowledge of Mr. Legg's schedule and plans. Both individuals stated that they are familiar with Mr. Legg's schedule for the month of August, 2005 and that Mr. Legg has no present travel plans with respect to the adoption of a child. Both indicated

that Mr. Legg is indeed adopting a child but that the status of the matter is uncertain as Mr. Legg is awaiting word as to the date or dates on which the child he is adopting will be ready for transfer to him. According to these individuals, Mr. Legg does not have any travel plans because he does not have confirmed dates.

_____
DEBORAH EVANGELISTA

Sworn and subscribed to before me
this 13th day of July, 2005.

_____
Leslie Arthur
Notary Public
My Commission Expires:

3