UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA LORUSSO and DEBORAH EVANGELISTA | : |
| Plaintiffs | : Civil No. 3:03CV00504 (MRK) |
| V. | : |
| H. RICHARD BORER, JR. | : July 18, 2005 |
| Defendant | : |

## AFFIDAVIT OF ATTORNEY KAREN LEE TORRE

STATE OF CONNECTICUT        )
                            ) ss: New Haven July 18, 2005
COUNTY OF NEW HAVEN         )

I, Karen Lee Torre, having been duly sworn, hereby depose and state:

1. I am counsel for the plaintiffs in this action and I submit this affidavit in opposition to the Motion for Protective Order filed by counsel for the defendant on behalf of Richard Legg, a non-party witness in this case.

2. Mr. Legg is an intended witness for the plaintiffs. I consider him to be a hostile witness whose interests are allied with those of the defendant. I also consider Mr. Legg to be not only an important but a critical witness in this case as the evidentiary record developed thus far indicates that his testimony may constitute direct evidence of the defendant's state of mind and retaliatory animus toward the plaintiffs. Mr. Legg's testimony

regarding the statements and sentiment of Mayor Borer were part of the record submitted to this Court during the proceedings on defendant's Motion for Summary Judgment.

3. Because Mr. Legg is a key witness, I caused a subpoena to be served on him well in advance of the scheduled trial in this action. The subpoena was served on Mr. Legg by a state marshal on July 7, 2005. A true copy of the return of service is appended hereto.

4. On July 11, 2005, in connection with the parties' preparation of the Joint Trial Memorandum, I conferred with Attorney Schancupp, counsel for the defendant. During the conversation, Attorney Schancupp stated that she was aware of the service of a subpoena on Richard Legg. She further stated that Mr. Legg was in the process of adopting a child and she requested that I relieve Mr. Legg of compliance with the subpoena and/or that I agree to take a videotaped deposition of Mr. Legg for use at trial.

5. Before giving a response, I inquired of Attorney Schancupp whether Mr. Legg had non-refundable tickets or other travel plans which conflict with all days on which this case is to be tried. Defense counsel responded that she did not believe this was the case. I further asked whether Mr. Legg made any definite travel plans subsequent to his receipt of the subpoena or his knowledge of the scheduling of the trial dates. Attorney Schancupp did not appear to have a clear answer to these questions. Based upon this, I declined to excuse Mr. Legg from compliance with the subpoena.

6. In another teleconference with counsel on July 12, 2005, I asked Attorney

2

Schancupp for her position on two issues: (1) whether she believed I need her permission in order to speak directly to Mr. Legg about this matter and his appearance at trial and expected testimony, and; (2) if the answer to the first question is "yes", whether she will consent to my speaking with Mr. Legg. Attorney Schancupp would not give me permission to speak to Mr. Legg, indicating that Mr. Legg was "represented" by her office and further, that because of his status and position with the City of West Haven, I may not speak directly to him. By several questions posed to Attorney Schancupp I attempted to ascertain a more particularized basis for her position but Attorney Schancupp indicated that she would think about it and notify me should her position change.

7. As of this date, Attorney Schancupp has not contacted me or otherwise communicated any contrary advisement. Accordingly, I have not spoken to Mr. Legg but have relied on information supplied by my client based on her previous discussions with Mr. Legg and his support staff. See Affidavit of Deborah Evangelista, Exhibit 1 attached hereto. It is my opinion, based on my experience trying other like cases, that one can never anticipate with certainty what the testimony of various witnesses at trial will be and one should always expect the unexpected at trial. For this reason, I believe a videotaped deposition will prejudice my clients. First, it will be time-consuming and lead to problems with inadmissible statements and require the Court's involvement in rulings and editing respecting any such videotape. Second, in the event that Mayor Borer or other defense

3

witness (or rebuttal witness) takes the stand and makes a claim or other statement that is a surprise, or in connection with which additional testimony of Richard Legg is needed, plaintiffs will be disabled from responding due to the unavailability of Mr. Legg during the trial.

_____
KAREN LEE TORRE

Sworn and subscribed to before me
this 18th day of July, 2005.


_____
Leslie Arthur
Notary Public
My Commission Expires:

4