UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| SANDRA LORUSSO and | | |
| DEBORAH EVANGELISTA | | |
| | : | Civil No. 3:03CV00504 (MRK) |
| Plaintiffs | : | |
| | : | |
| V. | : | |
| | : | |
| H. RICHARD BORER, JR. | : | |
| | : | |
| Defendant | : | July 26, 2005 |

## PLAINTIFFS' PROPOSED PRELIMINARY STATEMENT TO THE JURY

In accordance with the order of this Court issued at the pre-trial conference of July 20, 2005, the undersigned counsel for the plaintiffs proposes the following statement to the jury at the commencement of trial proceedings:

Members of the jury, this employment case was brought pursuant to a federal civil rights statute known as 42 United States Code, §1983. This federal law gives an individual the right to bring an action for redress or damages against another person or persons who, under the guise or authority of law, has deprived the individual of a right protected by the laws or constitution of the United States. The plaintiffs, Sandra Lorusso and Deborah Evangelista, have brought such an action against the defendant, H. Richard Borer, who is the Mayor of West Haven and was the Mayor at the time of the events relevant to this case.

Both plaintiffs are former full-time employees of the City of West Haven. Sandra Lorusso is no longer so employed and Deborah Evangelista remains employed by the City, although on a part-time basis. The plaintiffs allege that for a number of years prior to the year 2000, they supported the defendant in his bids for election to the office of Mayor of West Haven. They further allege that in 2001 both of them decided to support a candidate who competed against the defendant for the Democratic Party's nomination. It is uncontested that defendant gained his party's nomination and went on to be re-elected Mayor in November 2001.

Plaintiffs allege that upon his re-election, the defendant proceeded to retaliate against both plaintiffs on account of their support for his electoral opponent. While you will hear the particulars of these claims, it will suffice to state generally that Ms. Lorusso alleges she was denied continued employment with the City and that defendant, directly or indirectly through his subordinates, was responsible for her being excluded from opportunities for re-employment in vacant positions. Deborah Evangelista alleges that the Mayor retaliated against her by depriving her of health insurance and other benefits.

The constitutional right which defendant is alleged to have violated is the First Amendment to the United States Constitution. The First Amendment, among other things, guarantees all citizens the right to freedom of speech and

association.  One's decision to endorse or support a particular individual or candidate for election to public office is a right protected by the First Amendment. It will be your role in this case to determine what, if any, role the plaintiffs' exercise of this right played in the adverse employment actions they suffered.

The defendant denies the plaintiffs' allegations that I just summarized for you and maintains that any and all adverse employment actions suffered by the plaintiffs were imposed for legitimate reasons unrelated to the plaintiffs' support of his political opponent.  Defendant also denies personal involvement in one or more of the adverse actions complained of.  In assessing the evidence and the testimony of various witnesses, your primary task is to determine whether there was an improper and unlawful motivation which resulted in the adverse actions complained of.  You will hear both direct and circumstantial evidence.  There is no meaningful distinction between direct and circumstantial evidence as one is not better or more powerful than the other.

You must keep in mind throughout this proceeding the applicable burden of proof in this case, which is a preponderance of the evidence.  This is not a criminal case but a civil case.  Thus, neither plaintiff must prove her case beyond a reasonable doubt.  Each plaintiff must merely prove to you that it is more likely true than not true that the defendant took retaliatory action against them for

impermissible political reasons.  You are the sole judges of the facts.  Bear in mind that the mere fact that plaintiffs have made these allegations means nothing unless and until they are proved under the standard I just described.  Likewise, defendant's denial of these allegations alone tells you nothing other than that the allegations are denied and disputed and you must resolve the factual dispute.  In your assessment of the evidence and deliberations in this case, you will keep in mind that the plaintiffs bear the burden of proof with one exception.

In this case, defendant has asserted a defense available to him by law.  This defense arises if you find that plaintiffs' protected political activity was a motivating factor in one or more of the adverse actions they suffered.  In such case, defendant asserts that if you find that a motivating factor was his desire to retaliate against one or both plaintiffs, the adverse actions would nevertheless have been imposed even in the absence of such unlawful factor.  On this question, it is the defendant, not the plaintiffs, who bears the burden of proof.  Essentially, you will be deciding what motivation drove the adverse actions complained of.  You will make this decision based on your determination of the credibility of the testimony of the parties, the testimony of other witnesses and the parties' exhibits.

RESPECTFULLY SUBMITTED,


BY:_____
     KAREN LEE TORRE
     Fed. Bar No. ct01707
     Law Offices of Karen Lee Torre
     51 Elm Street, Suite 307
     New Haven, Connecticut 06510
     Tel. (203) 865-5541
     Fax: (203) 865-4844

     Their Attorney


## CERTIFICATION

I hereby certify that a copy of the foregoing was delivered by facsimile 203-562-8430, and U.S. mail on this 26th day of July, 2005 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507


_____
Karen Lee Torre

5