UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SANDRA LORUSSO and DEBORAH EVANGELISTA | : |
| Plaintiffs | : Civil No.  3:03CV00504 (MRK) |
|  | : |
| V. | : |
|  | : |
| H.  RICHARD BORER, JR. | : |
|  | : |
| Defendant | : July 28, 2005 |

**DEFENDANT'S OBJECTION TO PLAINTIFFS' PROPOSED INSTRUCTION TO
JURORS REGARDINGEVIDENCE RELATED TO DEFENDANT'S BUDGET
PROPOSALSAND THE CITY COUNCIL BUDGET PROCEEDINGS**

The Defendant hereby objects to the Plaintiff's Proposed Instruction to Jurors Regarding Evidence Related to Defendant's Budget Proposals and the City Council Budget Proceedings for the reasons noted on the marked-up version of the Plaintiff's Proposed Instruction attached hereto as Exhibit A.   In an effort to aid the Court in resolution of this objection, the Defendant has attached a revised version of the Plaintiff's submission to which the Defendant consents.  Also attached is a redlined version of the Plaintiff's submission noting the Defendant's proposed changes.  The revised version as well as the redlined copy are attached hereto as Exhibit B.

RESPECTFULLY SUBMITTED

BY: _____
Jennifer L. Schancupp
Fed. Bar No. ct11876
Susman, Duffy & Segaloff, PC
55 Whitney Avenue
New Haven, Connecticut 06510
Tel. (203) 624-9830
Fax: (203) 562-8430

## CERTIFICATION

I hereby certify that a copy of the foregoing was delivered by facsimile to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
512 Elm Street, Suite 307
New Haven, CT 06510
Fax: 203-865-4844

_____
Jennifer L. Schancupp

2

# EXHIBIT  A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

:

SANDRA LORUSSO and
DEBORAH EVANGELISTA

          :  Civil No.  3:03CV00504 (MRK)

    Plaintiffs     :

            :

V.             :

            :

H.  RICHARD BORER, JR.    :

            :

    Defendant    :  July 26, 2005

**<u>PLAINTIFFS' PROPOSED INSTRUCTION TO JURORS REGARDING
EVIDENCE RELATED TO DEFENDANT'S BUDGET PROPOSALS
AND THE CITY COUNCIL BUDGET PROCEEDINGS WITH DEFENDANT'S
OBJECTIONS NOTED</u>**

In accordance with the order of this Court issued at the pre-trial conference on July 20, 2005, the undersigned counsel for the plaintiffs proposes the following instruction to jurors regarding the defendant's budget-related conduct and the West Haven City Council Budget proceedings:

Members of the jury, there will be testimony and exhibits in this case which relate directly or indirectly to the defendant's submission to the West Haven City Council of a proposed annual  City budget and the City Council's subsequent vote on the budge proposals for the fiscal year 2001 - 2002.  It is uncontested that as a result of the defendant's budget proposal and the City Council's action on it, Sandra Lorusso's job of Risk Manager was eliminated and

Deborah Evangelista's work hours in the office of Registrar of Voters were reduced from 35 to 19 hours per week. **Objection: The budget actions as they affected the Plaintiffs should be put in the context that they were not the only employees affected.  In addition, it should be stated that Evangelista's claim of lost benefits was a consequence of the budget actions.**

As a matter of law, in connection with the proposing and passing of a budget, legislators and other municipal officials involved in such legislative procedures, including mayors, enjoy absolute immunity from lawsuits in connection with such conduct.  For this reason, you will not in this case be deciding any issues or facts related to the budget process nor any claims for damages by the plaintiffs in connection with the initial elimination of Sandra Lorusso's job of Risk Manager or the reduction of Deborah Evangelista's work hours. The defendant's actions and  the issues which you will decide relate solely to the alleged acts or omissions of the defendant which occurred after the date of the City Council's passage of that budget.

You will, however, hear testimony from witnesses regarding certain statements alleged to have been made by the defendant and other City officials at the time of, and in connection with, that budget process.  The Court has determined this evidence to be relevant to the plaintiffs' claims which you will be

2

deciding.  **Objection: While the Defendant does not dispute that this is the Court's determination, prefacing the presentation of this evidence in this manner may imbue it with special significance in the jury's mind.  This statement is unnecessary**.  The plaintiff Sandra Lorusso alleges that in the wake of the passage of the budget and the elimination of her job the defendant, directly or indirectly through the acts of subordinate officials, deprived her of continued employment and re-employment in one or more vacant positions in retaliation for her support of his electoral opponent.  **Objection: In general, a defendant sued in his individual capacity cannot be liable for the wrongful acts of his subordinates.  Rather, what must be shown is the Defendant's direct and personal involvement.**  Plaintiff Deborah Evangelista alleges that defendant, directly or indirectly through the acts of subordinate officials, deprived her of health insurance and other benefits for the same unlawful reason.  **Objection: The deprivation of health care benefits was part of the budget process and is thus protected by legislative immunity.  Rather, pursuant to the Court's memorandum of decision on the summary judgment motion, the issue for the jury is the claim that the Defendant thwarted Evangelista's efforts to have her health care benefits reinstated.**  Defendant denies these claims and whether plaintiffs' allegations are more likely true than not true is a matter which you will

3

decide after hearing all of the evidence.

