UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

        Plaintiffs  :  Civil No. 3:03CV00504 (MRK)

V.

H. RICHARD BORER, JR.

        Defendant  :  July 28, 2005

### DEFENDANT'S OBJECTION TO PLAINTIFFS' PROPOSED PRELIMINARY STATEMENT TO THE JURY

The Defendant hereby objects to the Plaintiff's Proposed Preliminary Statement to the Jury dated July 26, 2005 for the reasons noted on the marked-up version of the Plaintiff's proposal attached hereto as Exhibit A. In an effort to aid the Court in resolution of this objection, the Defendant also submits a revised version of the Plaintiff's submission to which the Defendant consents. This revised version as well as a redlined version of the Defendant's suggested revisions is attached hereto as Exhibit B.

RESPECTFULLY SUBMITTED,

BY: _____
Jennifer L. Schancupp
Fed. Bar No. ct11876
Susman, Duffy & Segaloff, PC
55 Whitney Avenue
New Haven, Connecticut 06510
Tel. (203) 624-9830
Fax: (203) 562-8430

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was delivered by facsimile to:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
512 Elm Street, Suite 307
New Haven, CT 06510
Fax: 203-865-4844

_____
Jennifer L. Schancupp

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SANDRA LORUSSO and<br>DEBORAH EVANGELISTA<br><br>           Plaintiffs<br><br>V.<br><br>H. RICHARD BORER, JR.<br><br>           Defendant | Civil No. 3:03CV00504 (MRK)<br><br><br><br><br><br>July 26, 2005 |

**PLAINTIFFS' PROPOSED PRELIMINARY STATEMENT TO THE JURY
WITH DEFENDANT'S OBJECTIONS NOTED**

In accordance with the order of this Court issued at the pre-trial conference of July 20, 2005, the undersigned counsel for the plaintiffs proposes the following statement to the jury at the commencement of trial proceedings:

Members of the jury, this employment case was brought pursuant to a federal civil rights statute known as 42 United States Code, §1983. This federal law gives an individual the right to bring an action for redress or damages against another person or persons who, under the guise or authority of law, has deprived the individual of a right protected by the laws or constitution of the United States. The plaintiffs, Sandra Lorusso and Deborah Evangelista, have brought such an action against the defendant, H. Richard Borer, who is the Mayor of West Haven

and was the Mayor at the time of the events relevant to this case.

Both plaintiffs are former full-time employees of the City of West Haven. Sandra Lorusso is no longer so employed and Deborah Evangelista remains employed by the City, although on a part-time basis. **Objection: This is inaccurate. Lorusso is presently employed by the Board of Education for the City of West Haven.** The plaintiffs allege that for a number of years prior to the year 2000, they supported the defendant in his bids for election to the office of Mayor of West Haven. They further allege that in 2001 both of them decided to support a candidate who competed against the defendant for the Democratic Party's nomination. It is uncontested that defendant gained his party's nomination and went on to be re-elected Mayor in November 2001.

Plaintiffs allege that upon his re-election, the defendant proceeded to retaliate against both plaintiffs on account of their support for his electoral opponent. While you will hear the particulars of these claims, it will suffice to state generally that Ms. Lorusso alleges she was denied continued employment with the City and that defendant, directly or indirectly through his subordinates, was responsible for her being excluded from opportunities for re-employment in vacant positions. **Objection: In general, a Defendant sued in his individual capacity cannot be held liable for the wrongful acts of his subordinates.**

2

**Rather, what must be shown is the Defendant's <u>direct</u> participation in the alleged constitutional violation. See Colon v. Coughlin, 58 F. 3d 865, 873-74 (2d Cir. 1995).** Deborah Evangelista alleges that the Mayor retaliated against her by depriving her of health insurance and other benefits. **Objection: The deprivation of health care benefits was part of the budget process and thus protected by legislative immunity. Rather, pursuant to the Court's memorandum of decision on the summary judgment motion, the issue for the jury is the claim that the Defendant thwarted Evangelista's efforts to have her health care benefits reinstated.**

The constitutional right which defendant is alleged to have violated is the First Amendment to the United States Constitution. The First Amendment, among other things, guarantees all citizens the right to freedom of speech and association. One's decision to endorse or support a particular individual or candidate for election to public office is a right protected by the First Amendment. It will be your role in this case to determine what, if any, role the plaintiffs' exercise of this right played in the adverse employment actions they suffered.

