UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*******************************
SANDRA LORUSSO and DEBORAH      *   CIVIL ACTION NO.
EVANGELISTA                     *    3:03CV00504 (MRK)
                                *
              PLAINTIFFS        *
VS.                             *
H. RICHARD BORER, JR.           *   AUGUST 9, 2005
              DEFENDANT         *
*******************************
```

### DEFENDANT'S FIRST MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50 (a), Defendant in the above-captioned matter hereby moves for the entry of judgment as a matter of law in his favor and against Plaintiffs on the ground that Plaintiffs have failed to adduce sufficient evidence to make out a *prima facie* case for the violation of their First Amendment rights by Defendant for the purpose of political retaliation. To prevail, Plaintiffs must first show they suffered an adverse employment action. See Velez v. Levy, 401 F.3d 75, 95 (2d Cir. 2005); Feingold v. New York, 366 F.3d 138, 160 (2d Cir. 2004); Phillips v. Bowen, 278 F.3d 103, 109 (2d Cir.2002). Plaintiffs must then demonstrate that Defendant had a direct and personal involvement in the alleged constitutional violation. See Feingold v. New York, supra, 366 F.3d at 159; Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Soto v. Schembri, 960 F.Supp. 751, 756 n.3 (S.D.N.Y. 1997). Moreover, in order to make out a prima facie case, Plaintiffs must prove the existence of a causal connection between the protected speech and the alleged adverse employment actions so that it can be said that Plaintiffs' expressions were a motivating or substantial factor behind the alleged adverse employment action. See Velez v. Levy, supra, 401 F.3d at 95; Feingold v. New York, supra, 366 F.3d at 160.

Plaintiffs' proffered evidence at trial ultimately demonstrates only that, following the City budget process, it was Defendant's subordinates, without the personal and direct involvement of

Defendant, who made decisions in relation to Plaintiffs' employment. First, Plaintiffs' evidence does not show that they were beset by any adverse actions. The evidence also fails to meet the requirement of personal and direct involvement by Defendant. Finally, the evidence does not demonstrate that the exercise of Plaintiffs' rights was a motivating factor behind any alleged adverse action not part of plaintiff's prima facie case. Accordingly, there is no legally sufficient evidentiary basis to support a finding that Defendant violated Plaintiffs' First Amendment rights.

WHEREFORE, Defendant respectfully moves that judgment as a matter of law be entered in his favor upon the entire complaint. Defendant submits herewith a memorandum of law in support of this motion.

THE DEFENDANTS,
CITY OF WEST HAVEN AND
H. RICHARD BORER, JR.

By:_____
Jennifer L. Schancupp
Federal Bar No. ct11876
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
P O Box 1684
New Haven, CT 06507
Phone: (203) 624-9830
Fax:   (203) 562-8430
Email: jschancupp@susmanduffy.com

## CERTIFICATION

This is to certify that a copy of the Defendant's First Motion for Judgment as a Matter of Law was hand delivered and/or mailed this day, via first class mail, postage prepaid, to the following:

Counsel for the Plaintiff
Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Co-Counsel for the Defendants
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

_____
Jennifer L. Schancupp

I:\ATPK\Lorusso v. Borer\West.Haven.Lorusso.Motion.For.Judgment.Matter.Of.Law.FINAL.8.8.05wpd.wpd