UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

```
*******************************
SANDRA LORUSSO and DEBORAH      *   CIVIL ACTION NO.
EVANGELISTA                     *    3:03CV00504 (MRK)
                                *
              PLAINTIFFS        *
VS.                             *
H. RICHARD BORER, JR.           *   AUGUST 9, 2005
              DEFENDANT         *
*******************************
```

### DEFENDANT'S SECOND MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Fed. R. Civ. P. 50 (a), Defendant in the above-captioned matter hereby moves for the entry of judgment as a matter of law in his favor and against Plaintiffs on the ground that any actions that may be attributable to Defendant are protected under the doctrine of qualified immunity. Plaintiffs have failed to prove that such actions, if any, were not objectively reasonable.

Plaintiffs must show Defendant's conduct was not "objectively reasonable" in light of the legal landscape at the time. See Harhay v. Town of Ellington Board of Education, 323 F.3d 206, 211 (2d Cir. 2003); Rapkin v. Rocque, 228 F.Supp.2d 142, 145 (D. Conn. 2002). Plaintiffs may not respond to the defense of qualified immunity simply with general attacks upon Defendant's credibility; rather, they must identify affirmative evidence from which a jury could find that they have carried their burden of proving a specific subjective and unlawful motive. See Rapkin v. Rocque, 228 F.Supp.2d 142, 145, 148 (D. Conn. 2002). Defendant is entitled to judgment on the basis of qualified immunity if he can demonstrate that "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to [Plaintiffs,] could conclude that it was objectively unreasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally protected right." (Internal quotation marks omitted.) Id. at 148. Thus, the only way Plaintiffs can withstand judgment as a matter of law

here is to proffer *particularized evidence* that supports their claims that Defendant, with an improper motive, acted in relation to the post-budget conduct at issue.  See id.

     A review of Plaintiffs' proffered evidence clearly demonstrates that Plaintiffs have not met this burden.  Plaintiffs have not offered any particularized evidence establishing that Defendant acted with an unlawful motive and in violation of their rights as to the post-budget conduct at issue.  Rather, the record shows that, to the extent the Mayor was involved in any such conduct, his actions were objectively reasonable.  Moreover, the City officials who were actually involved made reasonable decisions regarding the re-employment of Lorusso and the "refusal" to reinstate Evangelista's benefits.  Thus, even if the independent actions of these officials could be imputed to Defendant, he would still be protected under the doctrine of qualified immunity.

     WHEREFORE, Defendant respectfully moves that judgment as a matter of law be entered in his favor upon the entire complaint.  Defendant submits herewith a supporting memorandum of law.

     THE DEFENDANTS,
     CITY OF WEST HAVEN AND
     H. RICHARD BORER, JR.


By:_____
Jennifer L. Schancupp
Federal Bar No. ct11876
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
P O Box 1684
New Haven, CT 06507
Phone: (203) 624-9830
Fax:   (203) 562-8430
Email: jschancupp@susmanduffy.com

## CERTIFICATION

This is to certify that a copy of the foregoing was hand-delivered or mailed this day, via first class mail, postage prepaid, to the following:

Counsel for the Plaintiff
Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Co-Counsel for the Defendants
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

_____
Jennifer L. Schancupp

I:\ATPK\Lorusso v. Borer\West.Haven.Lorusso.Second.Motion.For.Judgment.Matter.Of.Law.FINAL.8.8.05wpd.wpd