UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
NEW HAVEN

```
*****************************
SANDRA LORUSSO and            *   CIVIL ACTION NO.
DEBORAH EVANGELISTA           *   3:00 CV00504 (MRK)
            PLAINTIFFS       *
                              *
VS.                           *
H. RICHARD BORER, JR.          *   NOVEMBER 23, 2005
                              *
                              *
                              *
          DEFENDANTS          *
*****************************
```

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE MATERIALS SUBMITTED IN CONNECTION WITH PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT

**I.   INTRODUCTION**

Plaintiffs Sandra Lorusso (hereinafter "Lorusso") and Deborah Evangelista (hereinafter "Evangelista") brought this action, alleging violations of their First Amendment rights and seeking damages pursuant to 42 U.S.C. § 1983, against defendant, H. Richard Borer, Jr. (hereinafter "Defendant" or "Mayor"), in his individual capacity. Plaintiffs' claims were rejected by a jury, however, after a full and fair trial occurring over the course of six days. Plaintiffs now attempt for the second time to overturn the jury's verdict in Defendant's favor by lodging a Rule 60 (b) (2) motion. This motion is based completely on the wholly inadmissible affidavits of Evangelista and her brother John Pascale, as well as an equally inadmissible transcript of an alleged secretly recorded conversation between Evangelista and Ralph DeLucca, Jr. (hereinafter "DeLucca"), which purports to reveal that DeLucca, who was a defense witness, gave perjured testimony at trial.

Nevertheless, Plaintiffs have failed to provide this Court with sufficient admissible evidence upon which to base an order for the exceptional relief requested.

Accordingly, Defendant moves to strike Plaintiffs' submissions – the affidavits and the transcript of the recorded conversation – as inadmissible hearsay and for other failures under the Federal Rules of Evidence. In particular, these submissions: (1) are not made upon personal knowledge; (2) contain or constitute hearsay or hearsay within hearsay; (3) contain impermissible legal conclusions and opinions rather than facts; (4) are irrelevant to the material issues of this matter, (5) are not properly authenticated, or; (6) one or more of the above. Once stricken, these exhibits should not be considered by the Court when it decides either of the pending Rule 60 (b) and Rule 59 motions.

## II.   FACTS

This action was tried before a jury between the dates of August 3 and August 11, 2005. On August 11, 2005, the jury returned a verdict in favor of Defendant. Docket #104. In returning the verdict, the jury provided specific answers to interrogatories in relation to each plaintiff and concerning the primary elements of the case and Defendant's special defense. All answers given were in Defendant's favor. See Verdict Form at 2 & 5. The Court Clerk entered the judgment on August 12, 2005. Docket # 104. Subsequently, pursuant to Rule 59, Plaintiffs filed a motion for new trial on August 26, 2005. Docket # 105.

On October 19, 2005, Plaintiffs filed a motion for relief from judgment and a new trial pursuant to Rule 60 (b) (2) on the grounds of newly discovered evidence. Pls' Mot. at 1. Plaintiffs base this motion on the contention that an important defense witness, DeLucca, admitted to having lied under oath at trial. Pls' Mot. at 1. It should be noted that at no time did Plaintiffs' seek to depose DeLucca prior to trial, despite the fact that his name surfaced several times in pretrial

2

discovery. In support of their position, Plaintiffs submitted a memorandum of law and three documents as exhibits thereto, including: (1) the affidavit of John Pascale (hereinafter, "Pascale's Affidavit"); (2) the affidavit of Deborah Evangelista (hereinafter, "Evangelista's Affidavit"), and; (3) a transcript of an alleged conversation between Evangelista and DeLucca. Pls' Mot. at 1. On the purported strength of the matters contained in these exhibits, Plaintiffs move the Court to vacate the judgment and order a new trial to "remedy the injustice to the plaintiffs caused by Mr. DeLucca's conduct." Pls' Mot. at 2.

### III.   STANDARDS

#### A.   Rule 60 (b) (2) Motions

The party seeking 60 (b) (2) relief carries the burden of proof. See United States v. International Brotherhood Of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) ("Teamsters"). More specifically, the moving party must demonstrate that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the [party seeking relief] must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching."[1] Collazo v. Sikorsky Aircraft Corp., 2005 WL 856839, *3 (D.Conn. 2005) (Kravitz, J.) ("Collazo"), citing Teamsters, supra, 247 F.3d at 392. Hence, a motion for a new trial based on newly discovered evidence must be founded upon admissible and material evidence. See Collazo, supra, 2005 WL 856839 at *3, citing Teamsters,

---

[1] Plaintiffs misquote this standard in their brief by substituting, in element two, the words "the evidence" for the word "them," which refers back to element one's requirement of "facts that existed at the time of trial." See Pls' Mem. Supp. Mot. For Relief at 21.

