## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SANDRA LORUSSO and DEBORAH | \* | CIVIL ACTION NO. |
| EVANGELISTA | \* | 3:03CV00504 (MRK) |
| PLAINTIFFS | | |
| VS. | \* | |
| H. RICHARD BORER, JR. | \* | DECEMBER 21, 2005 |
| DEFENDANT | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR PRELIMINARY DETERMINATION AS TO THE ADMISSIBILITY OF TAPE RECORDED EVIDENCE

### I.     INTRODUCTION:

The Plaintiffs, Sandra Lorusso and Deborah Evangelista brought this action, alleging violations of their First Amendment rights and seeking damages under 42 U.S.C. § 1983, against the Defendant, H. Richard Borer, Jr., in his individual capacity. The action was tried to a jury starting on August 3, 2005 and the jury rendered a verdict in the Defendant's favor on August 11, 2005. Judgment entered on August 12, 2005. On August 26, 2005, the Plaintiffs filed a Rule 59 motion seeking a new trial on the grounds that the verdict was against the weight of the evidence. This motion is still pending.

Thereafter, on October 19, 2005, the Plaintiffs filed a motion under Rule 60(b)(2) on the grounds of newly discovered evidence of perjury by Ralph DeLucca, Jr., a witness who testified for both the Plaintiffs and the Defendant. In support of their second motion, the Plaintiffs submitted a memorandum of law and three exhibits, including a purported transcript of a tape-recorded conversation between Evangelista and DeLucca. The Plaintiffs contend that the transcript of that tape-recorded conversation proves DeLucca's alleged perjury. Nevertheless, the Plaintiffs cannot

present an appropriate foundation for the tape-recorded conversation and the transcript that purportedly represents that conversation. Specifically, the Plaintiffs cannot establish that the purported recording is an unedited, unaltered original. The Defendant intends to introduce expert testimony concerning the analysis of the purported recording's authenticity and request the opportunity to do so at the threshold, prior to a hearing on the merits of the Plaintiffs' Rule 60 (b) motion.

## II.    ARGUMENT:

In order to seek relief from judgment, pursuant to Federal Rules of Civil Procedure 60 (b) (2) the movant must demonstrate, in addition to several other factors,[1] that any newly discovered evidence is admissible. United States v. International Brotherhood of Teamster, 247 F.3d 370, 392 (2d. Cir. 2001). Admissibility is contingent upon a variety of factors, one of which is authentication. See Fed. R. Evid. 901 (a). "A tape recording may be admitted in evidence when it has been properly authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims." United State v. Hamilton, 334 F.3d 170, 186-87 (2d. Cir. 2003).

In United States v. McKeever, 169 F.Supp. 426, 429 (S.D.N.Y. 1968), rev'd on other grounds, 271 F.2d 669 (2d Cir. 1959), the court held that sound recordings are admissible in evidence after a proper foundation of authenticity has been laid and set forth a variety of factors by which to determine whether that proper foundation has been established. Id., 429. A proper foundation must be "established by showing the following facts: (1) That the recording device was capable of taking that conversation now offered in evidence; (2) That the operator of the device was

---

[1]The other factors that the movant must demonstrate in order to obtain a new trial pursuant to Rule 60 (b) (2) include: (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence [was] of such importance that it probably would have changed the outcome, and (4)the evidence must not be merely cumulative or impeaching. United States v. International Brotherhood of Teamsters, 247 F.3d 370,392(2d. Cir. 2001).

2

competent to operate the device; (3)That the recording is authentic and correct; (4) That changes, additions or deletions have not been made in the recording; (5) That the recording has been preserved in a manner that is shown to the court; (6) That the speakers are identified; (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement." Id., 430.

This circuit does not require parties to prove each of the McKeever factors in order to establish a proper foundation for audio recordings. Instead, those factors serve as "a valuable formulation of the factors a trial judge should consider in making an initial determination whether a sufficient foundation for the admissibility of the tape recordings has been established. However, the varying circumstances of particular cases in which one or another aspect of this problem may present itself militate against our adoption of inflexible criteria applicable in all cases." United States v. Fuentes, 563 F.2d 527, 532 (2d Cir. 1977). Although the general standard for providing a foundation for audio recordings is "that the [party introducing the recording] produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings," courts often look to the McKeever factors to determine whether the party introducing the recording has met their burden of proof. Id.

In this case, the Plaintiffs cannot adduce clear and convincing evidence of the authenticity and accuracy of the alleged taped conversation. Expert review of the recording indicates that the Plaintiffs cannot establish by clear and convincing evidence that the tape and the purported transcript of that tape are a true and accurate representation of the alleged conversation between Lorusso and DeLucca. Similarly, the Plaintiffs cannot prove that the tape has not been altered in any way. Because the Plaintiffs cannot provide these critical foundational requirements for the alleged newly discovered evidence, the court should find the audio recording and the transcript of that recording inadmissible. In light of the representations of counsel for Ralph DeLucca

3

concerning any violation of his Fifth Amendment rights against self incrimination, issues

concerning the authenticity and admissibility of the alleged tape recording should be resolved by the

court at the outset.

THE DEFENDANT,
H. RICHARD BORER, JR.

By: _____
Thomas E. Katon
Federal Bar No. ct01565
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

## CERTIFICATION

        This is to certify that a copy of the foregoing was mailed this day, via first class mail,
postage prepaid, to the following:

Karen Lee Torre
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516

_____
Thomas E. Katon

I:\Client W\West Haven\Lorusso-Evangelista\Post Trial Motions etc\motion for preliminary determination.wpd

4