UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SANDRA LORUSSO and DEBORAH EVANGELISTA | \* \* | CIVIL ACTION NO. 3:03CV00504 (MRK) |
| PLAINTIFFS | | |
| VS. | \* | |
| H. RICHARD BORER, JR. | \* | FEBRUARY 6, 2006 |
| DEFENDANT | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MEMORANDUM OF LAW RE: ISSUES ARISING FROM DECEMBER 22, 2005 POST TRIAL MOTIONS HEARING**

I.  **INTRODUCTION:**

On October 19, 2005, the Plaintiffs filed a motion under Rule 60(b)(2) on the grounds of newly discovered evidence of perjury by Ralph DeLucca, Jr., a witness who testified for both the Plaintiffs and the Defendant at trial of the above captioned matter. A hearing was commenced on this motion on December 22, 2005. An additional hearing is scheduled for February 7, 2006. The Defendant submits this memorandum to address certain issues that arose at the December 22nd hearing, namely: (1) That the purported recording (as well as the CD and the transcript of the recording) and any testimony of John Pascale and Deborah Evangelista as to what DeLucca purportedly said to them about his trial testimony is hearsay and, therefore, inadmissible; (2) That the work product doctrine does not protect from disclosure the content of conversations between Plaintiffs' counsel and Pascale, a non-party witness, or between Evangelista and her counsel regarding instructions on how to operate the recording device; (3) That the purported recording of the alleged conversation between Evangelista and DeLucca is incomplete and, therefore, inaccurate and inadmissible.

II.  **ARGUMENT:**

   A.  **The Purported Recording and Any Testimony by Pascale and Evangelista as to What DeLucca Allegedly Said to Them Is Inadmissible Hearsay.**

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Fed. R. Evid. 801(c);* See *also United States v. Abreu, 342 F.3d 183, 190 (2d Cir.2003)* (rejecting defendant's assertion that the proffered statements were not hearsay because they were not offered for their truth). Inadmissible hearsay should not be considered on a Rule 60 (b) (2) motion. *See Wilson v. Upjohn Co., 808 F.Supp. 1321, 1323 n.2 (S.D. Ohio 1992)* (court refused to consider newspaper and magazine articles and television show transcripts because they were unquestionably improper and inadmissible hearsay for purposes of 60(b)(2) motion). Here, there is no question that the Plaintiffs seek to introduce the recording and Pascale's and Evangelista's testimony regarding what DeLucca allegedly said to them solely for the purported truth of what was said.

Indeed, at the December 22nd hearing, Plaintiffs' counsel did not claim otherwise, but argued instead that DeLucca's statements to Pascale and Evangelista were admissible as admissions of a party opponent. *(Hearing Transcript, hereinafter "HT" at 57-58)*. However, DeLucca's out of court statements, regardless if offered through the testimony of Pascale, Evangelista or the recording itself, are inadmissible either as statements of the Defendant's agent pursuant to Rule 801(d)(2)(D) or as statements against DeLucca's interest pursuant to Rule 804(b)(3). Likewise, the catch-all exception set forth in Rule 807 does not render this evidence admissible due to the lack of indicia of truthfulness.

   1.  **DeLucca's Statements are not Admissions By an Agent Because They Were Outside the Scope of his Position as Pension Administrator at the Time They Were Made.**

Rule 801(d)(2)(D), provides, in part, that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter

within the scope of the agency or employment, made during the existence of the relationship." "In order to introduce evidence of an out-of-court statement as nonhearsay under Rule 801(d)(2)(D), a party must lay a sufficient foundation by establishing '(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency.'" *Marcic v. Reinauer Transportation Companies, 397 F.3d 120, 128-29 (2d Cir. 2005)*. The availability of the declarant is irrelevant under Fed.R.Evid. 801(d)(2)(D). See *Pappas v. Middleearth Condominium Association, 963 F.2d 534, 538 (2d Cir. 1992)*.

