UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SANDRA LORUSSO and
DEBORAH EVANGELISTA

   Plaintiffs

V.

H. RICHARD BORER, JR.

   Defendant

Civil No. 3:03CV00504 (MRK)

February 6, 2006

## PLAINTIFF'S MEMORANDUM OF LAW ON EVIDENTIARY ISSUES

### I. BACKGROUND

On December 22, 2005, this court commenced an evidentiary hearing on plaintiffs' motion brought pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from the judgment entered in favor of the defendant. On the first day of hearing, and in connection with the examination of witness Ralph DeLucca, Jr., evidentiary issues arose in respect to which the court requested briefing. The issues are:

1. The admissibility of evidence of Mr. DeLucca's prior out-of-court statements regarding the truthfulness of his trial testimony against the objection of defendant on the ground of hearsay; and

2. The admissibility of evidence of the content of communications between plaintiffs' counsel and non-party witnesses against the objection of plaintiffs on the ground of attorney work product privilege.

For the reasons set forth below, evidence of Mr. DeLucca's prior out-of-court statements are admissible under the hearsay exception for statements against penal interest under Federal Rule of Evidence 804(b)(3). Further, evidence of the content of communications between plaintiffs' counsel and witnesses is subject to privilege and thus inadmissible.

## II. ARGUMENT

### A. Ralph DeLucca's Admissions And Related Statements Regarding The Truthfulness of His Trial Testimony Are Admissible As The Statements Are Against His Penal Interest

Excluded from the hearsay rule are statements made by a declarant which are "so far contrary to [his] pecuniary or proprietary interest, or so far tended to subject [him] to civil or criminal liability ... that a reasonable person in [his] position would not have made the statement unless believing it to be true." Fed.R.Evid. 804(b)(3). Without question, Mr. DeLucca's out-of-court admissions that he lied under oath at the jury trial of this action were statements against interest as set forth in this rule. The admission of such evidence is allowed if the declarant is "unavailable as a witness". Mr. DeLucca, having invoked his Fifth Amendment rights and refused to answer questions at the hearing thus placed himself within the ambit of this rule. "It is settled in this Circuit that a witness who invokes the privilege against self-incrimination is 'unavailable' within the meaning of Rule 804 (b) ..." United States v. Dolah, 245 F.3d 98, 102 (2nd Cir. 2001); see also United States v. Jackson, 335 F.3d 170, 177 (2nd Cir. 2003); United States v. Gallego, 191 F.3d 156, 166-68 (2nd Cir. 1999); United States v. Lang, 589 F.2d 92, 95-96 (2d Cir. 1978). Accordingly, defendant's objection to this

2

evidence is without merit.

      B.      Evidence Of The Content Of Interviews Of Witnesses By Plaintiffs' Counsel Are Protected From Disclosure By The Attorney Work-Product Privilege.

Defendant's counsel sought at the hearing to cross-examine witness John Pascale regarding the content of his communications with plaintiffs' counsel while being interviewed as a prospective witness in this case and later prepared for his appearance as a witness at the hearing. The purpose of the interviews was to permit plaintiffs' counsel to develop her clients' claim and present evidence in support of it to the court. Disclosure of these communications would "invade the privacy of [counsel's] course of preparation" by revealing counsel's mental impressions and litigation strategy. Hickman v. Taylor, 329 U.S. 495, 512 (1947); see also Peralta v. Cendant Corp., 190 F.R.D. 38, 42 (D. Conn. 1999) (attempt by plaintiff's lawyer to inquire into communications between defense counsel and a third-party witness denied under the work-product privilege); 8 Wright, Federal Practice and Procedure § 2024 at 358 (noting cases which establish that "the great bulk of authority [is] that statements of witnesses taken by an attorney were work product"); Morales v. U.S., 1997 U.S. Dist. LEXIS 6035 (S.D.N.Y. 1997) (effort by plaintiff to discover the substance of conversations between defense counsel and two non-party witnesses denied as an invasion of the work-product privilege).

There is no distinction which can be made between the facts at bar and those in the above-cited authorities. In this district, Judge Janet Bond Arterton, in Peralta, followed the reasoning of

3

other courts in protecting attorneys from having their interviews of witnesses subjected to inspection by opposing counsel for possible use, or misuse, at trial.

For the foregoing reasons, Mr. DeLucca's out-of-court statements should be admitted and plaintiffs' objection to examination of witnesses regarding their communication with plaintiffs' counsel should be sustained, both as to Mr. Pascale and any other witness who testifies at this hearing.

THE PLAINTIFFS,
SANDRA LORUSSO and
DEBORAH EVANGELISTA

BY: _____
KAREN LEE TORRE
Fed. Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, Connecticut 06510
Tel. (203) 865-5541
Fax: (203) 865-4844

Their Attorney

4

**CERTIFICATION**

I hereby certify that a copy of the foregoing was faxed on this 6th day of February, 2006 to the following and will be hand-delivered to counsel on February 7, 2006:

Paul J. Dorsi, Esq.
Donahue Votto & DeGennaro PC
415 Main Street
PO Box 411
West Haven CT 06516-0411
FAX: (203) 937-1761

Thomas E. Katon, Esq.
Jennifer L. Schancupp, Esq.
Susman, Duffy & Segaloff, P.C.
PO Box 1684
New Haven CT 06507
FAX: (203) 624-9830

David T. Grudberg, Esq.
Jacobs, Grudberg, Belt & Dow P.C.
350 Orange Street
P.O. Box 606
New Haven, CT 06503
FAX: (203) 772-1691

Karen Lee Torre