Westlaw.

Not Reported in F.Supp.2d                                                                                                 Page 1
Not Reported in F.Supp.2d, 2003 WL 21998980 (S.D.N.Y.)
**(Cite as: 2003 WL 21998980 (S.D.N.Y.))**

H
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Raymond H. WECHSLER, Administrative Trustee of
the Towers Financial Corporation
Administrative Trust, Plaintiff,
v.
HUNT HEALTH SYSTEMS, LTD., P & G
Enterprises, Inc., MHTJ Investments, Inc.,
Esperanza Health Systems, Ltd. and Friendship, Inc.,
Defendants.
No. 94 Civ. 8294(PKL).

Aug. 22, 2003.

Administrative trustee overseeing assets of corporation that purchased accounts receivables under factoring agreement with sellers brought action against sellers, alleging breach of contract and fraudulent conveyance. On sellers' motion in limine, the District Court, Leisure, J., held that decision of whether trier of fact would be instructed to draw negative inference against corporation could not be made until trial.

Motion denied.

West Headnotes

**Witnesses** 🗝️**309**
410k309
Decision of whether trier of fact would be instructed to draw negative inference against corporation, that purchased accounts receivables under factoring agreement with sellers, could not be made until trial, although officer of corporation asserted his Fifth Amendment privilege during his deposition; although officer's silence could benefit corporation, court required further information regarding compatibility of parties' interests and degree of control corporation retained over officer, and sellers, as movants, neglected to elaborate upon substance and application of requested inference. U.S.C.A. Const.Amend. 5.
Leader & Berkon LLP, New York, N.Y., Joseph G. Colao, and Gadsby Hannah LLP, Boston, MA, Daniel J. Kelly, for Plaintiff.

Abberley Kooiman LLP, New York, N.Y., Brooks Banker, Jr., for Defendants.

*MEMORANDUM ORDER*

LEISURE, J.

*1 Plaintiff Raymond H. Wechsler, the administrative trustee overseeing the assets of Towers Financial Corporation ("Towers"), [FN1] brings this action against Hunt Health Systems, Ltd. ("Hunt Health") and affiliated entities for alleged breach of contract and fraudulent conveyance in connection with the parties' factoring agreements. The parties submitted their joint pre-trial order for this case on May 14, 2003, and at that time defendants brought twelve motions *in limine*. In this Memorandum Order, the Court will address defendants' motion *in limine* seeking a determination from the Court that the trier of fact must draw a negative inference against plaintiff due to Michael Rosoff's assertion of his Fifth Amendment privilege during his deposition in this action. For the following reasons, defendants' motion is denied.

> FN1. As this Court has previously noted, by Order of United States Bankruptcy Judge Prudence Carter Beatty dated August 5, 1999, the Towers Financial Administrative Trust was terminated and the Trust's claim against Hunt Health was assigned to Raymond H. Wechsler in his personal capacity.

*BACKGROUND*
During discovery of the present case, defendants' counsel subpoenaed and attempted to depose Michael Rosoff, former senior vice president and general counsel of Towers. Charged with conspiracy to commit securities fraud and to obstruct an SEC investigation, Rosoff invoked his Fifth Amendment privilege, refusing to answer any substantive questions regarding his relationship with Towers or any of its related entities. The defendants now move for an *in limine* order requiring the trier of fact [FN2] to draw a negative inference against the plaintiff from Rosoff's silence.

