

CT/ New Haven
03-cv-504
Judge Kravitz

06-1421-cv
Lorusso v. Borer

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### Corrected
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of January, two thousand and eight.

PRESENT:

    HON. CHESTER J. STRAUB,
    HON. SONIA SOTOMAYOR,
    HON. RICHARD C. WESLEY,
    *Circuit Judges*,



UNITED STATES COURT OF APPEALS
FILED
JAN 17 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

Sandra Lorusso, and Deborah Evangelista,
    *Plaintiffs-Appellants*,

    v.
                                      No. 06-1421-cv

H. Richard Borer Jr.,
    *Defendant-Appellee*.

**FOR PLAINTIFFS-APPELLANTS:** KAREN LEE TORRE, New Haven, Connecticut.

**FOR DEFENDANT-APPELLEE:** THOMAS E. KATON (Jennifer L. Schancupp, *on the brief*), Susman, Duffy & Segaloff, P.C., New Haven, Connecticut.

Issued as Mandate: 2/6/08

AFTER ARGUMENT and UPON DUE CONSIDERATION of this appeal from an order denying relief from judgment, following a jury trial, of the United States District Court for the District of Connecticut (Mark Kravitz, *Judge*), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Plaintiffs Sandra Lorusso and Deborah Evangelista ("plaintiffs") appeal from the District Court's February 28, 2006 order (Mark Kravitz, *Judge*) denying their motion seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

At the time of plaintiffs' motion, Rule 60(b) provided in relevant part: "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b) (2007).[1] Because this rule "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "[T]he burden of proof is on the party seeking relief from judgment," who "must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391, 392 (2d Cir. 2001) (internal citations

---

[1]Effective December 1, 2007, stylistic changes were made to Rule 60(b) that are not pertinent to this appeal. *See* Fed. R. Civ. P. 60(b).

and quotation marks omitted).  "Denials for relief under Rule 60(b) are reviewed for an abuse of discretion."  *Id.* at 391.

The District Court concluded that plaintiffs failed to meet the final three requisite *Teamsters* factors.  We believe the District Court, in making this determination, acted well within its allowable discretion.  First, the District Court reasonably found that plaintiffs failed to establish that they were "justifiably ignorant" of DeLucca's lies because: (1) plaintiffs "made a deliberate choice," not to depose DeLucca prior to trial; and (2) plaintiffs became aware of DeLucca's lies once he testified, and thus "were in a position to try to counter Mr. DeLucca's testimony during the trial, by cross-examination of Mr. DeLucca and by calling rebuttal witnesses."  *Lorusso v. Borer*, No. 3:03 CV 504, 2006 WL 473729, at *13-14 (D. Conn. Feb. 28, 2006).  As the District Court noted, Rule 60(b) does not exist to provide a remedy for plaintiffs' counsel's tactical decisions, including the decisions not to depose DeLucca and not to ask Lorusso or Evangelista, on rebuttal, about DeLucca's false testimony.  *Id.* at *14; *see Nemaizer*, 793 F.2d at 62 ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.").  This is not to say that failure to depose a witness who later is found to have testified falsely automatically forfeits the ability to bring a Rule 60(b)(2) motion; rather, in the context of this case, the District Court did not err in finding that plaintiffs were not "justifiably ignorant" of DeLucca's lies because plaintiffs had multiple opportunities before and during the trial to both discover those lies and mitigate their effect.

Second, plaintiffs provide no reason to question the District Court's conclusion that the outcome of the trial would not "probably . . . have changed" had DeLucca told the truth at trial. *Teamsters*, 247 F.3d at 392.  Plaintiffs go to great lengths to emphasize just how "material"

3

DeLucca was as a witness, but while his testimony was unquestionably important, he admitted to

lying only about a portion of his testimony, regarding the assistance that he gave plaintiffs prior

to trial. Thus, the "new" evidence shed light only on the extent to which DeLucca wanted to

help plaintiffs win their case – which, as the District Court found, was likely immaterial to the

outcome of the trial because ample testimony already showed that DeLucca was friends with

plaintiffs. Plaintiffs argue that the District Court should have concluded that DeLucca's lies

"cast[] serious doubt on the veracity of DeLucca's entire testimony." However, we find no error

in the District Court's factual determination that the recorded conversations between DeLucca

and Evangelista, and DeLucca and John Pascale, suggest that DeLucca did not lie about anything

more than his pre-trial efforts to assist plaintiffs in their lawsuit. Notably, when Evangelista

pressed DeLucca to admit to lying about other aspects of his testimony, he repeatedly declined to

do so even though he was trying to ingratiate himself with Evangelista and did not know he was

being recorded. Plaintiffs also contend that the District Court should have drawn an adverse

inference about the extent of DeLucca's perjury based on his invoking the Fifth Amendment at

the post-trial Rule 60(b) hearing. In light of the extensive testimony at the hearing, however, and

the lack of any documentary or testimonial evidence suggesting that DeLucca lied about other

aspects of his testimony or that Mayor Borer was aware of DeLucca's lies at trial, it was well

within the District Court's discretion to refuse to draw such an inference.[2]

Finally, we find no error in the District Court's determination that evidence of DeLucca's

---

[2]We do not mean to minimize the import or seriousness of a high-level government employee lying on the witness stand. Like the District Court, we condemn DeLucca's conduct "in the strongest possible terms." *Lorusso*, 2006 WL 473729, at *12. However, as explained above, we cannot conclude that the District Court erred in viewing the lies in context and, based on its view of the entire record of the trial and the Rule 60(b) hearing, finding that the lies would not have had a probable effect on the outcome of the trial.

assistance to plaintiffs prior to trial would have been "at most . . . cumulative" because such evidence "seems likely to have underscored [DeLucca's] neutrality and thus *enhanced* his credibility as a witness against Plaintiffs." *Lorusso*, 2006 WL 473729, at *15 (emphasis added).

Accordingly, we AFFIRM the decision of the District Court.[3]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

By: _____

---

[3]Because we find that the District Court acted within its allowable discretion in denying plaintiffs' Rule 60(b)(2) motion on the merits, we need not decide whether that motion was timely.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK

5