You are to consider the evidence of these alleged statements of the defendant for the sole purpose of determining the issue of defendant's state of mind and motivation respecting his alleged post-budget acts and omissions and for no other purpose. You may not draw any conclusions nor engage in any speculation regarding the defendant's conduct in the budget process which led to the elimination of Sandra Lorusso's job and the reduction of Deborah Evangelista's work hours. Your focus in this case will be on the issue of the lawfulness of defendant's post-budget conduct and you will receive and consider this evidence solely in that context.

RESPECTFULLY SUBMITTED,

BY:_____

     Jennifer L. Schancupp
     Fed. Bar No. ct11876
     Susman, Duffy & Segaloff, PC
     55 Whitney Avenue
     New Haven, Connecticut 06510
     Tel. (203) 624-9830
     Fax: (203) 562-8430

## CERTIFICATION

I hereby certify that a copy of the foregoing was delivered by facsimile to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
512 Elm Street, Suite 307
New Haven, CT 06510
Fax: 203-865-4844


_____
Jennifer L. Schancupp

5

# EXHIBIT  B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                           |   |                             |
|-------------------------------------------|---|-----------------------------|
| SANDRA LORUSSO and                        | : |                             |
| DEBORAH EVANGELISTA                       | : |                             |
|                                           | : | Civil No.  3:03CV00504 (MRK) |
| Plaintiffs                                | : |                             |
|                                           | : |                             |
| V.                                        | : |                             |
|                                           | : |                             |
| H.  RICHARD BORER, JR.                    | : |                             |
|                                           | : |                             |
| Defendant                                 | : | July 26, 2005               |

**DEFENDANT'S PROPOSED REVISIONS PLAINTIFFS'
PROPOSED INSTRUCTION TO JURORS REGARDING EVIDENCE
RELATED TO DEFENDANT'S BUDGET PROPOSALS AND
THE CITY COUNCIL BUDGET PROCEEDINGS**

In accordance with the order of this Court issued at the pre-trial conference on July 20,

2005, the undersigned counsel for the plaintiffs proposes the following instruction to jurors

regarding the defendant's budget-related conduct and the West Haven City Council Budget

proceedings:

Members of the jury, there will be testimony and exhibits in this case

which relate directly or indirectly to the defendant's submission to the West

Haven City Council of a proposed annual  City budget and the City Council's

subsequent vote on the budget proposals for the fiscal year 2001 - 2002.  It is

uncontested that as a result of the defendant's budget proposal and the City

Council's action on it, a number of positions of city employment were affected,

including the elimination of Sandra Lorusso's job of Risk Manager ~~was~~ ~~eliminated~~ and the reduction in Deborah Evangelista's work hours in the office of Registrar of Voters ~~were reduced~~ from 35 to 19 hours per week. It is also uncontested that as a consequence of the reduction in hours to Evangelista's position, Evangelista lost her health care benefits.

As a matter of law, in connection with the proposing and passing of a budget, legislators and other municipal officials involved in such legislative procedures, including mayors, enjoy absolute immunity from lawsuits in connection with such conduct. For this reason, you will not in this case be deciding any issues or facts related to the budget process nor any claims for damages by the plaintiffs in connection with the ~~initial~~ elimination of Sandra Lorusso's job of Risk Manager or the reduction of Deborah Evangelista's work hours. The defendant's actions and the issues which you will decide relate solely to the alleged acts or omissions of the defendant which occurred after the date of the City Council's passage of that budget.

You will, however, hear testimony from witnesses regarding certain statements alleged to have been made by the defendant ~~and other City officials at~~ ~~the time of, and~~ in connection with that budget process. ~~The Court has~~ ~~determined this evidence to be relevant to the plaintiffs' claims which you will be~~

deciding. The plaintiff Sandra Lorusso alleges following ~~that in the wake of the~~
~~passage of the budget and~~ the elimination of the ~~her~~ job of Risk Manager via the
budget process, the defendant ~~directly or indirectly through the acts of subordinate~~
~~officials,~~ deprived her of continued employment with the City of West Haven ~~and~~
~~re-employment in one or more vacant positions~~ in retaliation for her support of his
electoral opponent.  Plaintiff Deborah Evangelista alleges that the defendant,
thwarted her efforts to have her ~~directly or indirectly through the acts of~~
~~subordinate officials, deprived her of~~ health insurance and other benefits
reinstated for the same unlawful reason.  Defendant denies these claims.  ~~and~~
~~w~~Whether plaintiffs' allegations are more likely true than not ~~true~~ is a matter
which you will decide after hearing all of the evidence.