The defendant denies the plaintiffs' allegations that I just summarized for you and maintains that any and all adverse employment actions suffered by the plaintiffs were imposed for legitimate reasons unrelated to the plaintiffs' support

3

of his political opponent. **Obection: The Defendant does not concede that the actions complained were adverse employment actions. Moreover, the Defendant need not prove that the reasons for the actions were legitimate, only that his actions would have been the same in the absence of constitutionally protected activity.** Defendant also denies personal involvement in one or more of the adverse actions complained of. In assessing the evidence and the testimony of various witnesses, your primary task is to determine whether there was an improper and unlawful motivation which resulted in the adverse actions complained of. **Objection: The jury's job is to determine the motivating factor. In addition, as noted above, the Defendant does not concede that the actions were adverse.** You will hear both direct and circumstantial evidence. There is no meaningful distinction between direct and circumstantial evidence as one is not better or more powerful than the other.

You must keep in mind throughout this proceeding the applicable burden of proof in this case, which is a preponderance of the evidence. This is not a criminal case but a civil case. Thus, neither plaintiff must prove her case beyond a reasonable doubt. Each plaintiff must merely prove to you that it is more likely true than not true that the defendant took retaliatory action against them for impermissible political reasons. You are the sole judges of the facts. Bear in

4

mind that the mere fact that plaintiffs have made these allegations means nothing unless and until they are proved under the standard I just described. Likewise, defendant's denial of these allegations alone tells you nothing other than that the allegations are denied and disputed and you must resolve the factual dispute. In your assessment of the evidence and deliberations in this case, you will keep in mind that the plaintiffs bear the burden of proof with one exception.

In this case, defendant has asserted a defense available to him by law. This defense arises if you find that plaintiffs' protected political activity was a motivating factor in one or more of the adverse actions they suffered. In such case, defendant asserts that if you find that a motivating factor was his desire to retaliate against one or both plaintiffs, the adverse actions would nevertheless have been imposed even in the absence of such unlawful factor. On this question, it is the defendant, not the plaintiffs, who bears the burden of proof. Essentially, you will be deciding what motivation drove the adverse actions complained of. **Objection: The unconstitutional motive must be the motivating factor.** You will make this decision based on your determination of the credibility of the testimony of the parties, the testimony of other witnesses and the parties' exhibits.

5

RESPECTFULLY SUBMITTED,


BY:_____
    KAREN LEE TORRE
    Fed. Bar No. ct01707
    Law Offices of Karen Lee Torre
    51 Elm Street, Suite 307
    New Haven, Connecticut 06510
    Tel. (203) 865-5541
    Fax: (203) 865-4844

    Their Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was delivered by facsimile 203-562-8430, and U.S. mail on this 26th day of July, 2005 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507


_____
Karen Lee Torre

6

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

        Plaintiffs

V.

H. RICHARD BORER, JR.

        Defendant

Civil No. 3:03CV00504 (MRK)

July 26, 2005

**DEFENDANT'S PROPOSED REVISIONS OF PLAINTIFFS' PROPOSED PRELIMINARY STATEMENT TO THE JURY**

In accordance with the order of this Court issued at the pre-trial conference of July 20, 2005, the undersigned counsel for the plaintiffs proposes the following statement to the jury at the commencement of trial proceedings:

Members of the jury, this employment case was brought pursuant to a federal civil rights statute known as 42 United States Code, §1983. This federal law gives an individual the right to bring an action for redress or damages against another person or persons who, under the guise or authority of law, has deprived the individual of a right protected by the laws or constitution of the United States. The plaintiffs, Sandra Lorusso and Deborah Evangelista, have brought such an action against the defendant, H. Richard Borer, who is the Mayor of West Haven and was the Mayor at the time of the events relevant to this case. This suit has

been brought by the plaintiffs against the defendant in his individual capacity only.

As of the Spring, 2002, b~~B~~oth plaintiffs were ~~are former~~ full-time employees of the City of West Haven. Sandra Lorusso was Risk Manager for the City and Deborah Evangelista was the Administrative Assistant to the Registrar of Voters office. ~~Sandra Lorusso is no longer so employed and Deborah Evangelista remains employed by the City, although on a part-time basis.~~ The plaintiffs allege that for a number of years prior to the year 2000, they supported the defendant in his bids for election to the office of Mayor of West Haven. They further allege that in 2001 both of them decided to support a candidate who competed against the defendant for the Democratic Party's nomination. It is uncontested that defendant gained his party's nomination and went on to be re-elected Mayor in November 2001.