3

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

supra, 247 F.3d at 392; United States v. All Right Title And Interest In Property And Premises Known As 710 Main Street, Peekskill, New York, 753 F.Supp. 121, 126 (S.D.N.Y. 1990) (Cooper, J.) ("All Right"). Accordingly, "[t]he motion for a new trial on the grounds of newly discovered evidence is an extraordinary motion and requirements of the rule must be strictly met." All Right, supra, 753 F.Supp. at 126. Thus, this Court has had occasion to rule that under Rule 60 (b) (2), a party seeking relief from judgment "has an onerous standard to meet." Collazo, supra, 2005 WL 856839 at *3, citing Teamsters, supra, 247 F.3d at 392. Plaintiffs have failed to establish that their exhibits constitute admissible and material evidence in accordance with this exacting standard.

### B. Motion To Strike

A motion to strike may be "made by a party before responding to a pleading." Fed. R. Civ. P. 12 (f). Such a motion permits the court to order the removal "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. Although a motion is not strictly a "pleading" under Rule 7 (a), a Rule 12 (f) motion to strike is the correct vehicle to challenge materials submitted in connection with a motion.[2] See, e.g., Newport Electronics, Inc. v. Newport Corporation, 157 F.Supp.2d 202, 208 (D.Conn.2001) (Hall, J.) ("Newport") (motion to strike correct vehicle to challenge material submitted with summary judgment motion); Monroe v. Board of Education of Town of Wolcott, 65 F.R.D. 641, 645, 647 (D.Conn.1975) (Blumenfeld, J.) ("Monroe") (where record of school board meeting and affidavits challenged were not part of a

---

[2] Exhibits to motions are made a part thereof pursuant to Fed. R. Civ. P. 10 (c) and Fed. R. Civ. P. 7 (b) (2).

4

pleading and federal rules provided no technique with which to challenge submissions, but it was still necessary to determine what materials may be used to rule on pending motion, motion to strike ruled proper method "to call to court's attention questions about the admissibility of proferred material"); cf. Jones v. Jones, 217 F.2d 239, 242 (7th Cir. 1954) (held that where affidavits submitted in connection with motion to set aside default judgment not challenged by motion to strike or otherwise, defendant acquiesced in their submission and court could consider them for whatever evidentiary value court might think they possessed). Such a challenge is especially appropriate given the court's power, when a motion is based on facts not appearing of record, to hear a matter on affidavits. See Fed. R. Civ. P. 43 (e).

Moreover, a party can move to strike affidavits if they contain inadmissible hearsay or otherwise fail to meet the requirements of the rules of evidence. Cf. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir.1988) ("a hearsay affidavit is not a substitute for the personal knowledge of a party"); Pokorne v. Gary, 281 F.Supp.2d 416, 418 (D.Conn.2003) (Goettel, J.) ("Pokorne"); McMillan v. Experian, 170 F.Supp.2d 278, 281 (D.Conn.2001)(Arterton, J.) (affidavit made on secondhand information and hearsay is inadmissible); Hollander v. American Cyanamid Co., 999 F.Supp. 252, 255 (D.Conn.1986) (Eginton, J.) (court may strike portions of affidavits which are not made upon affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements), aff'd, 172 F.3d 192 (2d Cir.), cert. denied, 528 U.S. 965, 120 S.Ct. 399, 145 L.Ed.2d 311 (1999); Monroe, supra, 65 F.R.D. at 648-50 (portions of affidavits

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

stricken where they were irrelevant, hearsay, lacked personal knowledge and contained impermissible opinions and conclusions). Further, while a witness may give summary testimony in court as to a conversation he heard or participated in under an exception to the hearsay rule if it is established that the witness cannot recall the dialogue exactly, such liberality does not extend to affidavits given in support of motions. See Monroe, supra, 65 F.R.D. at 650 (courts are stricter with affidavits perhaps because they are inherently less reliable due to lack of cross-examination). As a result, "conclusory statements of opinion in affidavits are entitled to no weight in the court's deliberative process." Id.  In addition, "[a] motion to strike can also be used to challenge documentary evidence which has not been properly authenticated." Newport, supra, 157 F.Supp.2d at 208; Pokorne, supra, at 418.