Here, DeLucca's statements, regardless of the contentions of Plaintiffs' counsel to the contrary, are being offered against DeLucca himself, not against Mayor Borer, the sole named defendant.[1] In addition, DeLucca's purported statements were not made within the scope of his current position as a contract employee administering the City of West Haven's pension plan. Accordingly, these statements do not satisfy the requisites of Rule 801(d)(2)(D). Specifically, the recording and the testimony of Pascale and Evangelista as to what DeLucca purportedly said is being offered against DeLucca, a non-party in, in an effort to show that he lied at trial and not to show anything in particular against the Defendant. Moreover, at the time the alleged statements were made in August and September, 2005[2], DeLucca was a contract employee, working one day per week, charged with administering the City's pension plan. *Trial Transcript, hereinafter "TT" at 389-91*. He had long since retired as Personnel Director. *Id.; HT at 29-30*. There is no evidence

---

[1] Whether or not the statements are admissions of an agent and thus admissible is a separate issue from whether or not a negative inference may be drawn against the Defendant based on DeLucca's assertion of the 5th Amendment privilege.

[2] Pascale claims to have spoken to DeLucca on August 25, 2005. *HT at 56*. Evangelista claims to have recorded DeLucca on September 8, 2005, although the recorder itself bears the date imprint of September 9, 2005 and the purported transcript is based on a CD dated September 10, 2005. *HT at 117-118; 129, Pls' Ex. 3*.

that these statements come within the scope of DeLucca's current position as pension administrator. Indeed, Pascale has testified that DeLucca's statements to him regarding his "admitted" perjury were restricted to the issue of any assistance rendered by DeLucca to the Plaintiffs. *HT at 84-85.* Consequently, DeLucca's alleged statements do not qualify as admissions of Mayor Borer's agent regarding the personnel decisions at issue at the trial. <u>See</u> *Wahad v. F.B.I., 179 F.R.D. 429, 441 n.22 (S.D.N.Y. 1998)* (paragraph of criminal defendant's former attorney's affidavit which related information allegedly obtained from former district attorney not admissible as admission by party-opponent because there was no evidence that statements by former district attorney were made by employee during time of his former employment). <u>See also</u> *Pappas v. Middleearth Condominium Association, 963 F.2d 534, 538 (2d Cir. 1992)* ("the authority granted in the agency relationship need not include authority to make damaging statements, but simply the authority to take action about which the statements relate").

      2.    **Even if the Court Permits DeLucca to Invoke the 5th Amendment, Rule 804(b)(3) Does Not Render DeLucca's Statements Admissible Since They Are Not Directly Self-Inculpatory.**

Where a declarant is unavailable, Rule 804 provides for the admissibility of "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *Fed.R.Evid. 804(b)(3).* Although invoking the 5th Amendment privilege renders a witness unavailable for purposes of Rule 804(b)(3), *United States v. Bahadar, 954 F.2d 821, 827-28 (2d Cir. 1992)*, a determination must still be made by the Court regarding the ability of DeLucca to invoke the 5th Amendment. Moreover, even if DeLucca is permitted to invoke the 5th Amendment, DeLucca's purported statements still do not come into evidence pursuant to Rule 804(b)(3) because they are not directly self-inculpatory.

The privilege against self-incrimination invoked through the Fifth Amendment "applies only where the danger of self-incrimination is real and appreciable, not remote and speculative." *Western Reserve Oil And Gas Co., Ltd., 626 F.Supp. 948, 950 (S.D.W.Va. 1986), citing Zicarelli v. New Jersey State Commission of Investigation, 406 U.S. 472, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972).* Once the privilege is raised, a court must determine whether silence is justified. <u>See</u> *U.S. v. Zappola, 646 F.2d 48, 53 (2d Cir. 1981).*

The elements of perjury require that the false testimony at issue be material to the case or likely to affect the result. <u>See</u> *United States v. Montelleone, 257 F.3d 210, 219 (2d Cir. 2001),* <u>cert. denied</u>*, 535 U.S. 1070, 122 S.Ct. 1946, 15 L.Ed.2d 849 (2002); Martin v. Chemical Bank, 940 F.Supp. 56, 60-61 (S.D.N.Y. 1996),* <u>aff'd</u>*, 129 F.3d 114, 1997 WL 710359 (2d Cir. 1997);* <u>see also</u> *18 U.S.C. § 1623* (false declarations statute requiring statements to be material for conviction). To the extent that DeLucca gave any false testimony here, such testimony is immaterial, does not rise to the level of perjury, and would not affect the result at trial. <u>See</u> *Def's. 12/19/05 Memo in Opposition to Relief from Judgment (hereinafter "Def. Mem.") at pp. 24-25.* Accordingly DeLucca should be available to testify and thus 804(b)(3) is not applicable (and no perjury has occurred which warrants relief from judgment).