> FN2. Pursuant to the Court's August 8, 2003 Opinion and Order, all claims arising from the breach of the accounts receivable purchase contract executed by Towers and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:03-cv-00504-MRK   Document 148-2   Filed 02/21/2006   Page 2 of 3

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2003 WL 21998980 (S.D.N.Y.)
**(Cite as: 2003 WL 21998980 (S.D.N.Y.))**

Hunt Health ("HCP agreement"), including the defendants' counterclaim, will be tried by the Court, while the fraudulent conveyance claim will be tried by a jury. _Wechsler v. Hunt Health Systems Ltd., No. 94 Civ. 8294, 2003 WL 21878815 (S.D.N.Y. Aug.8, 2003)._

Plaintiff objects to the defendants' motion _in limine_ on relevancy grounds, claiming that the sole purpose for Rosoff's deposition is to demonstrate the connection between the Hunt Health transaction and the Towers' criminal enterprise, in support of a public policy argument which the Court has barred defendant from raising at trial. See Plaintiff's Opposition to "Defendants' Motion _In Limine_ that the Trier of Fact Draw a Negative Inference Against Plaintiff as a Result of Michael Rosoff's Assertion of Fifth Amendment Privilege during his Deposition in this Action"; _Wechsler v. Hunt Health Systems Ltd., 216 F.Supp.2d 347, 356 (S.D.N.Y.2002)_ ("Assuming that the defendants also are seeking leave to amend their answer to include [the public policy] defense at trial, that request is denied ... and the Court now holds that they have waived this defense for trial."). Additionally, plaintiff argues that his interests are not sufficiently identical to Rosoff's to justify such a negative inference, and that the Court's consideration of such a motion is premature at this time. Fundamentally, plaintiff argues that Rosoff's refusal to testify is of no great consequence to the claims at issue in this case.

Defendants, on the other hand, contend that Rosoff's refusal to testify bears a much greater significance. They contend that, as a senior officer of Towers, Rosoff played an integral role in the formation of the HCP agreement and retained exclusive control over certain key decisions affecting the relationship between Towers and Hunt Health. Therefore, defendants maintain that Rosoff's exercise of his Fifth Amendment privilege, denying defendants relevant information pertaining to this trial, should be construed against Towers.

### DISCUSSION
#### I. Motions _In Limine_

*2 The purpose of a motion _in limine_ is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See _Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)_ (noting that, although the Federal Rules of Evidence do not explicitly authorize _in limine_ rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); _Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996); Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996)._ Since the Court has addressed at length the standard for a motion _in limine_ in its prior consideration of defendants' other _in limine_ motions, the Court will assume that the parties are familiar with that standard.

#### II. Negative Inference

The Fifth Amendment to the Constitution provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." See _U.S. Const. amend. V._ This constitutional right against self-incrimination not only provides a criminal defendant with the option to abstain from testifying, but also protects him from any repercussions arising from the exercise of such option. Therefore, the Fifth Amendment prohibits the trier of fact in a criminal case from drawing any adverse inferences as a result of the defendant's refusal to testify. See _Carter v. Kennedy, 450 U.S. 288, 305, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981)_ (citing _Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965))._ In the civil context, however, while a party to the proceeding possesses the same right against self-incrimination, "litigants denied discovery based upon an assertion of the privilege may ask the court or trier of fact to draw a negative inference from the invocation of that right." _Baxter v. Palmigiano, 425 U.S. 308, 318-20, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)_ ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."); see also _Brinks Inc. v. City of New York, 717 F.2d 700, 710 (2d Cir.1983)_ ("[R]efusal to answer questions upon asserting the Fifth Amendment privilege is relevant evidence from which the trier of fact in a civil action may draw whatever inference is reasonable under the circumstances."). Furthermore, this Circuit has allowed even a non-party's assertion of the Fifth Amendment privilege to be held against a party to the proceeding. See _Libutti v. United States, 107 F.3d 110, 121 (2d Cir.1997); In Re Payroll Express Corp. v. Aetna Casualty & Sur. Co., 216 B.R. 344, 364 (S.D.N.Y.1997); United States v. District Counsel of New York City and Vicinity of United Bhd. of Carpenters and Joiners of America, 832 F.Supp. 644, 651-52 (S.D.N.Y.1993); see also RAD Servs., Inc. v. Aetna Cas. and Sur. Co., 808 F.2d 271, 280 (3d Cir.1986); Cerro Gordo Charity v. Fireman's Fund_

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*American Life Ins.*, 819 F.2d 1471 (8th Cir.1987).