You are to consider the evidence of these alleged statements of the
defendant for the sole purpose of determining the issue of defendant's state of
mind and motivation respecting his alleged post-budget acts and omissions and
for no other purpose.  You may not draw any conclusions nor engage in any
speculation regarding the defendant's conduct or motives in the budget process
which led to the elimination of Sandra Lorusso's job and the reduction of Deborah
Evangelista's work hours.  Your focus in this case will be on the issue of the
lawfulness of defendant's post-budget conduct and you will receive and consider

3

this evidence solely in that context.

RESPECTFULLY SUBMITTED,


BY:_____
KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

Their Attorney


**CERTIFICATION**

I hereby certify that a copy of the foregoing was delivered by facsimile 203-562-8430, and U.S. mail on this 26th day of July, 2005 to:


Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507


_____
Karen Lee Torre

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

               Plaintiffs

V.

H.  RICHARD BORER, JR.

               Defendant

:
:
:    Civil No.  3:03CV00504 (MRK)
:
:
:
:
:
:
:
:
:    July 26, 2005

**DEFENDANT'S PROPOSED REVISIONS PLAINTIFFS'**
**PROPOSED INSTRUCTION TO JURORS REGARDING EVIDENCE**
**RELATED TO DEFENDANT'S BUDGET PROPOSALS AND**
**THE CITY COUNCIL BUDGET PROCEEDINGS**

In accordance with the order of this Court issued at the pre-trial conference on July 20, 2005, the undersigned counsel for the plaintiffs proposes the following instruction to jurors regarding the defendant's budget-related conduct and the West Haven City Council Budget proceedings:

Members of the jury, there will be testimony and exhibits in this case which relate directly or indirectly to the defendant's submission to the West Haven City Council of a proposed annual  City budget and the City Council's subsequent vote on the budget proposals for the fiscal year 2001 - 2002.  It is uncontested that as a result of the defendant's budget proposal and the City Council's action on it, a number of positions of city employment were affected,

including the elimination of Sandra Lorusso's job of Risk Manager ~~was eliminated~~ and the reduction in Deborah Evangelista's work hours in the office of Registrar of Voters ~~were reduced~~ from 35 to 19 hours per week. It is also uncontested that as a consequence of the reduction in hours to Evangelista's position, Evangelista lost her health care benefits.

As a matter of law, in connection with the proposing and passing of a budget, legislators and other municipal officials involved in such legislative procedures, including mayors, enjoy absolute immunity from lawsuits in connection with such conduct. For this reason, you will not in this case be deciding any issues or facts related to the budget process nor any claims for damages by the plaintiffs in connection with the ~~initial~~ elimination of Sandra Lorusso's job of Risk Manager or the reduction of Deborah Evangelista's work hours. The defendant's actions and the issues which you will decide relate solely to the alleged acts or omissions of the defendant which occurred after the date of the City Council's passage of that budget.

You will, however, hear testimony from witnesses regarding certain statements alleged to have been made by the defendant ~~and other City officials at the time of, and~~ in connection with that budget process. ~~The Court has determined this evidence to be relevant to the plaintiffs' claims which you will be~~

2

~~deciding.~~ The plaintiff Sandra Lorusso alleges following ~~that in the wake of the passage of the budget and~~ the elimination of the ~~her~~ job of Risk Manager via the budget process, the defendant ~~directly or indirectly through the acts of subordinate officials,~~ deprived her of continued employment with the City of West Haven ~~and re-employment in one or more vacant positions~~ in retaliation for her support of his electoral opponent. Plaintiff Deborah Evangelista alleges that the defendant, thwarted her efforts to have her ~~directly or indirectly through the acts of subordinate officials, deprived her of~~ health insurance and other benefits reinstated for the same unlawful reason. Defendant denies these claims. ~~and w~~Whether plaintiffs' allegations are more likely true than not true is a matter which you will decide after hearing all of the evidence.

You are to consider the evidence of these alleged statements of the defendant for the sole purpose of determining the issue of defendant's state of mind and motivation respecting his alleged post-budget acts and omissions and for no other purpose. You may not draw any conclusions nor engage in any speculation regarding the defendant's conduct or motives in the budget process which led to the elimination of Sandra Lorusso's job and the reduction of Deborah Evangelista's work hours. Your focus in this case will be on the issue of the lawfulness of defendant's post-budget conduct and you will receive and consider

3

this evidence solely in that context.

RESPECTFULLY SUBMITTED,


BY: _____
KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

Their Attorney


**CERTIFICATION**

I hereby certify that a copy of the foregoing was delivered by facsimile 203-562-8430, and U.S. mail on this 26th day of July, 2005 to:


Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507


_____
Karen Lee Torre

4