Plaintiffs allege that upon his re-election, the defendant ~~proceeded to~~ retaliated against both plaintiffs on account of their support for his electoral opponent. While you will hear the particulars of these claims, it will suffice to state generally that, as part of the budget process in the Spring of 2002, a number of positions of city employment were affected, including the elimination of the job of Risk Manager and the reduction in hours from full time to part time of the

2

Administrative Assistant to the Registrar of Voters. Ms. Lorusso alleges that the defendant retaliated against her by interfering with her efforts to obtain subsequent employment with the City. ~~she was denied continued employment with the City and that defendant, directly or indirectly through his subordinates, was responsible for her being excluded from opportunities for re-employment in vacant positions.~~ Ms. ~~Deborah~~ Evangelista alleges that the defendant ~~Mayor~~ retaliated against her by thwarting her efforts to have her ~~depriving her of~~ health insurance and other benefits reinstated after they were lost as a consequence of the fac that her employment was reduced to part time.

The constitutional right which defendant is alleged to have violated is the First Amendment to the United States Constitution. The First Amendment, among other things, guarantees all citizens the right to freedom of speech and association. One's decision to endorse or support a particular individual or candidate for election to public office is a right protected by the First Amendment. It will be your role in this case to determine what, if any, role the plaintiffs' exercise of this right played in the ~~adverse~~ employment actions of which they complain ~~suffered~~.

The defendant denies the plaintiffs' allegations. ~~that I just summarized for you and maintains~~ The defendant claims that the ~~any and all adverse~~ employment

3

decisions complained of ~~actions suffered~~ by the plaintiffs were made ~~imposed~~ for ~~legitimate~~ reasons unrelated to the plaintiffs' support of his political opponent. Defendant also denies personal involvement in ~~one or more of the adverse~~ the employment actions complained of. ~~In assessing the evidence and the testimony of various witnesses, your primary task is to determine whether there was an improper and unlawful motivation which resulted in the adverse actions complained of.~~ You will hear both direct and circumstantial evidence. There is no meaningful distinction between direct and circumstantial evidence as one is not better or more powerful than the other.

You must keep in mind throughout this proceeding the applicable burden of proof in this case, which is a preponderance of the evidence. This is not a criminal case but a civil case. Thus, neither plaintiff must prove her case beyond a reasonable doubt. Each plaintiff must merely prove to you that it is more likely true than not true that the defendant took retaliatory action against them for impermissible political reasons. You are the sole judges of the facts. Bear in mind that the mere fact that plaintiffs have made these allegations means nothing unless and until they are proved under the standard I just described. Likewise, defendant's denial of these allegations alone tells you nothing other than that the allegations are denied and disputed and you must resolve the factual dispute. In

4

your assessment of the evidence and deliberations in this case, you will keep in mind that the plaintiffs bear the burden of proof with one exception.

In this case, defendant has asserted a defense available to him by law, namely that the defendant's conduct would have been the same even in the absence of the plaintiffs' protected political activity. This defense arises if you find that plaintiffs' protected political activity was a motivating factor in one or more of the alleged adverse employment actions they suffered. In such case, defendant asserts that ~~if you find that a motivating factor was his desire to retaliate against one or both plaintiffs,~~ the adverse actions would nevertheless have been imposed even in the absence of such protected activity ~~unlawful factor~~. On this question, it is the defendant, not the plaintiffs, who bears the burden of proof. Essentially, you will be deciding whether the motivating ~~what motivation~~ factor which drove the adverse actions complained of was the plaintiffs protected political activity or some other reason. You will make this decision based on your determination of the credibility of the testimony of the parties, the testimony of other witnesses and the parties' exhibits.

5

RESPECTFULLY SUBMITTED,


BY:_____
    KAREN LEE TORRE
    Fed. Bar No. ct01707
    Law Offices of Karen Lee Torre
    51 Elm Street, Suite 307
    New Haven, Connecticut 06510
    Tel. (203) 865-5541
    Fax: (203) 865-4844
    Their Attorney

**CERTIFICATION**

I hereby certify that a copy of the foregoing was delivered by facsimile 203-562-8430, and U.S. mail on this 26th day of July, 2005 to:

Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507

_____
Karen Lee Torre

I:\Client W\West Haven\Lorusso-Evangelista\trial preparation\plaintiffs proposed prelim statement to jury 07 26 05 w redline changes.wpd