Thus, as it is necessary here to determine which materials may be considered by the Court in ruling on Plaintiffs' Motion For Relief From Judgment, a motion to strike is appropriate and properly calls the Court's attention to substantial issues concerning the admissibility of Plaintiffs' proffered exhibits. See Monroe, supra, 65 F.R.D. at 645.  This is especially true because Rule 60 (b)(2) motions must be based on admissible evidence to be granted. See Collazo, supra, 2005 WL 856839 at *3, citing Teamsters, supra, 247 F.3d at 392.

C.   **Hearsay**

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801

6

(c). The Second Circuit has held that, although out-of-court statements are not hearsay when they are offered, not to prove their truth, but solely for the limited purpose of proving that they were made; see United States v. Harwood, 998 F.2d 91, 97 (2d Cir.), cert. denied, 510 U.S. 971, 114 S.Ct. 456, 126 L.Ed.2d 388 (1993); such statements remain hearsay where they have no evidentiary value unless they are true. See United States v. Abreu, 342 F.3d 183, 190 (2d Cir.2003) (rejecting defendant's assertion that proffered statements were not hearsay offered for their truth). Further, plaintiffs cannot rely on inadmissible hearsay to support their position absent a showing that admissible evidence would be available at trial. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir.1985) ("Burlington") (party could not rely on hearsay to oppose summary judgment). Moreover, clearly inadmissible hearsay will not be considered on a Rule 60 (b) (2) motion. See Wilson v. Upjohn Co., 808 F.Supp. 1321, 1323 n.2 (S.D. Ohio 1992) (Spiegel, J.) ("Wilson") (court refused to consider articles and television show transcripts because they were unquestionably improper and inadmissible hearsay for purposes of 60 (b) (2) motion).

## IV. DISCUSSION

**Plaintiffs' Exhibits Must Be Stricken Because They Constitute Inadmissible Hearsay For Which Plaintiffs Have Cited No Exception And Otherwise Fail To Meet The Requirements Of The Rules Of Evidence And Rule 60 (b) (2) Standards**

To the extent that the affidavits and transcript are relevant at all, there can be no doubt Plaintiffs seek to introduce the out-of-court statements reflected therein solely for their truth because to do otherwise would be useless as these statements are unimportant unless they are true.

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

Indisputably, therefore, the affidavits and the recorded statements are inadmissible hearsay. Ignoring their burden, plaintiffs have cited no exception to the hearsay rule by which these documents and statements become admissible. In point of fact, no exception to the hearsay rule applies to save any of these exhibits. As a result, each of Plaintiffs' exhibits constitute inadmissible hearsay, and, therefore, cannot constitute valid bases for granting Plaintiffs' Rule 60 (b) motion or their pending Rule 59 motion. In addition, each exhibit also fails to meet other important evidentiary requirements. Consequently, they cannot survive the strict standards applicable to Rule 60 (b) (2) motions. Accordingly, the exhibits should be stricken in their entirety and not considered.

### A.    Pascale's Affidavit

Pascale's Affidavit is an out-of-court statement of a non-party made on September 28, 2005, and offered by the plaintiffs to prove the truth of its contents concerning a conversation that allegedly took place on August 25, 2005, between the affiant and another non-party witness, DeLucca. See Pls' Ex. 1 at ¶¶ 3-5. Pascale claims DeLucca admitted to him, along with other alleged statements, that he lied under oath at trial and his alleged reasons for doing so. Id. at ¶ 4. Aside from the palpable fact that Pascale's affidavit provides no indication as to what specific testimony DeLucca allegedly lied about, these paragraphs are inadmissible hearsay and hearsay within hearsay. See Fed. R. Evid. 801 & 805. In addition, these paragraphs in the main impermissibly summarize the substance of the alleged conversation and provide only the barest snippets of any particular statements, which do not in and of themselves admit any lies, specific or

8

otherwise. Plaintiffs cannot rely on such material to support their motion. See Burlington, supra, 769 F.2d at 924; Monroe, supra, 65 F.R.D. at 650; Wilson, supra, 808 F.Supp. at 1323 n.2.