In the event that the Court permits DeLucca to invoke the 5th Amendment, however, DeLucca's statements as evidenced by the recording or the testimony of Pascale or Evangelista are still inadmissible under Rule 804(b)(3) because they are largely collateral to any claimed self inculpatory remark. Therefore, they lack the separate guarantee of trustworthiness required by Rule 804(b)(3). <u>See Williamson v. United States</u>*, 512 U.S. at 594, 114 S.Ct. 2431, 129 L.E.2d 476 (1994); Silverstein v. Chase, 260 F.23d 142, 146-48 (2d Cir. 2001)* (statements collateral to directly self-inculpatory statements, even ones neutral as to interest, not admissible as admissions against interest). Moreover, in making the determination as to admissibility pursuant to Rule 804(b)(3),

each particular hearsay statement "must be separately parsed, and must, itself, be self-inculpatory." *United States v. Jackson*, 335 F.3d 170, 179 (2d Cir.2003).

Here, Pascale has testified that DeLucca's purported admission of perjury to him was limited to the assistance DeLucca allegedly rendered to the Plaintiffs. *HT at 84-85*. Similarly, the Plaintiffs contend that the recording itself indicates "outright lying" on three limited issues, namely, (1) his statements to Evangelista regarding the affidavit he signed in support of the Defendant's motion for summary judgment; (2) his private support for the Plaintiffs' claims and his involvement in directing Evangelista to the existence of certain evidence regarding the City's Economic Development Commission; and (3) his discussions with Richard Legg concerning the Mayor's actions and comments allegedly made by the Mayor. *See Pls' 10/19/05 Memo in Support of Relief from Judgment (hereinafter "Pls. Mem.") at 25*. As set forth in the Defendant's 12/19/05 Memorandum, of these limited claims of false testimony, the only one arguably supported by the recording is the first. (i.e., that his trial testimony that he did not tell the Plaintiffs to have their lawyer question him in a certain way was false). With regard to the first claim of "outright lies" by DeLucca, this claim is not material to the issues of the case and thus does not constitute perjury. *See Defs. Mem. at pp. 7-9*. As to the second and third issues, the statements of DeLucca in the recording are consistent with his trial testimony and/or Evangelista's trial testimony. *Defs. Mem. at pp. 9-14*. Thus, "much, if not most, of the material on the tape is not directly self-inculpatory." *See Kettenbach v. Demoulas*, 901 F.Supp. 486, 500 n.14 (D.Mass. 1995) *citing United States v. Williamson*, 512 U.S. 594, 114 S.Ct. 2431, 2434-38, 129 L.Ed.2d 476 (1994) (where recorded conversation implicating declarant in illegal wiretapping was generally self-inculpatory but had little directly self-inculpatory statements court held it inadmissible against declarant under 804 (b) (3)). Consequently, even if DeLucca is permitted to invoke the 5th Amendment, his statements on the recording or to Pascale or Evangelista are not directly self-inculpatory and are therefore

inadmissible pursuant to Rule 804(b)(3). *Williamson v. United States, 512 U.S. at 594, 114 S.Ct. 2431, 129 L.E.2d 476 (1994); Silverstein v. Chase, 260 F.23d 142, 146-48 (2d Cir. 2001).*

       3.       **The Catch-all Exception Does Not Apply Because DeLucca's Statements to His Friends Lack the Requisite Indicia of Trustworthiness, They Do Not Bear on Material Matters and Their Admission Will Serve to Sanction Plaintiffs' Attempted End-Run Around Rule 59.**

DeLucca's statements as evidenced by the recording or by the testimony of Pascale and Evangelista are also inadmissible under Fed. R. Evid. 807, the "catch-all" hearsay exception, because the evidence lacks "equivalent circumstantial guarantees of trustworthiness." *Rule 807.* In addition, the proffered evidence is not evidence of a material fact nor will admission of this evidence best serve the purposes of the rules of evidence or the interests of justice. *Id.* Rule 807 provides:

> A statement not specifically covered by Rule 803 or 804 but having *equivalent circumstantial guarantees of trustworthiness*, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a *material fact*; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

*Fed. R. Evid. 807.* (emphasis added).