*3 The following factors determine whether a negative inference is warranted under the circumstances: "(1) the nature of the relationship between the party and the non-party; (2) the degree to which the party controls the non-party; (3) the compatibility of interests of the party and non-party in the outcome of the litigation; and (4) the role of the non-party witness in the litigation." *Banks v. Yokemick*, 144 F.Supp.2d 272, 289 (S.D.N.Y.2001) (citing *Libutti*, 107 F.3d at 123-24). "[T]he overarching concern is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." *LiButti*, 107 F.3d at 124. "[T]he circumstances of a given case, rather than the status of a particular non-party witness, is the admissibility determinant." *Id.* at 121.

While Rosoff's relationship with Towers and his key role in this litigation would appear to support identification with the plaintiff, [FN3] pursuant to the aforementioned guidelines, the record is insufficient to sustain the defendants' motion. "A district court is well within its discretion to deny a motion *in limine* that fails to identify the evidence with particularity or to present arguments with specificity." *United States v. Cline*, 188 F.Supp.2d 1287, 1292 (D.Kan.2002); *see also Nat'l Union Fire Ins. Co.*, 937 F.Supp. at 287 (finding that a motion *in limine* seeking to exclude certain evidence lacked sufficient specificity to allow the court to rule where it failed to specify which evidence should be excluded).

> FN3. As former vice president and general counsel of the company, Rosoff worked directly with Hunt Health in the course of contract and settlement negotiations. *See* Defendants' Motion *In Limine* that the Trier of Fact Draw a Negative Inference Against Plaintiff as a Result of Michael Rosoff's Assertion of Fifth Amendment Privilege During his Deposition in this Action ("Def.'s Motion") at 3. He drafted the HCP agreement and played a primary role in Towers' rejection of Hunt Health's offer to repurchase its accounts receivable. *See* Ex. C-E, attached to Defendant's Reply In Support of Their Motion *In Limine* that the Trier of Fact Draw a Negative Inference Against Plaintiff as a Result of Michael Rosoff's Assertion of Fifth Amendment Privilege during his Deposition in this Action ("Def.'s Reply"); Def.'s Motion at 3.

> Both his standing as a senior officer and his active participation in the Hunt Health transaction make it conceivable that Rosoff's interests are sufficiently aligned with the plaintiff's to support a negative inference.

Although Rosoff's silence may benefit Towers, it does not independently support the conclusion that Rosoff acted in conjunction with or on behalf of the plaintiff. The Court requires further information regarding the compatibility of the parties' interests and the degree of control retained by Wechsler over Rosoff before it can determine whether such an inference is warranted. Furthermore, movants neglect to elaborate upon the substance and application of the requested inference. Defense counsel's broad-based questions and Rosoff's sweeping invocation of his Fifth Amendment privilege provide no instruction as to the potential relevance of Rosoff's testimony. [FN4] Without such pertinent information, the Court cannot assess the resulting bias, if any, upon the parties from the Rosoff's claim of privilege and therefore cannot evaluate whether a negative inference would be appropriate. *See United States v. Feola*, 651 F.Supp. 1068, 1129 (S.D.N.Y.1987) ("It would be improper for this Court to speculate as to the circumstances that might surround the introduction of this evidence at trial ... and the purpose for which such a statement will be introduced at that time.")

> FN4. Movants bear the burden of demonstrating relevance, particularly in light of the Court's holding that defendants have waived the public policy defense. *See Wechsler*, 216 F.Supp.2d at 356.

CONCLUSION

For the foregoing reasons, the Court finds this motion to be premature and reserves judgment until trial, when the requisite additional information is submitted for consideration. Therefore, at this time, the defendants' motion is denied.

*4 SO ORDERED.

Not Reported in F.Supp.2d, 2003 WL 21998980 (S.D.N.Y.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.