Pascale's Affidavit also contains numerous irrelevant statements and conclusory opinions, which are equally inadmissible. See Fed. R. Evid. 401, 402 & 701. Paragraph 1 tells of Pascale's employment, the length thereof, his relation to plaintiffs and his political affiliation and activities. Paragraph 2 concerns Pascale's relationship with DeLucca and DeLucca's work history. Paragraph 3 indicates Pascale was not a witness in this case or present for its proceedings. Paragraph 6 indicates Pascale related his alleged conversation to his sister. None of these peripheral matters concern the underlying and critical issue here, which in general is whether DeLucca gave false testimony as to a material issue in this case which probably affected its outcome. Moreover, these statements present the affiant's biased conclusions and opinions concerning DeLucca's emotional state. See Pls' Ex. 1 at ¶¶ 4 & 5. Also, the affiant's statement about why DeLucca allegedly approached him; Pls' Ex. 1 at ¶ 3; is speculation not offered on the basis of personal knowledge. See Fed. R. Evid. 602. As such, these statements and the entire affidavit are inadmissible.

**B.   Evangelista's Affidavit**

For similar reasons, Evangelista's Affidavit is inadmissible. Her affidavit is the written out-of-court statement of a party plaintiff made on October 28, 2005, and also offered to prove the truth of its contents concerning (1) a conversation she allegedly had with Pascale on or about August 25, 2005, wherein he allegedly told her about his conversation with DeLucca; (2) a conversation she

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

allegedly had with DeLucca prior to trial; (3) various details pertaining to her alleged conversation with DeLucca on September 8, 2005, and an earlier exchange that same day, and; (4) other miscellaneous information concerning Tom Reilly and his job. Pls' Ex. 2.

Evangelista's Affidavit is based chiefly on hearsay and hearsay within hearsay in violation of Rules 801 and 805. Evangelista first summarized a conversation she allegedly had with her brother, Pascale, in which he allegedly related the substance of his affidavit. Pls' Ex. 2 at ¶ 3.[3] She goes on to relate an alleged pretrial conversation with DeLucca, in which he allegedly said "he would not lie for anyone" and promised to tell the truth at trial. Pls' Ex. 2 at ¶ 7. She further summarized an irrelevant and banal exchange between she and DeLucca on September 8, 2005, in which the two engaged in "small talk." Pls' Ex. 2 at ¶ 8. Evangelista then indicates several errors in the transcript of the recorded conversation, which substantively alter the alleged statements set forth in the transcript by replacing certain words with their opposite numbers and adding words and whole phrases that the transcriptionist did not find or found to be inaudible. Pls' Ex. 2 at ¶ 11. Finally, Evangelista discusses other statements from the transcript allegedly made by DeLucca in relation to Tom Reilly. Pls' Ex. 2 at ¶ 12. Each of these paragraphs relate out-of-court statements introduced for their truth and, as such they are inadmissible hearsay or hearsay within hearsay. Moreover, the summarizations noted above are impermissible. Again, these averments cannot be relied on to

---

[3] This paragraph is also cumulative of the alleged prior conversation with Pascale. See Fed. R. Evid. 403.

support Plaintiffs' motion. See Burlington, supra, 769 F.2d at 924; Monroe, supra, 65 F.R.D. at 650; Wilson, supra, 808 F.Supp. at 1323 n.2.

Just as with Pascale's Affidavit, the rest of Evangelista's Affidavit principally constitutes inadmissible evidence for several reasons. Paragraph 4 describes DeLucca's work history and schedule, which is immaterial. Paragraph 5 details the irrelevant relationship between the affiant and DeLucca and seeks to introduce self-serving characterizations of DeLucca's general conduct. Paragraph 6 alleges DeLucca stopped talking to Evangelista and makes statements as to the lengths he allegedly took to avoid interaction. To the extent Evangelista bases paragraph 6 on her alleged personal observations, her conclusory statements are wholly speculative and improper opinions.

In Paragraph 7, Evangelista presents an unfounded legal conclusion and opinion that DeLucca committed perjury. Paragraph 7 also declares Evangelista's disappointment in DeLucca and her irrelevant and unsubstantiated belief that DeLucca was uncomfortable after the verdict and wished to avoid her.[4] Paragraph 8 is a tedious recounting of an extraneous conversation with DeLucca. Paragraph 9 relates how and why Evangelista recorded the transcribed conversation with DeLucca. Paragraph 10 discusses the mechanics of having the recording transcribed. Other than the hearsay within, Paragraph 11 describes the format and preparation of the transcript. Similarly, other than the hearsay within, Paragraph 12 encompasses Evangelista's self-serving opinions and conclusions concerning background information DeLucca allegedly referenced concerning Tom

---

[4] The only point of any real significance here is Evangelista's sworn admission that she believed at trial that DeLucca committed perjury and, although she was surprised thereby, she failed to confront DeLucca about his alleged perjury. See Pls' Ex. 2 at ¶ 7.