A statement will be admitted under this rule if "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice and (v) its proffer follows adequate notice to the adverse party." *United States v. Bryce, 208 F. 3d 346, 350-51 (2d Cir. 1999).* The Second Circuit has recognized that this exception is to be used "very rarely, an only in exceptional circumstances." *Parsons v. Honeywell, 929 F.2d 901, 907 (2d Cir. 1991).*

As noted above, DeLucca's statements are inadmissible under Rule 804(b)(3) because they are collateral to any claimed self inculpatory remark and thus lack the separate guarantee of

trustworthiness required by Rule 804(b)(3). Likewise, the statements do not evince any equivalent guarantees of trustworthiness so as to render them admissible under Rule 807. In particular, Evangelista's statements as to what DeLucca purportedly said to her are being offered to support her own motion for a new trial. Likewise, Pascale is the brother of the Plaintiffs and his testimony is offered to support their motion for a new trial. Moreover, at the time DeLucca made these statements, he was, apparently, trying to soften the blow of a defense verdict to the Plaintiffs and prefaced his remarks by expressing his concern with what the Plaintiffs and their brother thought about him. *HT at* 59-60. Indeed, DeLucca testified at trial that he counted both Plaintiffs as friends, *TT at 392, 441,* and that he had, on occasion, expressed his sympathy to them regarding the employment decisions of which they complain. *TT at 412.* These purported post-trial statements are appropriately viewed as further expressions of sympathy. *See State v. Bryant, 61 Conn. App. 565, 576, 767 A.2d 166 (2001)*(declarant's apparent friendship with the defendant undermined the reliability and trustworthiness of declarant's statement; thus statement not imbued with guarantees of reliability and trustworthiness sufficient to support its admission under residual exception).

Furthermore, this proffered evidence does not bear on a matter material to the case. As discussed above, the only particular instance of so-called perjury that DeLucca stated to Pascale was on the topic of whether he rendered support to the Plaintiffs. *HT at 84-85.* To the extent that DeLucca admitted to Pascale that he was supportive of the Plaintiffs, this is not only consistent with his trial testimony, but the trial testimony of Evangelista. *See Def. Mem. at pp. 13-14.* Plaintiffs' contention as to the so-called "lies" evinced by the recording is similarly limited and does not bear on a matter material to the issues at trial. *Id. pp. 9-14.*

Finally, admission of the proffered evidence neither serves the purpose of the rules of civil procedure nor the interests of justice. Indeed, the Plaintiffs have admitted that, at trial, they were aware of DeLucca's so-called perjury. *See Evangelista's Affidavit at ¶ 7; Pls. Mem. at 5-6, n. 4, 7-*

*10; Recording at 8.* However, rather than bring this matter to the Court's immediate attention, or bring this matter to the Court's attention in their first motion for a new trial, they instead seek to circumvent the time requirements of Rule 59 by their current motion pursuant to Rule 60. Admitting this evidence at this juncture would sanction this attempted end-run around the Rules of Civil Procedure.

> B. **The Work Product Doctrine Does Not Shield Conversations Between Plaintiffs' Counsel and a Non-party, Nor Whether or Not Counsel Instructed Evangelista How to Operate the Recording Device.**

The work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

*Fed. R. Civ. P. 26(b)(3).*

The purpose of the privilege is to prevent a party from taking advantage of his adversary's efforts to gather material for litigation, and to foster the adversary system by providing a safe harbor within which an attorney can analyze and prepare his client's case. *Veliotis v. Nawrocki, 1998 WL 1661398 at \*3 (D. Conn. 1998)(Margolis, J)*(internal quotations and citations omitted). While courts have afforded witness statements some protection, the protection is not absolute. *Id.* "[U]nderlying facts known to the party or his counsel, even if acquired in anticipation of litigation," are not protected. *Id., citing Bowne of New York City, Inc, v. AmBase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993).* The burden of showing that the work product doctrine precludes disclosure is on the party asserting it and cannot be discharged by "mere conclusory or ipse dixit assertions." *Id.*

(internal citations omitted). Generally, the claimant must meet this burden through a combination of affidavits and privilege logs. *Id.* (internal citations omitted). Where no such support is proffered, the assertion of this privilege is appropriately overruled. *Id.*