11

Reilly and his job, which was not touched upon at trial and has no bearing on the material issues of this case. Accordingly, the above-mentioned averments are inadmissible because they are irrelevant, not based on personal knowledge, and/or are impermissible conclusions or opinions. See Fed. R. Evid. 402, 602, & 701. Evangelista's Affidavit also fails to set forth a basis for personal knowledge of the facts recited therein. Pls' Ex. 2 at ¶¶ 3, 4, 6, 7, 9, 10, 11 and 12. Accordingly, the entire affidavit should be stricken.

C.   **Transcript of Recorded Conversation**

A purported transcript of an alleged September 8, 2005 conversation between Evangelista and DeLucca is also attached to the motion. See Pls' Ex. 3. This transcript, so far as it is possibly relevant, is made up entirely of out-of-court statements offered for their truth. As a result, and in its entirety, the transcript is hearsay and hearsay within hearsay from start to finish. See Fed. R. Evid. 402, 801 and 805. Moreover, the great bulk of the transcript, and especially those portions cited specifically by plaintiffs, lacks any direct relevance to the alleged perjury and the ultimate issue of whether any false testimony given was material to the case and its outcome. See, e.g., Pls' Mem. Supp. Mot. For Relief at 6, 14-15, 17, 19, 25-27. Such collateral statements are not admissible. See Silverstein v. Chase, 260 F.23d 142, 146-48 (2d Cir. 2001) (statements collateral to directly self-inculpatory statements, even ones neutral as to interest, not admissible as admissions against interest); Kettenbach v. Demoulas, 901 F.Supp. 486, 500 n.14 (D.Mass. 1995) citing United States v. Williamson, 512 U.S. 594, 114 S.Ct. 2431, 2434-38, 129 L.Ed.2d 476 (1994) (court held

12

recorded conversation inadmissible where although it implicated declarant in illegal wiretapping via generally self-inculpatory statements it had little directly self-inculpatory statements).

In addition, there are serious questions concerning the transcript's authenticity that mark the transcript as inadmissible and which have yet to be resolved despite the best efforts of defense counsel. To wit, the transcriptionist included a certification that the transcript is "an accurate transcription to the best of my ability of a conversation recorded on a CD dated September 10, 2005, presented to me by the Law Offices of Karen Lee Torre and reduced to typewritten form." Pls' Ex. 3 at 17, lines 9-12. It is admitted in Evangelista's affidavit to some extent, and it has since been revealed to defense counsel in full, that the original recording was made on a handheld recording device similar to an MP3 player, which has no consumer-removable CD. Because the transcript was purportedly made from a CD, it is unclear whether the entire, uninterrupted recording has been transcribed, and, therefore, the transcript could violate Rule 106. Further, Plaintiffs intermittently state the recorded conversation occurred on September 8, 2005, and also on September 10, 2005. Compare Pls' Mem. Supp. Mot. For Relief at 3, 4 & 6 with Pls' Mem. Supp. Mot. For Relief at 36. In addition, exhibit 3 is entitled "Recorded Conversation September 10, 2005" and the certification notes that the CD was dated September 10, 2005. This leads to further questions concerning the transcript's authenticity. Thus, along with the fact that the entire recorded conversation is hearsay, the transcript is not the best evidence of the alleged conversation; Fed. R. Evid. 1002 & 1003; and it

13

has not been authenticated properly. Fed. R. Evid. 901 & 902. Accordingly, the transcript is inadmissible and should be stricken in its entirety.

### V.  CONCLUSION

For the reasons stated, Plaintiffs' exhibits cannot constitute admissible and material evidence. Plaintiffs' affidavits and the transcript are wholly inadmissible hearsay and hearsay within hearsay. They also fail to indicate a basis of personal knowledge for certain "facts," are rife with irrelevant matters and conclusory and speculative statements, and, as to the transcript, remain unauthenticated. Accordingly, each exhibit must be stricken and not considered when deciding the instant motion or the pending Rule 59 motion. Further, to the extent Plaintiffs' memorandum relies on the above, it should be stricken as well.

DEFENDANT
H. RICHARD BORER, JR.

By: _____
Thomas E. Katon (ct01565)
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507
(203) 624-9830

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on this date to the following:

<u>Counsel for the Plaintiffs</u>
Karen Lee Torre, Esq.
51 Elm Street, Ste. 307
New Haven, CT 06510

<u>Co-Counsel for the Defendant</u>
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

                                                                                              Thomas E. Katon

I:\Client W\West Haven\Lorusso-Evangelista\Pleadings\Memo re Motion to Strike re Pls 60b Motion 112105.wpd

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505