Here, the Plaintiffs have asserted that the work product doctrine shields from disclosure the content of all conversations between Attorney Torre and Pascale, a non-party witness. The Plaintiffs have also asserted that the work product doctrine shields from disclosure inquiry into whether or not Attorney Torre instructed Evangelista on how to operate the recording device. While the work product doctrine precludes defense counsel from inquiring into conversations expressly about Attorney Torre's legal conclusions or legal opinions that reveal her legal strategy, it does not preclude inquiry into other non-privileged communications. *Peralta v. Cendant Corp., 190 F.R.D. 38, 42 (D. Conn. 1999)(Arterton, J.).* Questions concerning whether or not Evangelista received instruction from Attorney Torre concerning the operation of the recording device do not bear on Attorney Torre's legal conclusions, legal opinions or legal strategy. Rather, they concern the fact of how, if at all, Evangelista gained her knowledge regarding operation of the device. While defense counsel's questions to Pascale concerning his conversations with Attorney Torre were not developed at the December 22nd hearing, defense counsel will limit the inquiry to factual matters and does not plan to inquire into whether or not Attorney Torre communicated her legal strategy or opinions to Pascale. Accordingly, the inquiry should be permitted. Moreover, the assertion of the privilege cannot be sustained absent a particularized showing. *Veliotis v. Nawrocki, 1998 WL 1661398 at \*3 (D. Conn. 1998)(Margolis, J).*

C. **The Purported Recording Is Incomplete And, Therefore, Inaccurate and Inadmissible.**

On December 21, 2005, the Defendant submitted a Motion for a Preliminary Determination as to the Admissibility of Tape Recorded Evidence. The Defendant seeks to preclude the admission of the recording because the Plaintiffs have not laid a proper foundation for its admission. This contention centers on the evidence of a gap in the recording, of indeterminate length. This

contention is supported by the testimony of Defendant's expert Tom Owen. The governing law was set forth in Defendant's December 21, 2005 motion and is repeated here very briefly. Admission of the recording must be based on "clear and convincing evidence of authenticity and accuracy." *United States v. Hamilton*, 334 F.3d 170, 186 (2d. Cir. 2003). A contention of editing in the recording is appropriately supported by expert testimony to that effect. *See United States v. Fuentes*, 563 F. 2d 527, 532 (2d Cir. 1977). The Plaintiffs have failed to provide clear and convincing evidence of the authenticity of the recording.

Indeed, the Plaintiffs have not offered any countervailing expert testimony. In addition, Evangelista's own testimony highlights questions concerning the recording's authenticity. Specifically, Evangelista testified that, although she shut off the recording device in the elevator on her way out of City Hall, *HT at 111,* the recording device emitted noises after she claims to have shut it off. *HT at 113.* Following the recording of DeLucca's conversation with her, she retained custody of the device while she worked her second job in Guilford. *HT at 113.* Likewise, although Evangelista claims that the recording was made on September 8, 2005, the flash drive of the recorder bears a date imprint of September 9, 2005 and the CD indicates the recording was made on September 10, 2005. *HT at 129.* Accordingly, the recorder as well as the CD and transcript made therefrom fail to satisfy the foundational requirement of authenticity and accuracy. Moreover, to the extent that the Plaintiffs contend that, notwithstanding the gap, the balance of the recording is accurate, as Mr. Owen testified, that's "like being a little bit pregnant." *HT at 138.* "We don't know how long the deletion or omission lasted. We'll never know." *HT at 145.*

## CONCLUSION

The proffered testimony as to statements made by DeLucca is inadmissible. If offered through Pascale and Evangelista, it is hearsay. If offered through the recording, it is inadmissible because a proper foundation has not been laid. Further, the recording, the CD and the transcript are hearsay.

In addition, defense counsel should be permitted to question Pasquale and Evangelista

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN, CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

regarding their conversations with Attorney Torre concerning factual matters as the work product doctrine does not shield these conversations.

THE DEFENDANT,
H. RICHARD BORER, JR.

By: _____
Jennifer L. Schancupp
Federal Bar No. ct11876
Susman, Duffy & Segaloff, P.C.
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this day, via first class mail, postage prepaid and faxed, to the following:

Counsel for the Plaintiffs
Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510
    via fax to 865-4844

Co-Counsel for the Defendant
Paul J. Dorsi, Esq.
Assistant Corporation Counsel
Office of the Corporation Counsel
City of West Haven
355 Main Street
West Haven, CT 06516
    Via fax to 937-1761

Counsel for Ralph DeLucca
David T. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503
    Via fax to 772-1691

_____
Jennifer L. Schancupp

I:\Client W\West Haven\Lorusso-Evangelista\Post Trial Motions etc\memo re issues from hearing on plaintiff rule 60b motion.wpd

12

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505